```
              IN THE UNITED STATES DISTRICT COURT
           FOR THE EASTERN DISTRICT OF PENNSYLVANIA

CHEVELLE TINGEN,                  )
                                  ) Civil Action
            Plaintiff             ) No. 02-CV-04663
                                  )
     vs.                          )
                                  )
ROBERT L. ECKLIN, JR.,            )
Individually and doing business   )
as ECKLIN DEVELOPMENT GROUP, and  )
DENNIS SCHOPF,                    )
                                  )
            Defendants            )


                    *   *   *

APPEARANCES:
        NINA B. SHAPIRO, ESQUIRE
            On behalf of Plaintiff

        MELVIN E. NEWCOMER, ESQUIRE
            On behalf of Defendants

                    *   *   *
```

RULE 16 STATUS CONFERENCE ORDER

NOW, this 20th day of March, 2003, after status conference conducted by telephone with the undersigned on this date, pursuant to Rule 16 of the Federal Rules of Civil Procedure, and by agreement of counsel,

IT IS ORDERED that on or before March 25, 2003 defendants shall provide plaintiff with all self-executing disclosures required by Fed.R.Civ.P. 26.

IT IS FURTHER ORDERED that depositions of all parties shall be completed by May 30, 2003.[1]

IT IS FURTHER ORDERED that, in the event the within matter has not settled, counsel for all parties and all unrepresented parties shall appear before Magistrate Judge Arnold C. Rapoport in chambers at a date and time to be set by the Magistrate Judge on or after June 2, 2003.

IT IS FURTHER ORDERED that, except as otherwise provided below, all discovery shall be completed by July 21, 2003.

IT IS FURTHER ORDERED that plaintiff shall be precluded from offering the testimony of expert witnesses at trial unless on or before July 21, 2003 plaintiff provides defense counsel with the name, address, curriculum vitae and a signed, written expert report containing the findings, conclusions and opinions, of each such witness.

IT IS FURTHER ORDERED that defendants shall be precluded from offering the testimony of expert witnesses at trial unless on or before August 21, 2003 defendants provide plaintiff's counsel with the name, address, curriculum vitae and

---

[1] By agreement of counsel depositions of the parties shall be taken on May 6 and 7, 2003 and on such other date or dates on or before May 30, 2003 needed to complete the depositions of the parties.

a signed, written expert report containing the findings, conclusions and opinions, of each such witness.

IT IS FURTHER ORDERED that plaintiff shall submit to an independent medical examination to be conducted by a physician of defendants' selection at defendants' expense at a location within the boundaries of the United States District Court for the Eastern District of Pennsylvania, or such other place as may be agreed upon by the parties, on or before July 21, 2003. Plaintiff's counsel shall have the right to be present during the examination.  Defendants shall be precluded from offering the testimony of the examining physician at trial unless on or before August 21, 2003 defendants provide plaintiff's counsel with the name, address, curriculum vitae and a signed, written report, of the physician, containing a summary of the examination, and the physician's observations, findings, conclusions, diagnosis, prognosis, treatment recommendations and opinions.

IT IS FURTHER ORDERED that all discovery motions, including motions concerning expert witnesses, shall be filed and served prior to the close of discovery.  Any motions filed in violation of this Order may be deemed waived in the absence of good cause shown.

IT IS FURTHER ORDERED that all dispositive motions, including motions for summary judgment, accompanied by a brief, shall be filed and served on or before September 5, 2003.

IT IS FURTHER ORDERED that all motions in limine shall be filed and served on or before September 12, 2003.

IT IS FURTHER ORDERED that all motions (except those relying solely on a Federal Rule of Civil Procedure) shall be accompanied by a brief, not to exceed twenty-five pages without prior leave of court.  There shall be no reply briefs unless requested, or authorized, by the undersigned.  Reply briefs shall not exceed seven pages and must be filed within three business days of the court's request or approval.

IT IS FURTHER ORDERED that any party filing a motion for summary judgment or partial summary judgment shall file and serve, in addition to a brief, a separate short concise statement, in numbered paragraphs, of the material facts about which the moving party contends there is no genuine dispute.  The moving party shall support each such material fact with specific citations to the record, and, where practicable, attach copies of the relevant portions of the record.  Failure to submit such a statement may constitute grounds for denial of the motion.

IT IS FURTHER ORDERED that any party opposing a motion for summary judgment or partial summary judgment shall file and serve, in addition to a brief, a separate short concise statement, responding in numbered paragraphs to the moving party's statement of the material facts about which the opposing party contends there is a genuine dispute, with specific

citations to the record, and, where practicable, attach copies of the relevant portions of the record.  All factual assertions set forth in the moving party's statement shall be deemed admitted unless specifically denied by the opposing party in the manner set forth in this paragraph.

      IT IS FURTHER ORDERED that a jury trial of the within case shall commence before the undersigned on Monday, October 20, 2003, at 9:30 o'clock a.m. in Courtroom B, Edward N. Cahn United States Courthouse, 504 West Hamilton Street, Allentown, Pennsylvania, or as soon thereafter as the schedule of the court permits, following jury selection at the United States Courthouse, 601 Market Street, Philadelphia, Pennsylvania.  This Order shall serve as a formal attachment for trial.

                            BY THE COURT:

                            _____
                            James Knoll Gardner
                            United States District Judge