IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CHEVELLE TINGEN, | : | |
| Plaintiff | : | |
| | : | CIVIL ACTION No. 02-4663 |
| vs. | : | |
| | : | |
| ROBERT L. ECKLIN, JR., Individually and | : | |
| doing business as ECKLIN GROUP and | : | |
| DENNIS SCHOPF, | : | |
| Defendants | : | |

## MOTION TO QUASH SUBPOENA

Defendants hereby file this Motion to Quash the Subpoena allegedly served upon Ruth Ecklin in the above-captioned matter and in support thereof, provide as follows:

1. On Friday evening, July 18, 2003, an envelope presumably containing a Subpoena for Deposition was served on Defendant Robert Ecklin. This Subpoena presumably identifies Ruth Ecklin as an individual to be deposed in the above captioned matter and sets as the date for deposition as Monday, July 21, 2003 at 2:30 p.m.. (See Exhibit A).

2. Proper service is required on Ruth Ecklin because she is not a party to the litigation.

3. The Subpoena requiring the attendance of Ruth Ecklin at deposition one business day after service is deficient for a number of reasons.

4. First, the Subpoena was not "personally served." Personal service of a subpoena is required. *See Whitmer v. Lavida Charter, Inc.*, 1991 WL 256885 (E.D. Pa. 1991) (copy attached); *see also* WRIGHT & MILLER, *Federal Practice and Procedure*, § 2454 (2002).

5. Second, the Subpoena was not accompanied by the witness fee required for a non-party witness. *See* 28 U.S.C.A. § 1821. Failure to tender the appropriate sums at the time of

1

service of the Subpoena invalidates the Subpoena.  *See* WRIGHT & MILLER, *Federal Practice and Procedure,* § 2454 (2002).

    6. Third, and most importantly, the Subpoena fails to comply with Federal Rule of Civil Procedure 45.  Specifically, the Subpoena fails to allow "reasonable time for compliance."  A Subpoena served on the evening of Friday, July 18, 2003, purporting to require attendance of a non-party witness at 2:30 p.m. on the next business day is not "reasonable" time.  Therefore, pursuant to Federal Rule of Civil Procedure 45(c)(3)(A)(i) the Subpoena should be quashed.

    7. Given that July 21, 2003 was the deadline for discovery in this matter, Defendants request that this Court quash the Subpoena as improperly served in this matter.

    8. Defendants were previously served with a Notice of Deposition for Ruth Ecklin, scheduling her deposition for July 18, 2003. (See Exhibit B).  Counsel for Defendants attended this deposition only to learn that Ruth Ecklin, a non-party witness, had not been served with a copy of the Notice of Deposition or with a subpoena requiring her attendance.  Pursuant to Federal Rule of Civil Procedure 30(g)(2), Defendants request that this Court order Plaintiff to pay the reasonable expenses incurred by Defendants in attending the scheduled deposition.

Dated: July __, 2003       STEVENS & LEE

               By_____
                Gary D. Melchionni
                Joseph D. Shelby
                25 North Queen Street
                Suite 602
                Lancaster, PA 17603
                (717) 291-1031

               Attorneys for Defendants

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CHEVELLE TINGEN, : | |
|       Plaintiff : | |
| : | CIVIL ACTION No. 02-4663 |
| vs. : | |
| : | |
| ROBERT L. ECKLIN, JR., Individually and : | |
| doing business as ECKLIN GROUP and : | |
| DENNIS SCHOPF, : | |
|       Defendants : | |

## **ORDER**

AND NOW, this _____ day of _____, 2003, Defendants' Motion to Quash Subpoena of Ruth Ecklin is hereby granted. Further, Plaintiff is ordered to pay the reasonable expenses incurred by Defendants in attending the July 18, 2003 scheduled deposition. Such reasonable expenses to be presented to counsel for Plaintiff by counsel for Defendants within 15 days of the date of this Order.

                                                          _____
                                                          James Knoll Gardner
                                                          United States District Judge

## CERTIFICATE OF SERVICE

      I, JOSEPH D. SHELBY, ESQUIRE, certify that on this date, I served a true and correct copy of the foregoing Defendants' Motion to Quash Subpoena upon the following counsel of record, by hand delivery at the following address:

>Nina B. Shapiro, Esquire
>53 N. Duke Street, Suite 201
>Lancaster, PA  17602

                          Joseph D. Shelby

Date:  July __, 2003

Case 2:02-cv-04663-JKG    Document 16    Filed 07/25/2003    Page 5 of 5