IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CHEVELLE TINGEN, : | |
|      Plaintiff : | |
| : | CIVIL ACTION No. 02-4663 |
| vs. : | |
| : | |
| ROBERT L. ECKLIN, JR., : | |
| Individually and doing business as : | |
| ECKLIN DEVELOPMENT GROUP and : | |
| DENNIS SCHOPF, : | |
|      Defendants : | |

**DEFENDANTS' BRIEF IN OPPOSITION TO
PLAINTIFF'S PETITION FOR SANCTIONS**

Defendants, Robert L. Ecklin, Jr., Ecklin Development Group and Dennis Schopf ("Defendants") hereby respond to Plaintiff's Petition for Sanctions concerning a discovery dispute currently pending before Magistrate Judge Rapoport. Plaintiff presents the same bald claims here as she did in her first Petition for Sanctions, dated August 11, 2003, to Judge Rapoport. On August 12th, Judge Rapoport's chambers contacted defense counsel to set up a phone conference to address this discovery dispute. Counsel was informed that Judge Rapoport would be leaving at noon on August 13th for a long scheduled vacation to California. A call was set up for the morning of August 13th. In the meantime, Defendants responded to Plaintiff's first Petition by letter, dated August 12, 2003, which was faxed to Judge Rapoport's chambers that same afternoon. When defense counsel called Judge Rapoport's chambers on the morning of August 13th at 10:00 a.m., they were informed that Judge Rapoport would not be able to conduct the telephone conference, that the Judge had received the letter response the previous day, and that the Judge would either forward the dispute to Judge Gardner or address the issue upon his return from vacation. He was to return on September 2, 2003.

Furthermore, this Court has previously issued a standing Order, dated January 2, 2003, that all discovery disputes are to be decided by Judge Rapoport. Despite Plaintiff's attempt

1

to make an "end run" around the standing Order and the fact that the dispute is still pending before Judge Rapoport, Defendants hereby respond to the claims set forth in Plaintiff's Petition for Sanctions addressed to this Court.

Plaintiff's "Petition for Sanctions" asks this Court to: (1) prohibit Defendants from arguing that they are not covered employers under Title VII of the Civil Rights Act of 1964, as amended, because they do not employ 15 or more persons (see Proposed Order, paragraph 2); (2) order Defendants to produce "unredacted" financial disclosures and federal tax records filed with the Internal Revenue Service for Ecklin Development and Ecklin Group (see Proposed Order, paragraph 1); and (3) have Defendants pay $1,000 in attorneys' fees and costs. The Petition for Sanctions should be rejected by this Court for the following reasons.

After Plaintiff filed a "Certificate of Counsel" requesting certain documents which were not produced in discovery, the Court ordered, on August 5, 2003, that Defendants produce the financial records of the Ecklin Group and the Greist Building within three days. On the date required by the Order (i.e., August 8, 2003), the financial records of the Ecklin Group and the Greist Building were produced to Plaintiff. Since the Ecklin Group is a sole proprietorship, and the Greist Building is owned by Robert and Ruth Ecklin and operated by the Ecklin Group, Schedule E of Robert L. Ecklin, Jr.'s personal tax returns were produced. That Schedule E lists the properties owned by the Ecklin Group, and/or Robert L. Ecklin, Jr. Included in these properties is the Greist Building. See Exhibit B to Plaintiff's Petition for Sanctions. The Schedule E that was produced to Plaintiff had the financial numbers redacted. All of the information on the Schedule E, except for the numbers which show the depreciation and net worth figures, for the properties was provided. The reason for the redaction is that the only purpose of the numbers is to determine the net worth of Defendants for punitive damages purposes. Information related to punitive damages at this stage of the litigation is premature.

2

In this case, Plaintiff has made a claim for punitive damages. Punitive damages can be awarded under certain circumstances in employment discrimination cases, but only where the conduct is sufficiently egregious. *See Jackson and Coker, Inc. v. Lynam*, 840 F. Supp. 1040, 1051 (E.D. Pa. 1993).

While evidence of Defendant Ecklin Group's net worth may be relevant to Plaintiff's punitive damages claim, *see Jackson and Coker, Inc. v. Lynam*, *supra*, (*quoting Martin v. Johns-Manville Corp.*, 494 A.2d 1088, 1096 (Pa. 1985)), *aff'd without opinion*, 31 F.3d 1172 (3d Cir. 1994), such evidence is neither relevant nor material to Plaintiff's burdens of proof of the discrimination claims generally, and such evidence is inadmissible before the Court has determined the legal sufficiency of Plaintiff's punitive damages claim. *See Williams v. Betz Laboratories, Inc.*, 1996 U.S. Dist. LEXIS 3045, *8-10 (E.D. Pa. 1996); *accord Rosen v. Tabby*, 1996 U.S. Dist. LEXIS 16242, *3 (E.D. Pa. Oct. 30, 1996).

Because evidence of Defendants' size and worth is irrelevant and immaterial to Plaintiff's discrimination claims, such evidence should not be considered in this matter before the Court has determined the legal sufficiency of Plaintiff's claim for punitive damages. *See* Fed. R. Evid. 401, 402.

Another reason that disclosure of financial worth is premature at this stage in the case is that Defendants, concurrently with this Brief, have filed a motion for summary judgment on the Title VII coverage issue. Plaintiff has been aware of Defendants' intent to file said motion for months.[1] The only claim against Defendants which can have an award of punitive damages is the Title VII cause of action. If the Title VII cause of action is dismissed from the case, the financial worth is not relevant inasmuch as punitive damages are not available. Finally, even

---

[1] Hence, Plaintiff's request that Defendants be prohibited from arguing that they are not covered employers under Title VII. This issue is not at all related to the redaction of financial information of properties owned by Robert and Ruth Ecklin.

3

after the summary judgment is decided, it would be premature to order revelation of financial worth.  It is not until the Plaintiff establishes that punitive damages are at issue in the case (i.e., at the earliest at the time of pretrial memorandum submission and at the latest, after her case in chief) should the financial information be revealed.  *See Van Horn v. Elbeco Incorporated, et al*, 1995 U.S. Dist. LEXIS 17389, at *8 (E.D. Pa. 1995) ("In light of the public policy disfavoring discovery of tax returns and the minimal relevance of such information to the issue in this action, plaintiff's request for defendant's tax returns will be denied at this juncture, subject to reconsideration if it is later established that punitive damages are at issue in this case and plaintiff cannot otherwise demonstrate defendant's financial condition.").

Mr. Ecklin's wealth and/or the wealth of businesses other than Ecklin Development Group are not relevant to this matter.  First, the personal wealth of individual Defendant Ecklin is in no way relevant to Plaintiff's claims.  Case law supports the non-disclosure of this information, especially at this stage of the litigation.  First of all, public policy favors the non-disclosure of income tax returns.  *Sheri  v. AstraZeneca, L.P.*, 2001 U.S. Dist. LEXIS 6453, at *5 (E.D. Pa. 2001) (citations omitted).  As provided by the Eastern District in *Sherif*:

> An individual's privacy interest in his tax returns must be balanced with a number of factors, including the opposing party's need for the information, its materiality, and its relevance.  Whether tax returns are discoverable is determined by a two-part balancing test: (1) the returns must be relevant to the subject matter of the action; and (2) there must be a compelling need for the returns because the information contained therein is not otherwise readily obtainable. The burden of establishing relevance is on the party seeking discovery; the party resisting disclosure bears the burden of establishing alternative sources for the information.

*Id.* at *5-6.  While Mr. Ecklin may be a Party, he cannot be a Party to the Title VII action, as there is no individual liability under Title VII.  *Sheridan v. E.I. DuPont, DeNemours and*

4

*Company*, 100 F.3d, 1061 (ed. Cir. 1996). Therefore, he cannot be a Party to the action which may entitle the Plaintiff to punitive damages.

Furthermore, Plaintiff's Petition for Sanctions misleads this court in numerous ways. First, the Petition cites the deposition transcript of Robert Ecklin. On page 2 of the Petition, Plaintiff claims that "properties located in Quarryville . . . are admittedly owned by Defendant Robert L. Ecklin, Jr." She then complains that the financial information for those properties in Quarryville was not provided. The very deposition pages attached to Plaintiff's Petition for Sanctions, and highlighted, provide that the real estate is owned by "a partnership called Stoner Estates." The deposition further provides that the partnership is Robert L. Ecklin, his father and his mother. The properties are not owned by Defendant Robert Ecklin. Furthermore, this Court's order of August 5, 2003, provides that the financial information of the Ecklin Group and the Greist Building be turned over to Plaintiff's counsel. Clearly, the Quarryville properties are not owned by the Ecklin Group or the Greist Building.

Furthermore, Plaintiff complains that the separate tax filings for Defendant Ecklin Development, LLC were not produced. If she had bothered to read Defendant's August 12, 2003 response to her letter to Judge Rapoport, she would have realized that Ecklin Development, LLC did not file a federal tax return in 1999 or 2000.

In summary, Defendants in good faith have provided the financial disclosures for the Ecklin Group and the Greist Building, as required by Judge Rapoport's order. The financial information was redacted because, at this stage of the litigation, it is premature. Accordingly, Defendants respectfully request that Plaintiff's Petition for Sanctions be denied in its entirety or,

in the alternative, that it be referred to Judge Rapoport for disposition pursuant to this Court's standing Order.

                                    STEVENS & LEE

Dated: September _____, 2003      By: _____
                                            Gary D. Melchionni
                                            Joseph D. Shelby
                                            25 N. Queen Street
                                            Suite 602
                                            Lancaster, PA  17603
                                            (717) 291-1031

                                            Attorneys for Defendants Robert L. Ecklin, Jr.,
                                            Ecklin Development Group and Dennis Schopf

## **CERTIFICATE OF SERVICE**

      I, JOSEPH D. SHELBY, ESQUIRE, certify that on this date, I served a true and correct copy of the foregoing Defendants' Brief In Opposition to Plaintiff's Petition for Sanctions upon the Plaintiff's attorney, via hand delivery at the following address:

>Nina B. Shapiro, Esquire
>53 North Duke Street
>Suite 201
>Lancaster, PA  17602

                                                   Joseph D. Shelby

Dated: September _____, 2003

Case 2:02-cv-04663-JKG    Document 22    Filed 09/04/2003    Page 8 of 8