IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CHEVELLE TINGEN,<br>　　　　　　Plaintiff<br><br>　　vs.<br><br>ROBERT L. ECKLIN, JR., Individually and<br>doing business as ECKLIN DEVELOPMENT<br>GROUP and DENNIS SCHOPF,<br>　　　　　　Defendants | :<br>:<br>:　CIVIL ACTION No. 02-4663<br>:<br>:<br>:<br>:<br>:<br>:<br>: |

## STATEMENT OF MATERIAL FACTS

Defendants, Robert L. Ecklin, Jr. ("Ecklin") and Dennis Schopf ("Schopf"), and Ecklin Group (collectively, "Defendants"), by and through their attorneys, hereby submit, pursuant to this Court's March 20, 2003 Order, this Statement of Material Facts in Support of their Motion for Summary Judgment in the above-captioned matter.

1. Defendant Robert L. Ecklin, Jr. is the sole owner of the Ecklin Group and has been since its inception. (Answer, ¶ 9; Declaration of Robert L. Ecklin, Jr. ("Ecklin Decl."), ¶ 1).

2. The Ecklin Group is a fictitious name registered with the Pennsylvania Department of State Corporation Bureau. (Ecklin Decl., ¶ 2).

3. Ecklin Group is also referred to interchangeably as Ecklin Development. Ecklin Development, LLC is a domestic limited liability company. For all practical purposes, Ecklin Development and Ecklin Group are the same. (Ecklin Decl., ¶ 3).

4. Plaintiff lists Ecklin Development Group in the caption of her Complaint. No such entity exists.

5. Ecklin Group owns and operates real estate in downtown Lancaster, Pennsylvania. One of the properties that it operates is The Griest Building, located at 8 North Queen Street, Lancaster, Pennsylvania 17603. Robert Ecklin, with his wife Ruth Ecklin, are the owners of The Griest Building, acquiring the property in 1995. (Ecklin Decl., ¶ 6).

1

6. After Ruth and Rob Ecklin purchased The Griest Building, Ecklin Group began managing and maintaining The Griest Building. (Ecklin Decl., ¶ 6).

7. When the Ecklin Group began operating and maintaining The Griest Building in 1995, Plaintiff Chevelle Tingen was already employed there as a cleaning person. (Complaint ¶ 13; Answer ¶ 13).

8. Defendant Dennis Schopf is the maintenance supervisor at The Griest Building and is employed by the Ecklin Group. Schopf was employed in the same capacity by the prior owner when the Ecklin Group took over operation and maintenance of the building. (Complaint ¶ 15; Answer ¶ 15).

9. Plaintiff and Defendant Schopf became employed by the Ecklin Group and were hired to continue in their respective capacities at The Griest Building. (Complaint ¶ 15-16; Answer ¶ 15-16).

10. Prior to and during the course of Plaintiff's employment with the Ecklin Group, Tingen and Schopf carried on a social and sexual relationship outside of employment. (Schopf Dep. at 93-94; Velez Dep. at 18; Tingen Dep. at 164-165, 212).

11. Schopf never demanded that Plaintiff engage in any sexual relationship as a condition of employment. (Schopf Dep. at 94).

12. In or around early 2000, Tingen and Schopf's relationship became strained and continued to deteriorate through July 2000. (Schopf Dep. at 127).

13. On July 19, 2000, Plaintiff resigned from her employment with the Ecklin Group. In her letter of resignation, for the first time, Tingen claimed sexual harassment as a cause of her resignation. (Ecklin Dep. at 67 and Exhibit E-7). This is the first time that Defendant Ecklin, or any member of management of the Ecklin Group, became aware of the complaint of sexual harassment. (Ecklin Dep. at 114; Tingen Dep. at 120-121).

2

14. At no time during their relationship did either Schopf or Tingen indicate to Robert Ecklin, or to management at the Ecklin Group, that they were involved in a sexual relationship. (Ecklin Dep. at 85; Tingen Dep. at 109-110; Schopf Dep. at 93).

15. At no time did Plaintiff speak with Defendant Ecklin about any alleged problems involving Defendant Schopf. (Ecklin Dep. at 79; Tingen Dep. at 108).

16. The sexual activity between Defendant Schopf and Plaintiff Tingen was consensual and part of an ongoing relationship that the parties had for a number of years. (Schopf Dep. at 84; Velez Dep. at 13).

17. Defendant Ecklin was not aware of the relationship between Defendant Schopf and Plaintiff. (Ecklin Dep. at 114; Tingen Dep. at 108; Schopf Dep. at 106).

18. In year 2000, Ecklin Group employed 6 individuals. Those individuals were Elias Nieves, Dennis Schopf, Chevelle Tingen, Zulma Cora, Mark McCardell and Charlene Kulesa. (Ecklin Decl. ¶ 4; Appendix to Brief in Support of Defendants' Motion for Summary Judgment ("Appendix"), Ex. H.

19. In the year 1999, Ecklin Group employed those same individuals and no one else. (Ecklin Decl., ¶ 5).

20. Stoner Inc. is a Pennsylvania corporation of which Rob Ecklin is the sole shareholder. Stoner Inc. is a manufacturing company located at 1070 Robert Fulton Highway, Quarryville, Pennsylvania 17566. (Ecklin Decl., ¶ 7; Ecklin Dep. at 14).

21. Stoner Inc. manufactures lubricants for industrial uses and sells its products nationally. (Ecklin Decl., ¶ 8; Ecklin Dep. at 14-15).

22. Stoner Inc. employs approximately 45 to 50 individuals. None of the employees of the Ecklin Group have any responsibility, duties, or connection to Stoner Inc. (Ecklin Decl., ¶ 9; Ecklin Dep. at 14).

SL1 375820v1/40509.001

23. Ecklin Group has its own benefits plans for its employees. The plans are separate and distinct from the benefits plans at Stoner Inc. (Ecklin Decl., ¶ 10; Appendix, Ex. G).

24. Rob Ecklin is a partner in a partnership called Stoner Estates. He is partners with his parents, Robert L. Ecklin and Loretta S. Ecklin. (Ecklin Decl., ¶ 11; Ecklin Dep. at 61).

25. Stoner Estates owns three properties in Quarryville, all commercial. One of the properties that is owned by Stoner Estates is where Stoner Inc. manufacturing facilities are located. (Ecklin Decl., ¶ 12; Ecklin Dep. at 61-62).

26. The other two properties are also located in Quarryville, at 215 East State Street and 209 East State Street, Quarryville, Pennsylvania 17566. (Ecklin Decl., ¶ 13; Ecklin Dep. at 62).

27. There are no employees of Stoner Estates. The employees of Ecklin Group provide the maintenance for the properties owned by Stoner Estates. This is consistent with the Ecklin Group's purpose (i.e., operation of buildings). (Ecklin Decl., ¶ 14; Ecklin Dep. at 62).

28. Details is a retail store located at 30 North Queen Street, Lancaster, Pennsylvania 17603. It is a proprietorship owned by Ruth Ecklin, the wife of Rob Ecklin. (Ecklin Decl., ¶ 15).

29. Pappagallo is a women's clothing retail store owned by Ruth Ecklin, located at 28 West Orange Street, Lancaster, Pennsylvania 17603. It is a proprietorship. (Ecklin Decl., ¶ 16).

30. The notes of Ecklin's investigation regarding Chevelle Tingen's allegations, marked as Exhibit E-10 in his Deposition, are not on the "letterhead" of the Ecklin Group as claimed by Plaintiff. In or about 1998, Rob Ecklin thought that he could use a letterhead to communicate all of the entities in which he was an investor. The paper was printed but was

4

never used.  In fact, it has the incorrect telephone number printed on it.  Since then, and including the year 2000, this old stationary is used as scrap paper, for example, to make notes of his investigation of Plaintiff's sex harassment complaint in her letter of resignation.  (Ecklin Decl., ¶ 17 and Ecklin Dep., Exhibit E-10).

   31. Stoner Decorating Center is a proprietorship located in Quarryville, Pennsylvania.  It was owned by Stoner, Inc. until 2002.  (Ecklin Decl., ¶ 18).

   32. Ecklin and Ecklin Investments is a general partnership owned by Rob Ecklin and his father.  It owns three properties in downtown Lancaster, Pennsylvania.  It has no employees.  (Ecklin Decl., ¶ 19)

   33. Courser is a small manufacturing company in New York.  It is a C corporation and Rob Ecklin is a minority investor.  (Ecklin Decl., ¶ 20).

   34. Edward M. Sager is a certified public accountant with the CPA firm of Sager, Swisher & Company, LLP.  (Sager Decl., ¶ 1)

   35. Sager, Swisher & Company, LLP is the accountant for Ecklin Group.  (Ecklin Dep. at 29; Sager Decl., ¶ 2; Kulesa Dep. at 1).

   36. Sager, Swisher & Company is also the accountant for Pappagallo, Details, Stoner, Inc. and Stoner Estates.  (Sager Decl., ¶ 3).

   37. Sager, Swisher & Company does the payroll for all the above-mentioned entities.  (Sager Decl., ¶ 5).

38.  Ecklin Group's finances and payroll are independent of Stoner, Inc., Stoner Estates, Pappagallo and Details.  (Sager Decl., ¶ 4).

                              STEVENS & LEE

Dated:  September 3, 2003        By: _____
                                                Gary D. Melchionni
                                                Joseph D. Shelby
                                                25 N. Queen Street
                                                Suite 602
                                                Lancaster, PA  17603
                                                (717) 291-1031

                                                Attorneys for Defendants Robert L. Ecklin, Jr.,
                                                Ecklin Development Group and Dennis Schopf

## CERTIFICATE OF SERVICE

       I, JOSEPH D. SHELBY, ESQUIRE, certify that on this date, I served a true and correct copy of the foregoing STATEMENT OF MATERIAL FACTS upon the Plaintiff's attorney, via hand delivery at the following address:

> Nina B. Shapiro, Esquire
> 53 North Duke Street
> Suite 201
> Lancaster, PA  17602

                                                       Joseph D. Shelby

Dated:  September 3, 2003