**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| CHEVELLE TINGEN, | : | |
| Plaintiff | : | |
| | : | CIVIL ACTION No. 02-4663 |
| vs. | : | |
| | : | |
| ROBERT L. ECKLIN, JR., Individually and | : | |
| doing business as ECKLIN DEVELOPMENT | : | |
| GROUP and DENNIS SCHOPF, | : | |
| Defendants | : | |

**BRIEF IN SUPPORT OF
DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

STEVENS & LEE

Gary D. Melchionni
Joseph D. Shelby
25 N. Queen Street
Suite 602
Lancaster, PA  17603
Dated:  September 3, 2003            (717) 291-1031

# TABLE OF CONTENTS

**Page**

PROCEDURAL HISTORY ................................................................................... 1

FACTS ............................................................................................................... 2

STATEMENT OF QUESTIONS PRESENTED ...................................................... 2

ARGUMENT ..................................................................................................... 3

    *I.    (Count I)  Defendants Ecklin, Ecklin Group and Schopf Are Not Subject To Title VII Because They Are Not Covered "Employers" As That Term Is Defined By Statute and Case Law.* ................................................................... 4

    *II.    (Count I)  If the Title VII Cause of Action Is Permitted to Remain in the Case, Individual Defendants Ecklin and Schopf Should Be Dismissed As Parties, Because There Is No Individual Liability Under Title VII.* ................... 7

    *III.    (Count II)  Individual Defendants Ecklin and Schopf Should Be Dismissed From Count II of the Complaint, i.e., Violation of the Pennsylvania Human Relations Act, Because They Do Not Meet the Aid and Abet Provision of That Statute.* ............................................................... 8

    *IV.    (Count III)  The Negligent and/or Intentional Inflection of Emotional Distress Claim Should be Dismissed Because it is Barred by the Pennsylvania Workers' Compensation Act.* ..................................................... 10

    *V.    (Count IV)  The Negligent Retention and/or Negligent Failure to Supervise Claim Should be Dismissed Because it is Barred by the Pennsylvania Human Relations Act and the Pennsylvania Workers' Compensation Act.* ................................................................................... 11

    *VI.    (Counts II-V)  If the Court Grants Summary Judgment on the Title VII Claim, i.e., the Lone Federal Question Presented by Plaintiff, the Court Should Dismiss the Remaining Claims, Because It Lacks Jurisdiction to Hear the Remaining State Law Claims.* ..................................................... 15

CONCLUSION ................................................................................................. 16

SL1 369121v1/40509.001

# TABLE OF AUTHORITIES

## CASES

*Anderson v. Liberty Lobby, Inc.,*
    477 U.S. 242 (1986) ................................................................................................. 3, 4

*Armbruster v. Unisys Corp.*,
    32 F.3d 768 (3d Cir. 1994) ...................................................................................... 4

*Barbara v. Pittsburgh Corning Corp.*,
    555 A.2d 766 (Pa. 1989) .......................................................................................... 9

*Brooks v. Mendoza & Denny's, Inc.,*
    2002 U.S. Dist. LEXIS 4991 (E.D. Pa. 2002) ......................................................... 13

*Celotex Corp. v. Catrett,*
    477 U.S. 317 (1986) ................................................................................................. 3

*Danas v. Chapman Ford Sales, Inc.*,
    120 F. Supp. 2d 478 (E.D. Pa. 2000) ....................................................................... 13

*Fawcett v. IDS Financial Services, Inc.*,
    1986 U.S. Dist. LEXIS 30776 (W.D. Pa. 1986) ....................................................... 10

*Gyda v. Temple University*,
    2000 U.S. Dist. LEXIS 7099 (E.D. Pa. 2000) .......................................................... 10

*Hettler v. Zany Brainy, Inc.,*
    2000 U.S. Dist. LEXIS 14537 (E.D. Pa. 2000) ........................................................ 13

*Imboden v. Chowns Communs.,*
    182 F. Supp. 2d 453 (E.D. Pa. 2002) ....................................................................... 13

*James v. International Business Machines Corp.,*
    737 F. Supp. 1420 (E.D. Pa. 1990) ......................................................................... 10

*Kline v. Arden H. Verner Co.,*
    469 A.2d 158 (Pa. 1983) .......................................................................................... 9

*Kuney v. PMA Ins. Co.,*
    525 Pa. 171, 578 A.2d 1285 (Pa. 1990) ................................................................... 11, 12

*Lattanzi v. Security National Bank*, 825 F.Supp. 86 (E.D. Pa. 1993) ................................. 6

*LeFlar v. Golf Creek Industrial Park No. 2,*
    515 A.2d 875 (Pa. 1986) .......................................................................................... 9

*Matczak v. Frankford Candy & Chocolate Co.,*
    136 F.3d 933 (3d Cir. 1997) ....................................................................... 13

*Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,*
    475 U.S. 574 (1986) ................................................................................... 3

*McGrenaghan v. St. Denis Sch.,*
    979 F. Supp. 323 (E.D. Pa. 1997) .............................................................. 13

*Ogden v. Keystone Residents,*
    226 F. Supp. 2d 588 (M.D. Pa. 2002) ....................................................... 14

*Papa v. Franklin Mint Corp.,*
    583 A.2d 826-27 (Pa. Super. 1990)............................................................. 9

*Parasco v. Pacific Indemnity Co.,*
    920 F. Supp. 647 (E.D. Pa. 1996) .............................................................. 4

*Dici v. Commonwealth of Pennsylvania,*
    91 F.3d 542 (3d Cir. 1996) ..................................................................... 7, 8

*Rodgers v. Prudential Insurance Co. of America,*
    803 F. Supp. 1024 (M.D. Pa. 1992), *aff'd.,* 990 F.2d 1004 (3d Cir. 1993) .................. 9

*Ruby v. Federal Express,* 7 IER 1268, 1271 (E.D. Pa. 1992) ........................................... 14

*Saidu Kamara v. Parkway Corp.,*
    155 F. Supp. 2d 436 (E.D. Pa. 2001) ......................................................... 8

*Shaffer v. Proctor & Gamble,*
    604 A.2d 289 (Pa. Super. 1992), *cert. denied,* 616 A.2d 986 (Pa. 1992)...................... 9

*Shepherdson v. Local Union No. 401 of International Association of*
    *Bridge Structural and Ornamental Iron Workers,*
    823 F. Supp. 1245 (E.D. Pa. 1993) .................................................... 4, 5, 6

*Sheridan v. E.I. DuPont DeNemours and Company,*
    100 F.3d 1061 (3d Cir. 1996)............................................................... 6, 7

*Sherif v. Astrazeneca, L.P.,*
    2001 U.S. Dist. LEXIS 4255 (E.D. Pa. 2001)............................................. 13

*Socha v. Metz,*
    385 Pa. 632, 123 A.2d 837 (Pa. 1956) ..................................................... 11

*Swartz v. Conradis,*

298 Pa. 343, 148 A.2d 529 ............................................................................................... 11

*T.I. Construction Co., Inc. v. Kiewit E. Co.,*
    No. 91-2638, 1992 U.S. Dist. LEXIS 19213 (E.D. Pa. Dec. 10, 1992) ....................... 4

## STATUTES AND RULES

43 Pa. Cons. Stat. § 954(b) & (c) ..................................................................................... 7

43 Pa. Cons. Stat. § 955(e) ................................................................................................ 7

43 P.S. § 962(b) ............................................................................................................... 10

77 P.S. § 481  ....................................................................................................... 9, 11, 12

Fed. R. Civ. P. 12(b)(1) ..................................................................................................... 5

Fed. R. Civ. P. 56(c) .......................................................................................................... 3

Federal Question Jurisdiction [28 U.S.C. § 1331] ........................................................... 14

Pennsylvania Human Relations Act ("PHRA"), 43 Pa. Cons. Stat. Ann. § 951
    *et seq* ............................................................................................................................ 1

Section 701(b) of Title VII, 42 U.S.C. 2000e(b) ......................................................... 1, 4

SL1 369121v1/40509.001

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| CHEVELLE TINGEN, | : | |
| Plaintiff | : | |
| | : | CIVIL ACTION No. 02-4663 |
| vs. | : | |
| | : | |
| ROBERT L. ECKLIN, JR., Individually and | : | |
| doing business as ECKLIN DEVELOPMENT | : | |
| GROUP and DENNIS SCHOPF, | : | |
| Defendants | : | |

**BRIEF IN SUPPORT OF
DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

Defendants, Robert L. Ecklin, Jr. ("Ecklin"), Ecklin Development Group ("Ecklin Group")[1] and Dennis Schopf ("Schopf"), by their attorneys, files the following Brief in Support of its concurrently filed Motion for Summary Judgment to certain counts contained in the Complaint of Plaintiff Chevelle Tingen ("Tingen").

### *PROCEDURAL HISTORY*

Tingen, a former employee of Ecklin Group who voluntarily resigned her employment on July 19, 2000, filed a five count federal court Complaint against Ecklin, Ecklin Development Group and Schopf on or about July 12, 2002. Count I of the Complaint alleges that Tingen was sexually harassed during the course of her employment with the Ecklin Group in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e. Count I names Ecklin, Ecklin Group and Schopf as Defendants. Although it is not clear from the Complaint, Tingen apparently is alleging *quid pro quo* sexual harassment under Title VII. In Count II of the Complaint, Tingen alleges that she was sexually harassed in violation of the

---

[1]    Ecklin Development Group does not exist. Ecklin Group is a sole proprietorship owned by Robert Ecklin. Ecklin Development, LLC is a Pennsylvania limited liability company. Ecklin Group and Ecklin Development, LLC are used interchangeably. (See Declaration of Robert Ecklin ("Ecklin Decl."), ¶¶ 1-3 and Deposition Transcript of Robert Ecklin ("Ecklin Dep.") at 10, 62.)

1

Pennsylvania Human Relations Act ("PHRA"), 43 Pa. Cons. Stat. Ann. § 951 *et seq*.  Once

again, Count II includes Ecklin, Ecklin Development Group and Schopf as Defendants.  Tingen

also includes in her Complaint a Count for negligent and/or intentional infliction of emotional

distress (Count III).  Once again, she names Ecklin, Ecklin Development Group and Schopf as

Defendants.  In Count IV of her Complaint, Tingen raises a cause of action for negligent

retention and/or negligent failure to supervise against Ecklin and Ecklin Development Group.

Finally, in Count V of the Complaint, Tingen raises a claim of assault and battery against

Defendant Schopf.

Defendants filed their Answer on November 12, 2002.  The parties have engaged

in discovery, including document requests, interrogatories and the depositions of numerous

individuals, including all parties.

## *FACTS*

In accordance with this Court's March 20, 2003 Order, Defendants are filing

contemporaneously herewith a separate Statement of Material Facts, which they incorporate

herein by reference.

## *STATEMENT OF QUESTIONS PRESENTED*

1.  *(Count I)  Whether all three Defendants are entitled to Summary Judgment on Plaintiff's Title VII claims, based upon the fact that none of the Defendants are covered employers?*

**Suggested Answer:  Yes.**

2.  *(Count I)  Alternatively, if the Title VII cause of action is permitted to remain in the case, whether individual Defendants Ecklin and Schopf should be dismissed as Parties.*

**Suggested Answer:  Yes to both.**

3.  *(Count II)  Whether individual Defendant Ecklin should be dismissed from Count II of the Complaint, i.e., violation of the Pennsylvania Human Relations Act.*

**Suggested Answer:  Yes.**

2

4. *(Count II)  Whether individual Defendant Schopf should be dismissed as a Defendant in Count II of the Complaint, i.e., violation of the Pennsylvania Human Relations Act.*

**Suggested Answer:  Yes.**

5. *(Count III)  Whether the negligent and intentional infliction of emotional distress claim should be dismissed because it is barred by the Pennsylvania Workers' Compensation Act.*

**Suggested Answer:  Yes.**

6. *(Count IV)  Whether the negligent retention and negligent failure to supervise claim should be dismissed because it is barred by the PHRA and the Pennsylvania Workers' Compensation Act.*

**Suggested Answer:  Yes.**

7. *(Counts II-V)  Whether, given the dismissal of the lone federal question presented by Plaintiff (i.e., Title VII cause of action), this Court lacks jurisdiction to hear the remaining state law  claims.*

**Suggested Answer:  Yes.**

## *ARGUMENT*

Federal Rule of Civil Procedure 56(c) requires the entry of summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c).  An issue of fact is "genuine" if the evidence is such that a reasonable jury could return a verdict for the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986).  A fact is "material" if it might affect the outcome of the suit under relevant substantive law.  *Anderson*, 477 U.S. at 256.  Where a non-movant will bear the burden of proof at trial, the party moving for summary judgment may meet its burden by showing that the evidentiary materials of record, if reduced to admissible evidence, would be insufficient to carry the non-movant's burden of proof at trial.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

SL1 369121v1/40509.001

Once the moving party has carried its burden of establishing the absence of a genuine issue of material fact, "its opponent must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp*., 475 U.S. 574, 586 (1986). The non-moving party must identify specific facts showing that there is a triable issue, as "[t]he mere existence of a scintilla of evidence" will not defeat a motion for summary judgment. *Anderson*, 477 U.S. at 252. In so doing, the plaintiff cannot simply restate the allegations of her complaint or rely on self-serving conclusions unsupported by specific facts in the record. *T.I. Construction Co., Inc. v. Kiewit E. Co.*, No. 91-2638, 1992 U.S. Dist. LEXIS 19213, *10 (E.D. Pa. Dec. 10, 1992). Similarly, the non-moving party cannot rely on "conclusory allegations or mere suspicions" to avoid summary judgment. *See Parasco v. Pacific Indemnity Co*., 920 F. Supp. 647, 652 (E.D. Pa. 1996). Finally, if the evidence produced by the non-moving party in opposition to the motion for summary judgment is "merely colorable" or "not significantly probative," the court should grant summary judgment. *Armbruster v. Unisys Corp*., 32 F.3d 768, 777 (3d Cir. 1994).

I.  *(Count I)  Defendants Ecklin, Ecklin Group and Schopf Are Not Subject To Title VII Because They Are Not Covered "Employers" As That Term Is Defined By Statute and Case Law.*

In Count I of her Complaint, Tingen alleges that all three Defendants violated Title VII. However, in order to be covered by Title VII, an "employer" must have 15 or more employees. Section 701(b) of Title VII, 42 U.S.C. 2000e(b), defines an employer as "a person engaged in an industry affecting commerce who has 15 or more employees for each working day in each of 20 or more calendar weeks in the current or proceeding calendar year . . ."[2]

---

[2]  The reference to "current year" in the statute is the year in which the alleged discrimination occurred. *Shepherdson v. Local Union No. 401 of International Association of Bridge Structural and Ornamental Iron Workers*, 823 F. Supp. 1245, 1248 n.3 (E.D. Pa. 1993). For purposes of this motion, the current year is year 2000, the date that Tingen resigned her employment, and the preceding year (i.e., 1999).

The statutory requirement that Title VII defendant(s) have at least 15 employees is a necessary condition to maintaining this action in this Court and, therefore, essential to the Court's subject matter jurisdiction. *Shepherdson,* 823 F. Supp. at 1248. Furthermore, "a federal court is bound to consider its own jurisdiction preliminary to consideration of the merits, because the federal courts are courts of limited jurisdiction. *Id.*; *Employers Ins. of Wausau v. Crown Cork & Seal Co.*, 905 F.2d 42, 45 (3d Cir. 1990).[3]

Where jurisdiction is challenged, as Defendants are doing presently, the burden is on the plaintiff to prove the Court has jurisdiction. *Shepherdson,* 823 F. Supp. at 1248-49. The determination of whether the alleged "employer" meets the statutory definition and thus provides subjection matter jurisdiction is a matter to be decided by the Court. *Id.* at 1249. Moreover,

> there is substantial authority that the trial court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case. In short, no presumptive truthfulness attaches to allegation, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims. Moreover, the plaintiff will have the burden of proof that jurisdiction does in fact exist. Those principle apply to a Title VII sex discrimination case raised in, as here, the factual issue of the requisite number of 15 employees . . .

*Id.* at 1249 (citation omitted).

The Plaintiff is unable to meet her burden, because, in fact, the Ecklin Group did not employ 15 or more people in years 2000 or 1999. Indeed, the identity of the employees for the Ecklin Group in 2000 are as follows: Elias Niezes, Dennis Schopf, Chevelle Tingen, Zulma Cora, Mark McCardell and Charlene Kulesa. (Statement of Material Facts at ¶ 18). Moreover,

---

[3]     This Court may treat this motion as a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(1), if it desires. In any event, if the Court does not treat it as a motion to dismiss, it can consider, sua sponte, the Court's subject matter jurisdiction.

in 1999, the Ecklin Group employed the same six (6) employees and no others.  (Statement of

Material Facts at ¶ 19).[4]

In a case remarkably similar to the one at bar, this Court dismissed Plaintiff's

Title VII claims for sexual harassment because it lacked subject matter jurisdiction.

*Shepherdson*, *supra*.  In *Shepherdson*, the plaintiff alleged that she was sexually harassed by her

immediate supervisor.  The complaint named as defendants her employer (i.e., a local union), the

international union, and the alleged harasser.  *Shepherdson* and the alleged harasser were two of

eight employees directly employed by the local union.  However, the plaintiff in *Shepherdson*

attempted to argue the joint and/or single employer theory to include the employees of the

international union and of an apprenticeship training program administered by a pension fund.

Employees of the local union contributed to the fund.  The court rejected the single and/or joint

employer theory for both the fund and the international union and dismissed the plaintiff's

claims, because it lacked subject matter jurisdiction, i.e., the local union did not employ 15 or

more employees during the relevant time period.  In arguing the single employer theory, the

plaintiff submitted that employees of local union provided administrative support to the fund.

Indeed, plaintiff argued by way of affidavit, that she handled the apprenticeship program's

payroll as part of her local union duties.  The court rejected this argument and ruled that the

utilization of the local union's employees for performance of administrative work for the fund

did not establish that fund employees were employees of the local union for jurisdictional

purposes under either an agency or a single entity theory.  *Id.* at 1254.  Moreover, the court

---

[4]    To the extent Plaintiff will attempt to claim that the employees of Details (a totally distinct retail store) and
Pappagallo (another retail clothing store) should be counted as employees of the Ecklin Group, she is incorrect
and there is no evidence in the record establishing otherwise.  (Statement of Material Facts at ¶ 38).

SL1 369121v1/40509.001

rejected the argument that the international union's employees should be counted as employees of the local union for jurisdictional purposes.  Even though the local union had to close its financial books with an accounting to the international union every day, and the local union's receipts of monies were put into the general international fund, the court reasoned that the absence of the international's influence or control over decisions made by the local union prevented a finding that the international was a single entity with the local union.  *Id.* at 1256-1257.

Because the Court found that the employer did not have 15 or more employees, it ruled that it lacked subject matter jurisdiction and consequently dismissed the Title VII causes of action against all defendants.  Furthermore, the court then dismissed all state law causes of action, reasoning that it lacked jurisdiction over the state law claims, since there was no longer a federal question remaining at issue.  *Id.* at 1259.  *See also Lattanzi  v. Security National Bank*, 825 F. Supp. 86 (E.D. Pa. 1993) (dismissing plaintiff's Title VII claim against defendants for lack of subject matter jurisdiction, because defendant did not have 15 employees.  Further, dismissing the pendant state law claims as a result).

Like this very court did in *Shepherdson*, the Court should dismiss plaintiff's Title VII cause of action, because it does not have subject matter jurisdiction over the claim. Indeed, defendants only employed six employees during the relevant time period.  Furthermore, all state law claims should be dismissed for lack of jurisdiction, as this Court did in *Shepherdson*, as well.

**II.    *(Count I)  If the Title VII Cause of Action Is Permitted to Remain in the Case, Individual Defendants Ecklin and Schopf Should Be Dismissed As Parties, Because There Is No Individual Liability Under Title VII.***

Even if the Court does not dismiss the Title VII cause of action against all Defendants, it must dismiss the Title VII cause of action against individual Defendants Ecklin

and Schopf.  In fact, Plaintiff's naming of the individual defendants in her Title VII cause of action wastes the resources of this Court and the time and expense of Defendant.  It is without question that there is no individual liability under Title VII.  *Sheridan v. E.I. DuPont DeNemours and Company*, 100 F.3d 1061 (3d Cir. 1996).  In *Sheridan*, the Third Circuit Court of Appeals, following numerous other courts of appeal, independently examined the issue of individual liability.  In determining that no individual liability exists, the Court found most significant the fact that Congress did not intend to hold individuals liable.  The Court relied on the sliding scale of liability for those employers with 15 or more employees, compared to those with 500 employees.  *Id.* at 1077.  Furthermore, it relied on the fact that Title VII does not make reference to an amount of damages, if any, that would be payable by individuals.  According to the Court, "this strongly suggests that Congress did not contemplate that such damages would be assessed against individuals …."  *Id.* at 1077.  Moreover, the Court reasoned that Congress had previously expressed concern about the impact of Title VII litigation on small businesses when it excluded businesses with fewer than 15 employees from the definition of employer.  It, therefore, inferred that Congress' concern in that regard applied to individuals as well.  *Id.* at 1078.

This Court should dismiss the Title VII cause of action as it relates to individual defendants Ecklin and Schopf.

**III.   *(Count II)  Individual Defendants Ecklin and Schopf Should Be Dismissed From Count II of the Complaint, i.e., Violation of the Pennsylvania Human Relations Act, Because They Do Not Meet the Aid and Abet Provision of That Statute.***

Generally, the Pennsylvania Human Relations Act (the "PHRA") is applied in accordance with Title VII.  *Dici v. Commonwealth of Pennsylvania*, 91 F.3d 542, 552 (3d Cir. 1996).  Like Title VII, the definition of an employer under the PHRA cannot be construed to include "employees."  Indeed, employee is defined as a wholly separate term under the Act.  *See* 43 Pa. Cons. Stat. § 954(b) & (c); *Dici, supra*.  However, a different section of the PHRA, unlike

8

one contained in Title VII, contemplates liability that extends beyond that of Title VII.

Section 955(e) of the PHRA forbids "any person, employer, employment agency, labor

organization or employee, to aid [or] abet … the doing of any act declared by this section to be

an unlawful discriminatory practice." 43 Pa. Cons. Stat. § 955(e). Both individual Defendants

Ecklin and Schopf qualify as "persons" and "employees" under § 955(e). The question, then, is

whether either of them may be a proper defendant under the section for allegedly aiding or

abetting the unlawful discriminatory practices of Plaintiff's employer.

Summary judgment in favor of Defendant Schopf is clear. Nothing in the

Complaint alleges that Defendant Schopf took any adverse employment action against Tingen.

Indeed, the allegations against Schopf are that he was the alleged harasser. Tingen has alleged

no facts that would indicate that Schopf aided or abetted Tingen's employer in refusing to take

prompt remedial action against any discrimination suffered by Tingen. Rather, her Complaint

alleges only direct incidents of Schopf's harassment. In such circumstances, Schopf could not

have "aided or abetted" the harassment according to the PHRA. *Dici*, 91 F.3d at 552-553;

*Saidu Kamara v. Parkway Corp.*, 155 F. Supp. 2d 436 (E.D. Pa. 2001) (assistant manager could

not be held individually liable for sex discrimination against female employee under PHRA, as

supervisor played no role in disciplining employee or in decision to terminate her, rather

supervisor was the alleged harasser). In summary, the actual harasser cannot be said to have

aided or abetted the harassment, according to the PHRA and, consequently, Schopf must be

dismissed as an individual defendant in the PHRA claim.

Individual Defendant Ecklin must also be dismissed for independent reasons. In

order to aid or abet the harassment, one must be knowledgeable of the harassment, or at least

knowledgeable of a complaint of harassment, and fail to take proper remedial effective action.

*Dici, supra*. The only allegation in the Complaint against individual Defendant Ecklin is that

9

Defendant Schopf was not disciplined after Plaintiff resigned her employment.  The failure to discipline after the fact could not be seen to have aided and abetted the sexual harassment. (Complaint, ¶ 30-31).  Indeed, Tingen admits that she did not make Ecklin aware of her allegations until such time as she submitted her resignation.  (Tingen Depo. at 175).[5]  As a result, the PHRA count against individual Defendant Ecklin also must be dismissed.

## IV. *(Count III)  The Negligent and/or Intentional Inflection of Emotional Distress Claim Should be Dismissed Because it is Barred by the Pennsylvania Workers' Compensation Act.*

In Count III of her Complaint, Plaintiff alleges a cause of action for "negligent and/or intentional infliction of emotional distress".  She makes this claim against all Defendants. The intentional infliction of emotional distress claim as it relates to Defendants Ecklin and Ecklin Group must be dismissed.[6]  Section 303(a) of the Pennsylvania Workers' Compensation Act ("Act") provides that:

> the liability of an employer under this Act shall be exclusive and in place of any and all other liability to such employees, his legal representative, husband and wife . . . or anyone otherwise entitled to damages in any action of law or otherwise on account of any injury or death as defined in [the Act] . . .

77 P.S. § 481.  The Act is the exclusive means by which an employee can recover for injury arising in the course of his employment, and expressly bars all civil actions flowing from such injuries.  *LeFlar v. Golf Creek Industrial Park No. 2*, 515 A.2d 875, 879 (Pa. 1986); *Kline v. Arden H. Verner Co.,* 469 A.2d 158, 160 (Pa. 1983).  At all times relevant to this Complaint,

---

[5]    Even accepting Tingen's explanation of a conversation she allegedly had with Ecklin in March 2000, Ecklin was not put on notice of any alleged harassment.  Tingen claims that she told Ecklin she was having problems with another employee.  According to Tingen, Ecklin told her that he would need to address the situation with both employees.  This, clearly, is not actual or constructive knowledge of the alleged harassment. (Tingen Dep. at 107; Ecklin Dep. at 93-94).

[6]    The negligence claim against Defendants Ecklin and Ecklin Group must also be dismissed for the reasons addressed in Section V below.

SL1 369121v1/40509.001

Plaintiff was an employee of Defendant Ecklin Group.  (Complaint, ¶ 10).  Thus, her pendent state law tort claims are barred by the exclusivity provision of the Act.

In Count III of the Complaint, Plaintiff alleges a claim of intentional infliction of emotional distress.  (Complaint, ¶ 63-75).  Two main principles concerning the WCA's exclusivity are important for purposes of this claim.  First, there is no intentional tort exception to the exclusivity clause of the Act.  *Barbara v. Pittsburgh Corning Corp.,* 555 A.2d 766, 768 (Pa. 1989).  Second, claims for intentional infliction of emotional distress are barred by the exclusivity provision.  *Shaffer v. Proctor & Gamble,* 604 A.2d 289, 291-92, (Pa. Super. 1992), *cert. denied,* 616 A.2d 986 (Pa. 1992); *Papa v. Franklin Mint Corp.,* 583 A.2d 826-27 (Pa. Super. 1990); *Ogden v. Keystone Residents,* 226 F. Supp. 2d 588, 604 (M.D. Pa. 2002).  (The Third Circuit has held that the Workers' Compensation Act "bars claims for intentional and/or negligent infliction of emotional distress [arising] out of [an] employment relationship) (*citing Matczak v. Frankford Candy and Chocolate Co.*, 136 F.3d 933, 940 (Third Cir. 1997)).  *Rodgers v. Prudential Insurance Co. of America,* 803 F. Supp. 1024, 1027-30 (M.D. Pa. 1992), *aff'd.*, 990 F.2d 1004 (3d Cir. 1993); *James v. International Business Machines Corp.,* 737 F. Supp. 1420, 1427 (E.D. Pa. 1990).

These clear and controlling precedents establish that Plaintiff cannot maintain a claim in this Court for intentional infliction of emotional distress against her employer.

**V.    (*Count IV*)  *The Negligent Retention and/or Negligent Failure to Supervise Claim Should be Dismissed Because it is Barred by the Pennsylvania Human Relations Act and the Pennsylvania Workers' Compensation Act.***

In Count IV of her Complaint, Plaintiff raises a cause of action against Defendant Ecklin and Ecklin Group for negligent retention and/or negligent failure to supervise.  These claims must be dismissed against Defendants Ecklin and Ecklin Group for two separate and

11

distinct reasons.  They are preempted by both the PHRA and the Pennsylvania Workers'

Compensation Act.

    A.   *Plaintiff's Negligence Claim Is Preempted by the PHRA.*

        Invoking the PHRA excludes a plaintiff from asserting "any other action, civil or

criminal, based on the same grievance of the complainant concerned."  43 P.S. § 962(b).

Plaintiff asserts the common law claim of negligence against Defendants Ecklin and Ecklin

Group.  Where the Pennsylvania Legislature enacts a statute supporting a public policy and

provides a remedy for the public policy, "no tort cause of action under the common law is

available."  *Gyda v. Temple University,* 2000 U.S. Dist. LEXIS 7099 at *33 (E.D. Pa. 2000)

(citing *Murray v. Commercial Union Ins.* Co., 782 F.2d 432, 437 (3d Cir. 1986)).

        A claim of negligence that seeks to protect a general interest to be free from

sexual discrimination is considered identical to the interest protected by the PHRA.  *Fawcett v.

IDS Financial Services, Inc.*, 1986 U.S. Dist. LEXIS 30776 at *11 (W.D. Pa. 1986).  Because

Plaintiff's negligence claim does not seek to protect interests that are distinct from those

protected by the PHRA, it is supplanted by the exclusivity provisions of the PHRA.  Therefore,

Plaintiff's common law negligence claims should be dismissed.

    B.   *Plaintiff's Negligence Claim Also Is Preempted by the Pennsylvania Workers'*
        *Compensation Act.*

        The Pennsylvania Workers' Compensation Act provides:

> If disability or death is compensable under this act, a person shall
> not be liable to anyone at common law or otherwise on account of
> such disability or death for any act or omission occurring while
> such person was in the same employ as the person disabled or
> killed, except for intentional wrong.

77 P.S. § 72.

        The Pennsylvania Supreme Court has determined that "the comprehensive system

of substantive, procedural, and remedial laws comprising the workers' compensation system

should be the *exclusive* forum for redress of injuries in any way related to the workplace."

*Kuney v. PMA Ins. Co.*, 578 A.2d 1285, 1287 (Pa. 1990) (emphasis added).  An injured

employee may not bring common law tort actions against his/her employer for injuries suffered

at the workplace.  Specifically, the Supreme Court has held that:

> By virtue of the Compensation Act, an employee's common law right to damages for injuries suffered in the course of his employment as a result of his employer's negligence is completely surrendered in exchange for the exclusive statutory right of the employee to compensation for all injuries, regardless of negligence, and the employer's liability as a tortfeasor under the law of negligence for injuries to his employee is abrogated: *Swartz v. Conradis*, 298 Pa. 343, 346, 148 A.2d 529.  In the *Swartz* case it was said that "When the statutory employer accepts Article III [of the Compensation Act] he is relieved of all liability for compensation at common law.   Section 303 makes the 'agreement [referred to in Section 302] operate as a surrender by the parties thereto of their rights to any form or amount of compensation . . .  or to any method of determination thereof, other than as provided in Article III of this act.'"

*Socha v. Metz*, 123 A.2d 837 (Pa. 1956).

In Count IV of her Complaint, Plaintiff alleges that Ecklin and Ecklin Group were

negligent in their investigation of the sexual harassment complaints made by Plaintiff and in its

retention of Plaintiff's supervisor in a supervisory capacity.  (Complaint, ¶ 58).  Once again, the

WCA provides the exclusive remedy for Plaintiff's negligence claim against her employer.

Specifically, the exclusivity provisions of the WCA divest this court of jurisdiction over

Count IV of the Complaint, and, therefore mandate dismissal of that count.  The WCA provides

that it is the exclusive remedy available to employees against employers for work-related

injuries:

> the liability of an employer under this Act shall be exclusive and in the place of any and all other liability to such employees . . . or anyone otherwise entitled to damages in action at law or otherwise on account of any injury or death as defined in [the Act].

13

77 P.S. § 481(a).  Thus, this Court does not have jurisdiction over Count IV of the Complaint because any "harm" Plaintiff sustained as a result of the conduct alleged in the Complaint is a "work-related injury" within the meaning of the WCA.

The Pennsylvania Supreme Court has described the system created by the WCA as a "comprehensive system of substantive, procedural, and remedial laws."  *Kuney v. PMA Ins. Co.*, 578 A.2d 1285, 1287 (Pa. 1990).  For this reason, the Pennsylvania courts have allowed only a very narrow range of actions by an employee against his employer to escape the coverage of the exclusivity clause.

Courts consistently have held that negligence claims arising from the employment relationship are barred by the exclusivity provision of the WCA.  *See Matczak v. Frankford Candy & Chocolate Co.,* 136 F.3d 933, 940 (3d Cir. 1997) (holding that claim for negligent infliction of emotional distress was barred by the WCA); *Imboden v. Chowns Communs.*, 182 F. Supp. 2d 453 (E.D. Pa. 2002) (holding that the plaintiff's negligence claim was barred by the WCA's exclusivity provision); *Brooks v. Mendoza & Denny's, Inc.*, 2002 U.S. Dist. LEXIS 4991 (E.D. Pa. 2002) (same); *Sherif v. Astrazeneca, L.P.*, 2001 U.S. Dist LEXIS 4255, at *10 (E.D. Pa. 2001) (holding that the plaintiff's negligence claim was clearly subsumed by the WCA); *Danas v. Chapman Ford Sales, Inc.*, 120 F. Supp. 2d 478 (E.D. Pa. 2000) (ruling that state law tort claims arising from employment are barred by the WCA); *Hettler v. Zany Brainy, Inc.*, 2000 U.S. Dist. LEXIS 14537 (E.D. Pa. 2000) (barring negligence claim under the exclusivity provision of the WCA); *McGrenaghan v. St. Denis Sch.*, 979 F. Supp. 323 (E.D. Pa. 1997) (dismissing negligence claims as barred by the WCA).

For example, in *McGrenaghan*, the plaintiff alleged that the defendant negligently failed to exercise reasonable care toward her causing her to suffer emotional distress when it transferred her "because of her disability."  979 F. Supp. at 328.  The defendant moved to

dismiss that claim contending that it was barred by the WCA.  The plaintiff contended that her claim was not barred by the WCA because it fell within the narrow "personal animus" exception to the exclusivity provision.  The Court rejected that argument, finding that all negligence claims that are work-related are barred by the exclusivity provision of the WCA.  *Id.* at 329.  The same result is appropriate here.

In this case, Plaintiff has asserted a state law negligence claim alleging injuries related to the conditions of her employment.  In light of controlling case law, there is no question that this type of claim is barred by the exclusivity provision of the WCA.  Accordingly, Count IV of the Complaint must be dismissed on this basis.

**VI.**  ***(Counts II-V)  If the Court Grants Summary Judgment on the Title VII Claim, i.e., the Lone Federal Question Presented by Plaintiff, the Court Should Dismiss the Remaining Claims, Because It Lacks Jurisdiction to Hear the Remaining State Law Claims.***

As argued above, Plaintiff's only cause of action which entitles her to be in Federal Court is the Title VII cause of action.  As is also articulated above, none of the Defendants are covered employers under Title VII and the Title VII cause of action must be dismissed as a result.

Plaintiff brings this Complaint in Federal Court based upon federal question jurisdiction.  28 U.S.C.A. § 1331 provides as follows:  "The District Courts shall have original jurisdiction of all civil actions arising under the constitution, laws, or treaties of the United States."

When Plaintiff's federal cause of action is dismissed, this Court should also dismiss all pendent state causes of action.  Indeed, the very issue was addressed in two cases which are analogized above  under the Title VII analysis.  *Shepherdson*, 823 F. Supp. at 1259 (since defendant was not a covered employer under Title VII, the complaint was dismissed in its entirety, including "various state common law causes of action, asserting that the court has

pendent jurisdiction over her state law claims"); *Lattanzi*, 825 F. Supp. at 92 (plaintiff's pendent

claims under the PHRA dismissed as a result of the court lacking subject matter jurisdiction over

plaintiff's Title VII claim).

    Furthermore, while dismissal of the pendent state law claim is discretionary with

the Court to an extent, the type of circumstances necessary in order for a federal court to retain

jurisdiction over state law claims when it  has no independent jurisdiction are not present in this

case.  The Third Circuit Court of Appeals has ruled that "except under extraordinary

circumstances . . . considerations militate against a district court retaining pendent jurisdiction

when there are no longer any federal claims."  *Shaffer v. Board of School Directors*, 730 F.2d

910, 913 (3rd Cir. 1984).  The Third Circuit has realized "extraordinary circumstances" when a

plaintiff dropped its federal claims on the morning of trial and there had already been a year of

pretrial proceedings (*Lentino v. Fringe Employee Plans, Inc.*, 611 F.2d 474, 480 (3d Cir. 1979))

and when the plaintiff dropped its federal claims much earlier than on the morning before trial,

but when pretrial proceedings had lasted six years (*Paoli R.R. Yard PCB Litigation*, 35 F.3d 717

(3d Cir. 1994), *cert denied*, 513 U.S. 1190).  Furthermore, other courts of appeals have given

even less discretion to the district courts.  *See Crane Co. v. American Standard, Inc.*, 603 F.2d

244 (2nd Cir. 1979) (even when substantial time and resources have been expended in trial of

action in federal court, pendent state claims must be dismissed if it later is determined that there

never existed a federal claim sufficient to invoke jurisdiction of a federal court).

    In summary, since none of the Defendants are covered employees under Title VII,

this Court does not have jurisdiction over the remaining claims, since all are state law claims.

### *CONCLUSION*

    Count I of Plaintiff's Complaint should be dismissed in its entirety, because none

of the Defendants are employers covered by Title VII.  Plaintiff's federal court Complaint should

be dismissed, because once the Title VII claim is dismissed, this Court lacks jurisdiction over the remaining state law claims.

Alternatively, individual Defendants Ecklin and Schopf should be dismissed from the Title VII cause of action because there is no individual liability under Title VII.  Individual Defendants Ecklin and Schopf should also be dismissed from the PHRA cause of action, because they do not meet the aid or abet provisions of that Act.  The intentional infliction of emotional distress and negligence claims should be dismissed because they are barred by the PHRA and/or the Workers' Compensation Act.

STEVENS & LEE

Dated:  September 3, 2003            By: _____
                                         Gary D. Melchionni
                                         Joseph D. Shelby
                                         25 N. Queen Street
                                         Suite 602
                                         Lancaster, PA  17603
                                         (717) 291-1031

                                         Attorneys for Defendants Robert L. Ecklin, Jr.,
                                         Ecklin Development Group and Dennis Schopf

17

## CERTIFICATE OF SERVICE

I, JOSEPH D. SHELBY, ESQUIRE, certify that on this date, I served a true and

correct copy of the foregoing BRIEF IN SUPPORT OF DEFENDANTS' MOTION FOR

SUMMARY JUDGMENT upon the Plaintiff's attorney, via hand delivery at the following

address:

        Nina B. Shapiro, Esquire
        53 North Duke Street
        Suite 201
        Lancaster, PA  17602


_____

Joseph D. Shelby

Dated:  September 3, 2003