IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CHEVELLE TINGEN, : | |
| Plaintiff : | |
| : | CIVIL ACTION No. 02-4663 |
| vs. : | |
| : | |
| ROBERT L. ECKLIN, JR., Individually and : | |
| doing business as ECKLIN DEVELOPMENT : | |
| GROUP and DENNIS SCHOPF, : | |
| Defendants : | |

# ORDER

AND NOW, this _ day of _____, 2003, it is hereby ORDERED that Defendants Robert L. Ecklin, Jr., individually and doing business as Ecklin Development Group and Dennis Schopf's (collectively "Ecklin Group") Motion in Limine to Exclude Evidence Regarding Ecklin Group's Financial Worth is GRANTED. Accordingly, Plaintiff's counsel, and any witness or other individuals present at the trial of this matter are hereby precluded from introducing evidence regarding Ecklin Group's financial worth, and from making reference to such evidence at the trial of this case.

FURTHER, Ecklin Group's Motion in Limine to Preclude Introduction of Plaintiff's Diary into evidence is GRANTED. Plaintiff's diary is hearsay, moreover, it contains double hearsay. Accordingly, Plaintiff's counsel is precluded from introducing the diary into evidence at the trial of this case.

BY THE COURT:

_____
J.

SL1 380780v1/40509.001

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CHEVELLE TINGEN, : | |
|         Plaintiff : | |
| : | CIVIL ACTION No. 02-4663 |
| vs. : | |
| : | |
| ROBERT L. ECKLIN, JR., Individually and : | |
| doing business as ECKLIN DEVELOPMENT : | |
| GROUP and DENNIS SCHOPF, : | |
|         Defendants : | |

**DEFENDANTS' MOTION IN LIMINE TO
EXCLUDE EVIDENCE REGARDING
ECKLIN GROUP'S FINANCIAL WORTH AND TO PRECLUDE
INTRODUCTION OF PLAINTIFF'S DIARY INTO EVIDENCE**

Defendants Robert L. Ecklin, Jr., individually and doing business as Ecklin Development Group and Dennis Schopf (collectively "Ecklin Group"),[1] hereby move for an Order: (1) excluding the introduction of evidence regarding Ecklin Group's financial worth, and the reference to such evidence by Plaintiff, counsel for Plaintiff or any witnesses at the trial of this matter and (2) precluding the introduction of Plaintiff's diary as follows.

        1.  In her Complaint, Plaintiff alleges that Robert L. Ecklin, Jr., individually and doing business as Ecklin Development Group, and Dennis Schopf discriminated against her on the basis of her gender in violation of Title VII of the Civil Rights Act of 1964, as amended ("Title VII") and the Pennsylvania Human Relations Act ("PHRA").  The basis of Plaintiff's allegations are sexual assault by her supervisor, Dennis Schopf.  Defendant denies these allegations.

---

[1]     No such entity as Ecklin Development Group exists.  Ecklin Group is a sole proprietorship and Ecklin Development, LLC is a Pennsylvania limited liability company.

1

### A. *Exclusion of Financial Information*

2. In this case, Plaintiff has made a claim for punitive damages under Title VII. There is no individual liability under Title VII, so the only party against whom punitive damages could be awarded is the Ecklin Group. See *Sheridan v. E.I. DuPont de Nemours & Co.*, 100 F.3d 1061, 1078 (3d Cir. 1996) *cert. denied,* 521 U.S. 1129 (1997). Punitive damages can be awarded under certain circumstances in employment discrimination cases, but only where the conduct is sufficiently egregious. *See Jackson and Coker, Inc. v. Lynam*, 840 F. Supp. 1040, 1051 (E.D. Pa. 1993). Even if the facts as alleged by Plaintiff are true, this is not a case that warrants an award of punitive damages against the Ecklin Group because its conduct was not at any time "outrageous because of [its] evil motive or [its] reckless indifference to the rights of others." *Id*.

3. Plaintiff has served discovery and filed a Certificate of Counsel seeking "any and all financial records of the Ecklin Group."[2]

4. It is therefore believed that Plaintiff's counsel will, at the trial of this matter, attempt to introduce evidence regarding the worth of the Ecklin Group, either during Plaintiff's opening statement, during Plaintiff's case in chief, or during cross-examination. While evidence of the Ecklin Group's net worth may be relevant to Plaintiff's punitive damages claim, *see Jackson and Coker Inc. v. Lynam*, 840 F. Supp. 1040, 1051 (E.D. Pa. 1993) (quoting *Martin v. Johns-Manville Corp.*, 494 A.2d 1088, 1096 (Pa. 1985)), *aff'd without opinion*, 31 F.3d 1172 (3d Cir. 1994), such evidence is neither relevant nor material to Plaintiff's burdens of proof of the discrimination claims generally, and such evidence is inadmissible before the Court has determined the legal sufficiency of Plaintiff's punitive damages claim. *See Williams v. Betz*

---

[2] Pursuant to Judge Rapoport's Order, Defendants produced to Plaintiff's counsel a copy of Schedule E of Robert Ecklin's 2000 personal tax return. Schedule E contained all information for the properties owned and/or operated by the Ecklin Group. The financial numbers were redacted from the Schedule E. That redaction is the subject of Plaintiff's Second Petition for Sanctions against Defendants.

*Laboratories, Inc.*, 1996 U.S. Dist. LEXIS 3045, *8-10 (E.D. Pa. 1996); *accord Rosen v. Tabby*, 1996 U.S. Dist. LEXIS 16242, *3 (E.D. Pa. Oct. 30, 1996).

5. In addition, if Plaintiff is allowed to make reference to the net worth of the Ecklin Group before the Court determines whether Plaintiff's claim for punitive damages is legally sufficient, the Ecklin Group will be irreversibly prejudiced. *See Williams*, 1996 U.S. Dist. Lexis 3045, at **9-10. This evidence may lead the jury to conduct an improper legal analysis, ignoring the facts that Plaintiff must prove and assigning liability based on Ecklin Group's perceived ability to pay an award of damages.

6. Because evidence of the Ecklin Group's worth is irrelevant and immaterial to Plaintiff's discrimination claims, such evidence should not be considered in this matter before the Court has determined the legal sufficiency of Plaintiff's claim for punitive damages. *See* Fed. R. Evid. 401, 402.

7. Moreover, because evidence regarding the Ecklin Group's worth will tend to confuse the jury and lead the jury to neglect the elements of Plaintiff's claim, and because the probative value of such evidence is clearly outweighed by its tendency to prejudice the jury against the Ecklin Group, such evidence should be excluded. *See* Fed. R. Evid. 403.

### B. Plaintiff Should Be Precluded From Offering Her "Diary" Into Evidence.

8. According to Plaintiff, she was sexually assaulted several times a week at work by her Supervisor, Dennis Schopf beginning in early 1996 until she resigned her employment on July 19, 2000.

9. According to Plaintiff, she began keeping a diary about the alleged sexual harassment in or about January, 2000.

10. The diary should not be admissible into evidence as it is clearly hearsay. Fed. R. Evid. 802.

3

   11. Furthermore, some entries in the diary constitute double and/or triple hearsay.

   WHEREFORE, Defendants respectfully request that the Court grant its Motion in Limine and enter an appropriate Order:  (1) precluding the introduction of any evidence regarding the Ecklin Group's worth, and precluding counsel and any witnesses at the trial of this matter from referring to such evidence before the Court has determined the legal sufficiency of Plaintiff's claim for punitive damages; and (2) precluding Plaintiff's counsel from offering Plaintiff's diary into evidence.

            STEVENS & LEE

            By_____
              Gary D. Melchionni
              Joseph D. Shelby
              Suite 602
              25 North Queen Street
              Lancaster, PA 17603

Date:  September ___, 2003

            Attorneys for Defendants,
            ROBERT L. ECKLIN, JR., Individually and doing business as ECKLIN DEVELOPMENT GROUP and DENNIS SCHOPF

## CERTIFICATE OF SERVICE

    I, JOSEPH D. SHELBY, ESQUIRE, certify that on this date, I served a true and correct copy of the foregoing Defendants' Motion in Limine to Exclude Evidence Regarding its Worth and to Preclude Introduction of Plaintiff's Diary into Evidence upon the Plaintiff's attorney, via hand delivery at the following address:

> Nina B. Shapiro, Esquire
> 53 North Duke Street
> Suite 201
> Lancaster, PA  17602

                   _____
                   Joseph D. Shelby

Dated:  September _____, 2003

Case 2:02-cv-04663-JKG     Document 26     Filed 09/12/2003     Page 7 of 7

SL1 380780v1/40509.001