IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CHEVELLE TINGEN, : | |
|         Plaintiff : | |
| : | CIVIL ACTION No. 02-4663 |
| vs. : | |
| : | |
| ROBERT L. ECKLIN, JR., Individually and : | |
| doing business as ECKLIN DEVELOPMENT : | |
| GROUP and DENNIS SCHOPF, : | |
|         Defendants : | |

**DEFENDANTS' BRIEF IN SUPPORT OF ITS MOTION *IN LIMINE*
TO (1) EXCLUDE EVIDENCE REGARDING ECKLIN GROUP'S
FINANCIAL WORTH AND (2) PRECLUDE THE
INTRODUCTION OF PLAINTIFF'S DIARY INTO EVIDENCE**

Defendants Robert L. Ecklin, Jr., individually and doing business as Ecklin Development Group[1] and Dennis Schopf ("Ecklin Group"), hereby submit this Brief In Support of Its Motion *in Limine* to: (1) Exclude Evidence Regarding the Worth of Ecklin Group and (2) Preclude the Introduction of Plaintiff's Diary Into Evidence.

*I.   Introduction*

In her Complaint, Plaintiff alleges that Defendants discriminated against her on the basis of her gender in violation of Title VII of the Civil Rights Act of 1964, as amended, and the Pennsylvania Human Relations Act ("PHRA"). The basis of her allegations are sexual harassment by her Supervisor Dennis Schopf. Plaintiff has made a claim for punitive damages. According to Plaintiff, she was sexually assaulted several times a week at work by her Supervisor, Dennis Schopf, beginning in early 1996 until she resigned her employment on July 19, 2000. According to Plaintiff, she began keeping a diary about the alleged sexual assaults in or about January, 2000.

---

[1] No such entity as Ecklin Development Group exists. Ecklin Group is a sole proprietorship and Ecklin Development, LLC is a Pennsylvania limited liability company.

1

Counsel for Plaintiff has requested all financial records from the Ecklin Group. Defendant has produced Schedule E of Robert and Ruth Ecklin's individual tax return, which covers properties owned and/or operated by the Ecklin Group.[2] The actual financial numbers on Schedule E were redacted by counsel for Defendants. Plaintiff has filed a Second Petition for Sanctions as a result of the redactions. Plaintiff is seeking any and all financial records of the Ecklin Group. The clear purpose of Plaintiff's request is to introduce evidence concerning Ecklin Group's worth in her case in chief and, perhaps, in her opening statement.

Defendants have filed, concurrent herewith, a Motion *in Limine* to Preclude Evidence Regarding Ecklin Group's Financial Worth and to Preclude the Introduction of Plaintiff's Diary into Evidence.

## II. Question Presented

A.  *Whether Plaintiff Should Be Precluded from Introducing Evidence Regarding Ecklin Group's Financial Worth.*

   *Suggested Answer:  Yes.*

B.  *Whether Plaintiff Should be Precluded From Introducing Her Diary Into Evidence.*

   *Suggested Answer:  Yes.*

## III. Argument

A.  *Plaintiff Should be Precluded From Introducing Evidence Regarding Ecklin Group's Worth.*

In her Complaint, Plaintiff alleges that Defendants discriminated against her on the basis of her gender in violation of Title VII of the Civil Rights Act of 1964, as amended, and the Pennsylvania Human Relations Act ("PHRA"). The basis of her allegations are sexual harassment by her Supervisor Dennis Schopf. Plaintiff has made a claim for punitive damages.

---

[2]   The Ecklin Group is a sole proprietorship.

2

Punitive damages are not available under the PHRA. *Hoy v. Angelone*, 691 A.2d 476, 483 (Pa. Super. 1997), *aff'd*, 720 A.2d 745 (Pa. 1998).  Punitive damages, however, are available under Title VII, but only where the conduct is sufficiently egregious.  42 U.S.C.A. § 12117(a); *Jackson and Coker, Inc. v. Lynam*, 840 F. Supp. 1040, 1051 (E.D. Pa. 1993) (*citing Martin v. Johns-Manville Corp.*, 494 A.2d 1088, 1096 (Pa. 1985)), *aff'd without opinion*, 31 F.3d 1172 (3d Cir. 1994).  Furthermore, there is no individual liability under Title VII; therefore, the only Defendant against whom punitive damages can be awarded is Ecklin Group.  *Sheridan v. E.I. DuPont de Nemours & Co.*, 100 F.3d 1061, 1078 (3d Cir. 1996), *cert. denied,* 521 U.S. 1129 (1997).  Furthermore, Ecklin Group, as the employer, cannot be held vicariously liable for punitive damages, except in extraordinary circumstances, which are not present here, even accepting Plaintiff's allegations as fact.  *See Kolstad v. American Dental Association,* 527 U.S. 526 (1999).

In this case, Plaintiff can point to no record evidence that warrants an award of punitive damages, because Ecklin Group's conduct was not at any time "outrageous because of [its] evil motive or [its] reckless indifference to the rights of others."  *Jackson and Coker, supra.*

Directly relevant to Defendants' motion is the court's analysis in *Williams v. Betz Laboratories, Inc.*, 1996 U.S. Dist. LEXIS 3045, *8-9 (E.D. Pa. 1996).  In that case, the court granted defendant's motion to preclude evidence of defendant's size and worth and reasoned as follows:

> Evidence of the financial condition or net worth of [defendant] is relevant to a claim for punitive damages.  Punitive damages may be awarded in cases of employment discrimination for conduct that is "outrageous" because of the defendant's evil motive or [its] reckless indifference to the rights of others."  A finding of intentional discrimination is not tantamount to malice or reckless indifference.  In order to recover punitive damages, plaintiff must make a heightened showing of egregious behavior on the part of defendant.  Before evidence of the financial condition or net worth

3

>of defendant is admissible, this Court must determine the legal sufficiency of plaintiff's claim for punitive damages, which must await trial.  Should plaintiff make reference to the financial condition or net worth of [defendant] in the opening statement at trial or in any other way in the presence of the jury before this Court determines that the evidence of record is sufficient to prove outrageous conduct, … the jury will hear irrelevant confusing matters, the receipt of which is proscribed by Fed. R. Evid. 403.

*Id.* at *8-10 (citations omitted).

Another district court within this Circuit has recently reached the same conclusion.  *See DeSanto v. Rowan University*, 224 F. Supp. 2d 819, 832-33 (D.N.J. 2002) (Plaintiff's counsel represented, to the satisfaction of the court, that he had "no intention to give Defendants some toe hold for an appeal of a verdict in favor of Plaintiff by referencing the potential availability of punitive damages in his opening statement or in questioning any witness [or during voir dire])."  *Id.*  Furthermore, in *Jackson and Coker*, *supra*, the court ruled, at the close of the Charge Conference, that there was insufficient evidence to present the issue of punitive damages to the jury and, therefore, precluded, during the entire trial and during the jury instructions, any evidence of defendant's size and worth and/or reference to punitive damages.  *Id.* at 1051.

Plaintiff can point to no record evidence at this time establishing outrageous conduct by Ecklin Group or an evil motive.  Therefore, during voir dire, opening statements and Plaintiff's case in chief, Plaintiff must be precluded from presenting evidence of Ecklin Group's financial condition and from referencing punitive damages.  Finally, even after of Plaintiff's case in chief, no reference to Ecklin Group's worth may be exhibited on cross-examination of Defendants' witnesses, unless expressly permitted by the Court.

    B.    *Plaintiff Should Be Precluded From Offering Her "Diary" Into Evidence.*

According to Plaintiff, she was sexually assaulted several times a week at work by her Supervisor, Dennis Schopf beginning in early 1996 until she resigned her employment on July 19, 2000. According to Plaintiff, she began keeping a diary about the alleged sexual assaults in or about January, 2000. The diary should not be admissible into evidence as it is clearly hearsay. Furthermore, some entries in the diary constitute double and/or triple hearsay.

The Federal Rules of Evidence define "hearsay" as "a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." Fed. R. Evid. 801(c). As defined by the Pennsylvania Superior Court, hearsay evidence is "in-court evidence of an out-of-court declaration, whether oral or written, which is offered to show the truth of the out-of-court assertion." *Commonwealth v. Lewis*, 623 A.2d 355, 357 (Pa. Super. 1993). Hearsay is not admissible unless it falls within an exception to the general rule of admissibility. Fed. R. Evid. 802-804.

Plaintiff's diary is a written out-of-court "declaration." Therefore, the only way that the diary is admissible into evidence is if it meets an exception to the hearsay rule (e.g., if it contains the business records of a party). Clearly, the diary which is the subject of this Motion does not constitute a business record of Plaintiff. Therefore, it is hearsay and inadmissible as evidence. *See In re Japanese Elec. Prods. Antitrust Litigation*, 723 F.2d 238 (3d Cir. 1983) (As to trustworthiness, the Court observed that "we do not believe that [the] diaries possess the circumstantial guaranties of trustworthiness that the hearsay rules implicitly and 803(6) explicitly require. The circumstantial guaranty of trustworthiness for Rule 803(6) is regular recording of regular business activity), reversed on other grounds and remanded, *Matsushita Elect. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574 (1996).

Under these principles, Plaintiff's diary is hearsay that cannot be admitted to prove the truth of any of the matters written in the diary, and it should therefore be excluded from evidence.

*IV. Conclusion*

For the foregoing reasons, Defendants respectfully request that the Court grant its Motion *in Limine* to (1) Preclude Evidence of Ecklin Group's Financial Worth and (2) Preclude the Introduction of Plaintiff's Diary Into Evidence. Any such evidence will surely cause confusion to the jury and prejudice Defendants as a result.

        STEVENS & LEE

        By: _____

        Gary D. Melchionni
        Joseph D. Shelby
        25 North Queen Street
        Suite 602
        Lancaster, PA 17603

Dated: September __, 2003        Attorneys for Defendants

## CERTIFICATE OF SERVICE

       I, JOSEPH D. SHELBY, ESQUIRE, certify that on this date, I served a true and correct copy of the foregoing Defendants' Brief in Support of its Motion *In Limine* to Exclude Evidence Regarding Ecklin Group's Worth and to Preclude the Introduction of Plaintiff's Diary Into Evidence upon the Plaintiff's attorney, via hand delivery at the following address:

>Nina B. Shapiro, Esquire
>53 North Duke Street
>Suite 201
>Lancaster, PA  17602

                                                         Joseph D. Shelby

Dated:  September __, 2003

SL1 380631v1/40509.001