SCHEDULE E

**DEFENDANTS' PROPOSED VERDICT FORM**
*(Pendent State Law Tort Claims)*

I.   NEGLIGENT RETENTION – LIABILITY AND DAMAGES

    1.   Did Plaintiff prove by a preponderance of the evidence that the Ecklin Group knew, or in the exercise of ordinary care, should have known of the necessity for exercising control over Dennis Schopf? In other words, if Plaintiff was harmed by Schopf's actions, did Robert Ecklin and/or the Ecklin Group have knowledge of the harm or reasonable foreseeability of the harm?

ANSWER:        Yes _____                              No _____

If your answer to Question No. 1 is "No," proceed to Question No. 4. If your answer to Question No. 1 is "Yes," continue to Question No. 2.

    2.   Did Plaintiff prove by a preponderance of the evidence that she suffered actual harm because of Ecklin Group's negligence in retaining Schopf as an employee?

ANSWER:        Yes _____                              No _____

If your answer to Question No. 2 is "No," proceed to Question No. 4. If your answer to Question No. 2 is "Yes," continue to Question No. 3.

    3.   What, if any, is the amount of Plaintiff's damages for the negligence of the Ecklin Group in retaining Schopf as an employee?

ANSWER:        $_____

If you decide to make no award, please so indicate by writing "none" in the blank, proceed to the end of the document and sign where indicated. If you made an award, please continue to the next question if applicable.

II. INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS – LIABILITY AND DAMAGES FOR SCHOPF

    4. Did Plaintiff prove by a preponderance of the evidence that Defendant Schopf's conduct was intentional or reckless?

ANSWER:        Yes _____                        No _____

If your answer to Question No. 4 is "No," proceed to Question No. 6. If your answer to Question No. 4 is "Yes," continue to Question No. 5.

    5. Did Plaintiff prove by a preponderance of the evidence that the conduct of Defendant Schopf was extreme and outrageous?

ANSWER:        Yes _____                        No _____

If your answer to Question No. 5 is "No," proceed Question No. 6. If your answer to Question No. 5 is "Yes," continue to Question No. ___.

    6. Did Plaintiff prove by a preponderance of the evidence that the conduct of Defendant Schopf caused her emotional distress?

ANSWER:        Yes _____                        No _____

If your answer to Question No. 6 is "No," proceed to Question No. __. If your answer to Question No. 6 is "Yes," continue to Question No. __.

    7. Did Plaintiff prove by a preponderance of the evidence that the distress she suffered was severe?

ANSWER:        Yes _____                        No _____

If all of your answers to Question Nos. 4 - 7 were "Yes," proceed to Question No. 8.

    8. Did Plaintiff prove by a preponderance of the evidence that she suffered actual harm because of the severe distress caused by Defendant Schopf?

ANSWER:        Yes _____                        No _____

2

If your answer to Question No. 8 is "Yes," continue to Question No. 9. If your answer to Question No. 8 is "No," proceed to Question No. 10.

       9.    What, if any, is the amount of Plaintiff's damages for the severe emotional distress caused by Defendant Schopf?

ANSWER:       $_____

If you decide to make no award, please so indicate by writing "none" in the blank, proceed to the end of the document and sign where indicated. If you made an award, please continue to the next question if applicable.

III.    INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS - LIABILITY AND DAMAGES FOR ROBERT ECKLIN INDIVIDUALLY AND DOING BUSINESS AS THE ECKLIN GROUP

       10.    Did Plaintiff prove by a preponderance of the evidence that Defendant Robert Ecklin and/or Ecklin Group's conduct was intentional or reckless?

ANSWER:       Yes _____                                  No _____

If your answer to Question No. 10 is "No," proceed to Question No. 16. If your answer to Question No. 10 is "Yes," continue to Question No. 11.

       11.    Did Plaintiff prove by a preponderance of the evidence that the conduct of Defendant Robert Ecklin and/or Ecklin Group was extreme and outrageous?

ANSWER:       Yes _____                                  No _____

If your answer to Question No. 11 is "No," proceed to Question No. 16. If your answer to Question No. 11 is "Yes," continue to Question No. __.

       12.    Did Plaintiff prove by a preponderance of the evidence that the conduct of Defendant Robert Ecklin and/or Ecklin Group caused her emotional distress?

ANSWER:       Yes _____                                  No _____

3

If your answer to Question No. 12 is "No," proceed to Question No. 16. If your answer to Question No. 12 is "Yes," continue to Question No. 13.

      13. Did Plaintiff prove by a preponderance of the evidence that the distress she suffered was severe?

ANSWER:     Yes _____               No _____

If all of your answers to Question Nos. 10 - 13 is "Yes," proceed to Question No. 14. If any of your answers to Question Nos. 10 - 13 is "No," continue to Question No. 16.

      14. Did Plaintiff prove by a preponderance of the evidence that she suffered actual harm because of the severe distress caused by Robert Ecklin and/or Ecklin Group?

ANSWER:     Yes _____               No _____

If your answer to Question No. 14 is "Yes," continue to Question No. 15. If your answer to Question No. 14 is "No," proceed to Question No. 16.

      15. What, if any, is the amount of Plaintiff's damages for the severe emotional distress caused by Robert Ecklin and/or Ecklin Group?

ANSWER:     $_____

If you decide to make no award, please so indicate by writing "none" in the blank, proceed to the end of the document and sign where indicated. If you made an award, please continue to the next question if applicable.

IV.   BATTERY CLAIM - LIABILITY AND DAMAGES

      16. Did Plaintiff prove by a preponderance of the evidence that Defendant Schopf's actions were done with the intent to cause harmful or offensive contact with her body?

ANSWER:     Yes _____               No _____

If your answer to Question No. 16 is "Yes," continue to Question No. 17. If your answer to Question No. 16 is "No," proceed to the end of the document and sign where indicated.

17. Did the Plaintiff prove by a preponderance of the evidence that Defendant Schopf's acts directly resulted in a harmful or offensive contact with her body?

ANSWER:     Yes _____                              No _____

If your answer to Question No. 17 is "Yes," continue to Question No. 18. If your answer to Question No. 17 is "No," proceed to the end of the document and sign where indicated.

18. What, if any, is the amount of Plaintiff's damages for Defendant Schopf's harmful or offensive contact with her body?

ANSWER:     $_____

If you decide to make no award, please so indicate by writing "none" in the blank, proceed to the end of the document and sign where indicated. If you made an award, please continue to the next question if applicable.

The undersigned jurors certify that the foregoing answers to interrogatories are the unanimous action of this jury.

Dated: _____

| | |
|---|---|
| _____ (SEAL) | _____ (SEAL) |
| _____ (SEAL) | _____ (SEAL) |
| _____ (SEAL) | _____ (SEAL) |
| _____ (SEAL) | _____ (SEAL) |