## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

CHEVELLE TINGEN,                                    :
                        Plaintiff            :
                                    :  CIVIL ACTION No. 02-4663

                 vs.                                 :

                                    :

ROBERT L. ECKLIN, JR., Individually and     :
doing business as ECKLIN DEVELOPMENT   :
GROUP and DENNIS SCHOPF,                   :
                        Defendants         :

### MOTION FOR ENLARGEMENT OF TIME
### AND FOR SANCTIONS AGAINST PLAINTIFF

Defendants, Robert L. Ecklin, Jr., individually and doing business as Ecklin Development Group, and Dennis Schopf (collectively, "Defendants" or "Ecklin Group"),[1] hereby move for an Order:  (1) granting an extension of time for Ecklin Group to object to Plaintiff's trial exhibits and (2) for sanctions against Plaintiff for her continuous habit of filing documents late, causing prejudice to the Defendants, and in support thereof provide as follows:.

      1.    By Orders dated March 20, 2003 and April 1, 2003, this Court set deadlines for the pre-trial proceedings in the above-captioned matter.

      2.    At least five times, Plaintiff has failed to follow the deadlines set by the Court to the prejudice of Defendants.[2]

      3.    The deadline for the Plaintiff to provide an expert report was set by this Court for July 21, 2003.  Despite this deadline, Plaintiff did not submit her expert report to Defendants until after work hours on July 23, 2003.

---

[1]    No such entity as Ecklin Development Group exists.  Ecklin Group is a sole proprietorship and Ecklin Development, LLC is a Pennsylvania limited liability company.

[2]    Plaintiff also filed her response to Defendants' motion for summary judgment late.  After receiving an extension of time to September 26, 2003 in which to file said response, it was not filed until September 29th.

SL1 385433v1/40509.001

4.    By Order of this Court, motions in limine were due to be filed and served by the parties on or before September 12, 2003.  Despite this deadline, Plaintiff did not file her motion in limine until September 15, 2003.

5.    By Order of this Court, Pre-Trial Memoranda of the parties were due to be filed and served on or before September 15, 2003.  The Court required that proposed special verdict questions, proposed voir dire, list of witnesses and list of exhibits be included in the Pre-Trial Memorandum.  On September 17, 2003, at the deposition of Plaintiff's expert, defense counsel asked Plaintiff's counsel why he had not yet received a Pre-Trial Memorandum. Plaintiff's counsel informed Defendants' counsel that she was not aware that it was due and was informed by Defendants' counsel that it was due two days prior (i.e., September 15, 2003). Plaintiff's counsel responded that she would have it delivered to Defendants' counsel's offices by the end of that day.  As of today, September 29, 2003, Defendants' counsel has not received the pre-trial memorandum of Plaintiff, nor has it been filed with this Court.

6.    This Court's Order requires that the parties object to the trial exhibits identified by opposing parties, for every reason other than relevancy, on or before September 29, 2003.  Obviously, Defendants' counsel cannot comply with the Court's Order, because it has not yet had a list, let alone copies of marked exhibits, as required by the Court, from Plaintiff's counsel.

7.    This Court's Orders required the parties to exchange proposed jury instructions and pre-marked trial exhibits on or before September 22, 2003.  Plaintiff's counsel delivered her proposed jury instructions on September 24, 2003, two days late.  Plaintiff's counsel has yet to deliver pre-marked trial exhibits as required by this Court and, as such, is currently eight days late in filing.

2

WHEREFORE, Defendants request that this Court grant to it an extension of time in which to object to trial exhibits.  Further, Defendants' counsel requests that the Court, in its discretion, impose sanctions on Plaintiff for her habitual late filing.

STEVENS & LEE

By:  _____

Gary D. Melchionni
Joseph D. Shelby
25 North Queen Street
Suite 602
Lancaster, PA 17603

Dated: September 30, 2003                    Attorneys for Defendants

3

## CERTIFICATE OF SERVICE

I, JOSEPH D. SHELBY, ESQUIRE, certify that on this date, I served a true and

correct copy of the foregoing Motion for Enlargement of Time and for Sanctions Against

Plaintiff upon the Plaintiff's attorney, via United States first class mail at the following address:

Nina B. Shapiro, Esquire
53 North Duke Street
Suite 201
Lancaster, PA  17602


_____
Joseph D. Shelby

Dated: September 30, 2003

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

CHEVELLE TINGEN,                          :
              Plaintiff            :
                               :    CIVIL ACTION No. 02-4663
      vs.                              :
                               :
ROBERT L. ECKLIN, JR., Individually and   :
doing business as ECKLIN DEVELOPMENT      :
GROUP and DENNIS SCHOPF,                   :
              Defendants          :

### PROPOSED ORDER

AND NOW, this _____ day of _____, 2003, it is hereby ordered that

Defendants', Robert L. Ecklin, Jr., individually and doing business as Ecklin Development

Group, and Dennis Schopf (collectively "Ecklin Group"), motion for extension of time and

sanctions is GRANTED. Accordingly, Defendants' counsel does not need to provide objections

to Plaintiff's trial exhibits until ten days after they are received by Defendants' counsel.

Furthermore, the following sanctions are imposed against Plaintiff because of her continual

noncompliance with this Court's Orders and long-established deadlines:

BY THE COURT:

_____
                                              J.

SL1 385433v1/40509.001