## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

CHEVELLE TINGEN,                                  :
              Plaintiff                 :
                                :    CIVIL ACTION No. 02-4663

      vs.                                     :
                                :

ROBERT L. ECKLIN, JR., Individually and            :
doing business as ECKLIN DEVELOPMENT             :
GROUP and DENNIS SCHOPF,                           :
              Defendants                :

### DEFENDANTS' MOTION TO STRIKE PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT OR, IN THE ALTERNATIVE, MOTION FOR LEAVE OF COURT TO FILE A REPLY TO PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

Defendants, Robert L. Ecklin, Jr. ("Ecklin"), Ecklin Development Group ("Ecklin Group")[1] and Dennis Schopf ("Schopf") (collectively "Defendants" or "Ecklin Group"), by their attorneys, file the following Motion.

1.    On September 4, 2003, Defendants filed a Motion for Summary Judgment, Brief in Support of Motion for Summary Judgment and Statement of Material Facts to all counts contained in the Plaintiff's Complaint.  One of the primary arguments contained in Defendants' Motion for Summary Judgment is that none of the Defendants is a covered employer, as that term is defined in Title VII of the Civil Rights Act of 1964, as amended ("Title VII").  Therefore, since the Title VII claim is the only federal question, Defendants argued that this Court lacks subject matter jurisdiction over all of Plaintiff's claims.

2.    The same Motion and Brief were served on the Plaintiff on September 3, 2003, thereby establishing a deadline of September 17, 2003 for Plaintiff to respond to the Motion for Summary Judgment, as dictated by Local Rule 7.1(c).

---

[1]    No such entity as Ecklin Development Group exists.  Ecklin Group is a sole proprietorship and Ecklin Development, LLC is a Pennsylvania limited liability company.

/SL1 385879v1/40509.001
SL1 385879v1/40509.001

3.    On September 15th, Plaintiff requested a ten day extension of time in which to file her response to Defendants' Motion for Summary Judgment, incorrectly calculating the response date to be September 18th.  Defendants opposed the Plaintiff's Motion for an extension of time.

4.    By Order of this Court, and because of the tight timeline between the summary judgment proceedings and the scheduled trial, the Court granted an extension of time to Plaintiff to respond, but limited that timeframe.  Plaintiff's request would have made her response due on September 29th.  However, the Court required that the response be filed "on September 26, 2003."  This would give the Court three additional days in which to consider Defendants' Motion for Summary Judgment.

5.    Instead of complying with this Court's Order, Plaintiff mailed a response to both the Court and Defendants via first class mail on September 26th.  The Court could not have received Plaintiff's response until Monday, September 29th.  Without any explanation, Plaintiff has ignored the reasoning behind the Court's Order to limit her request for extension of time and prejudiced Defendants in their preparation for trial.  Accordingly, Plaintiff's response to Defendants' Motion for Summary Judgment should be stricken.

6.    In the alternative, Defendants request the opportunity to file a short reply brief to Plaintiff's response for the following reasons.

7.    Plaintiff misapplies the single employer theory to make wildly incorrect calculations about the number of employees employed by Defendant Ecklin Group.

8.    In Plaintiff's response and in the counterstatement of material facts, she routinely mischaracterizes the record evidence and even misstates facts of record concerning the Tittle VII coverage issue.

(a)    For example, Plaintiff's conclusory statement that "the Ecklin Entities are co-mingled and intermingled and interrelated" on page 5 of her brief has no support in the record.  Her lone cite to the record purporting to support this bald claim is that individual Defendant Robert Ecklin is the sole owner of Ecklin Group and the lone shareholder of Stoner, Inc., a totally unrelated company.  Indeed, record evidence on the issue, i.e., Ecklin's deposition testimony, as well as his declaration, establish otherwise.  Contrary to that undisputed record evidence, Plaintiff claims that because individual Defendant Ecklin divides his weekly schedule between Stoner, Inc. in Quarryville, PA and Ecklin Group in Lancaster, PA, that the two entities share common management.  Once again, there is no cite to the record, nor could there be because the record evidence proves otherwise.  Indeed, in his deposition, individual Defendant Ecklin stated that he does not manage the operations or employees at Stoner.  Conversely, he testified that there is a management team in place, made up of five team leaders and the General Manager of the facility.  (Ecklin Depo. at 21-25, attached hereto as Exhibit A).

(b)    Moreover, in her Counterstatement of Material Facts at Paragraph 13, Plaintiff provides that "Zulma Cora reported to Defendant Robert L. Ecklin, Jr., that she knew of the sexual harassment but Defendant Ecklin ignored the information."  Plaintiff cites to no record evidence, but does provide a statement from Zulma Cora and a page from Zulma Cora's deposition in her Appendix.  Nowhere in the statement, nor in the reproduced deposition page does it provide that Cora reported any conduct to Defendant Ecklin.  (See Plaintiff's Appendix for Exhibits I and J).  Once again, Plaintiff is misleading this Court.

(c)    Additionally, in Plaintiff's Counterstatement of Material Facts, at Paragraph 18, Plaintiff claims that Ecklin Group employed a "minimum 42 employees".  She then lists the six employees that are the only employees identified in the record made in this case as employees of the Ecklin Group during the relevant time period.  However, because one of

3

these six employees, Charlene Kulesa, has on the Ecklin Group payroll statement the number "42" beside her name, Plaintiff makes the wild claim that there must be at least 42 employees. There is no record evidence to support this unfounded misrepresentation of fact.

9.    Defendants request the opportunity to file a Reply Brief to rebut only the single employer argument made by Plaintiff.  To aid the Court in its deliberations, Defendants seek the opportunity to focus their rebuttal on this issue now that Plaintiff has tried to meet her burden of proving that this Court has subject matter jurisdiction over her Title VII claim.

10.    Plaintiff argues that Stoner, Inc. and the Ecklin Group are an integrated enterprise so as to constitute a single employer for Title VII jurisdictional purposes.  (Plaintiff's Brief at Page 5).  A single employer relationship exists where two nominally separate entities are actually part of a single integrated enterprise so that, for all purposes, there is in fact, only a single employer.  The question in the single employer situation then, is whether the two nominally independent enterprises, in reality, constitute only one integrated enterprise.  *Todd Podsobinski v Israel Roizman and Roizman Development, Inc.,* 1998 U.S. Dist. LEXIS 1743, at *7 (E.D. Pa. 1998) (citations omitted).  Plaintiff does correctly cite the four factor test in determining single employer status.

11.    All four factors are not necessary for single employer status.  Rather, the heart of the inquiry is whether there is an absence of an arms' length relationship among the companies.  *See Calvert v. Midwest Restoration Services, Inc.,* 2002 U.S. App. LEXIS 9747, at *9 (10th Cir. 2002).

12.    Even though there was evidence of common management and ownership in *Calvert, supra,* the court refused to integrate the employers for Title VII coverage purposes because the remaining factors did not point to the existence of an integrated enterprise.  The court relied on the fact that the entities had separate customers, separate payroll accounts,

4

separate insurance policies and separate bank accounts.  Further, they engaged in separate lines

of business and employed separate supervisors.  While they did use the same bookkeeper and

outside accountant, the bookkeeper and accountant were paid separately by each entity for the

work they performed.  While they shared a physical address during much of the time that

plaintiff was employed, they had distinct phone numbers and physical addresses.  *Id.*  Many of

the integration factors which were not sufficient to integrate the companies in *Calvert* are not

even present in the current situation.  The only factor present is that both entities are owned by

Robert Ecklin.  They are in separate cities, have separate phone numbers, bank accounts, payroll,

benefit plans and supervisors.  Further, they are in distinct lines of business as one company

operates commercial and residential real estate in Lancaster City while the other company

manufactures lubricants for industrial uses and sells its products nationally.  (Ecklin Decl., ¶¶5,

21-22).

13.  Plaintiff also claims in her response that the Title VII coverage issue is a

factual issue that must be determined by a jury.  Once again, she misstates the law.  The

determination of whether the alleged "employer" meets the statutory definition and, therefore

provides subject matter jurisdiction to this Court, must be decided by the Court.  *Shepherdson v.*

*Local Union No. 401 of International Association of Bridge Structural and Ornamental Iron*

*Workers*, 823 F.Supp. 1245, 1249 (E.D. Pa. 1993).

14.  Furthermore, Plaintiff cites to evidence that is inadmissible at trial, and

clearly cannot be considered by the Court when it decides Defendants' Motion for Summary

Judgment.

(a)  For example, Plaintiff continuously cites and relies on a newspaper

article wherein Defendant Ecklin supposedly said that the Ecklin Group employed 12

individuals.  (Plaintiff's Appendix, Exhibit D).  This is clearly inadmissible hearsay, will not be

5

admissible evidence at trial, and cannot be considered for purposes of Defendants' Motion for Summary Judgment.

(b)  Plaintiff relies on a diary that is hearsay in and of itself and contains double and triple hearsay.  The diary is a subject of Defendants' Motion in Limine to which Plaintiff failed to timely respond.

WHEREFORE, Defendants request that this Court strike Plaintiff's Response in Opposition to Defendants' Motion for Summary Judgment, or, in the alternative, grant Defendants an opportunity to file a reply brief illustrating the mischaracterizations of the record and addressing the single employer issue for Title VII coverage purposes.

STEVENS & LEE

Dated:  October 1, 2003                    By:_____

Gary D. Melchionni
Joseph D. Shelby
25 N. Queen Street
Suite 602
Lancaster, PA  17603
(717) 291-1031

Attorneys for Defendants Robert L. Ecklin, Jr.,
Ecklin Group and Dennis Schopf

6

## CERTIFICATE OF SERVICE

I, GARY D. MELCHIONNI, ESQUIRE, certify that on this date, I served a true and correct copy of the foregoing DEFENDANTS' MOTION TO STRIKE PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT OR, IN THE ALTERNATIVE, MOTION FOR LEAVE OF COURT TO FILE A REPLY TO PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT upon the Plaintiff's attorney, via hand delivery at the following address:

> Nina B. Shapiro, Esquire
> 53 North Duke Street
> Suite 201
> Lancaster, PA  17602


_____
Gary D. Melchionni

Dated:  October 1, 2003

SL1 385879v1/40509.001