IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CHEVELLE TINGEN, : | |
|        Plaintiff : | |
| : | CIVIL ACTION No. 02-4663 |
| vs. : | |
| : | |
| ROBERT L. ECKLIN, JR., Individually and : | |
| doing business as ECKLIN DEVELOPMENT : | |
| GROUP and DENNIS SCHOPF, : | |
|        Defendants : | |

**AGREED TO PROPOSED JURY INSTRUCTIONS**

    Defendants, Robert L. Ecklin, Jr., individually and doing business as Ecklin Development Group ("Ecklin Group") and Dennis Schopf and Plaintiff Chevelle Tingen hereby request that the Court instruct the jury in accordance with the agreed to Proposed Instructions attached as Schedule "A" hereto.

Date: October 3, 2003                STEVENS & LEE

                                        By_____

                                            Gary D. Melchionni
                                            Joseph D. Shelby
                                            Suite 602
                                            25 North Queen Street
                                            Lancaster, PA 17603

                                            Attorneys for Defendants

## **SCHEDULE A**

PROPOSED JURY INSTRUCTION NO. 1

This case should be considered and decided by you as an action between persons of equal standing in the community, of equal worth, and holding the same or similar stations of life. A corporation is entitled to the same fair trial at your hands as a private individual. All persons, including corporations, partnerships, unincorporated associations, and other organizations, stand equal before the law, and are to be treated as equals.

Approved _____     Denied _____     Approved As Modified _____

---

This instruction is taken in unmodified form from 5 K. O'Malley, J. Grenig & W. Lee, *Federal Jury Practice and Instructions* § 103.12 (2000).

PROPOSED JURY INSTRUCTION NO. 2[1]

  The law permits me to comment to you on the evidence in the case. These comments are only an expression of my opinion as to the facts. You may disregard my comments entirely, since you as jurors are the sole judges of the facts, and are not bound by comments or opinions.

  Approved _____ Denied _____ Approved As Modified _____

---

[1] This instruction is taken in unmodified form from 5 K. O'Malley, J. Grenig & W. Lee, *Federal Jury Practice and Instructions* § 103.33 (2000).

3

PROPOSED JURY INSTRUCTION NO. 3

In reaching your verdict, you may consider only the testimony and exhibits received into evidence. Certain things are not evidence, and you may not consider them in deciding what the facts are. I will list them for you:

1. Arguments and statements by lawyers are not evidence. The lawyers are not witnesses. What they have said in their opening statements, closing arguments, and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

2. Questions and objections by lawyers are not evidence. Attorneys have a duty to their clients to object when they believe a question is improper under the Rules of Evidence. You should not be influenced by the objection or by the Court's ruling on it.

3. Testimony that has been excluded or stricken, or that you have been instructed to disregard, is not evidence and must not be considered. [In addition some testimony and exhibits have been received only for a limited purpose; where I have given a limiting instruction, you must follow it.]

Anything you may have seen or heard when the court was not in session is not evidence. You are to decide the case solely on the evidence received at trial.

Approved _____    Denied _____    Approved As Modified _____

---

This instruction is taken in unmodified form from the Model Civil Jury Instructions for the Ninth Circuit, Instruction 3.05 (1993).

4

PROPOSED JURY INSTRUCTION NO. 4

      Plaintiff Chevelle Tingen has the burden in a civil action, such as this, to prove every essential element of her claims by a preponderance of the evidence. If plaintiff should fail to establish any essential element of any of plaintiff's claims by a preponderance of the evidence in the case, you should find for defendants as to that claim.

      "Establish by a preponderance of the evidence" means to prove that something is more likely so than not so. In other words, a preponderance of the evidence in the case means such evidence as, when considered and compared with that opposed to it, has more convincing force, and produces in your minds belief that what is sought to be proved is more likely true than not true. The standard does not require proof to an absolute certainty, since proof to an absolute certainty is seldom possible in any case.

      In determining whether any fact in issue has been proved by a preponderance of the evidence you may, unless otherwise instructed, consider the testimony of all witnesses, regardless of who may have called them, and all exhibits received in evidence, regardless of who may have produced them.

      Approved _____    Denied _____    Approved As Modified _____

---

This instruction is taken in unmodified form from 5 K. O'Malley, J. Grenig & W. Lee, *Federal Jury Practice and Instructions* § 104.01 (2000). *See also Porter v. American Export Lines, Inc.*, 387 F.2d 409, 411-12 (3d Cir. 1968).

5

PROPOSED JURY INSTRUCTION NO. 5

The rules of evidence ordinarily do not permit witnesses to testify as to opinions or conclusions. An exception to this rule exists for "expert witnesses." An expert witness is a person who, by education and experience has become expert in some art, science, profession, or calling. Expert Witnesses may state their opinions as to matters in which they profess to be expert, and may also state their reasons for the opinion.

You should consider each expert opinion received in evidence in this case, and give it such weight as you may think it deserves. If you should decide that the opinion of an expert witness is not based upon sufficient education and experience, or if you should conclude that the reasons given in support of the opinion are not sound, or if you feel that it is outweighed by other evidence, you may disregard the opinion entirely.

Approved _____    Denied _____    Approved As Modified _____

---

This instruction is taken in unmodified form from 5 K. O'Malley, J. Grenig & W. Lee, *Federal Jury Practice and Instructions* § 104.40 (2000).

6

SL1 386880v1/40509.001

PROPOSED JURY INSTRUCTION NO. 6

You are the sole judges of the credibility of the witnesses and the weight their testimony deserves. You may be guided by the appearance and conduct of the witness, or by the manner in which the witness testifies, or by the character of the testimony given, or by evidence contrary to the testimony.

You should carefully examine all the testimony given, the circumstances under which each witness has testified, and every matter in evidence tending to show whether a witness is worthy of belief. Consider each witness' intelligence, motive and state of mind, and demeanor or manner while testifying.

Consider the witness' ability to observe the matters as to which the witness has testified, and whether the witness impresses you as having an accurate recollection of these matters. Also, consider any relation each witness may have with either side of the case, the manner in which each witness might be affected by the verdict, and the extent to which the testimony of each witness is either supported or contradicted by other evidence in the case.

Inconsistencies or discrepancies in the testimony of a witness, or between the testimony of different witnesses may or may not cause you to discredit such testimony. Two or more persons seeing an event may see or hear it differently.

In weighing the effect of a discrepancy, always consider whether it pertains to a matter of importance or an unimportant detail, and whether the discrepancy results from innocent error or intentional falsehood.

After making your own judgment, you will give the testimony of each witness such weight, if any, that you may think it deserves. In short, you may accept or reject the testimony of any witness, in whole or in part.

In addition, the weight of the evidence is not necessarily determined by the

7

number of witnesses testifying to the existence or nonexistence of any fact.  You may find that the testimony of a small number of witnesses as to any fact is more credible than the testimony of a larger number of witnesses to the contrary.

Approved _____   Denied _____   Approved As Modified _____

---

This instruction is taken in unmodified form from 5 K. O'Malley, J. Grenig & W. Lee, *Federal Jury Practice and Instructions* § 105.01 (2000).

8

PROPOSED JURY INSTRUCTION NO. 7

      A witness may be discredited or impeached by contradictory evidence or by evidence that at some other time the witness has said or done something, or has failed to say or do something that is inconsistent with the witness' present testimony.

      If you believe any witness has been impeached and thus discredited, you may give the testimony of that witness such credibility, if any, you think it deserves.

      If a witness is shown knowingly to have testified falsely about any material matter, you have a right to distrust such witness' other testimony and you may reject all the testimony of that witness or give it such credibility as you may think it deserves.

      An act or omission is "knowingly" done, if voluntarily and intentionally, and not because of mistake or accident or other innocent reason.

      Approved _____   Denied _____   Approved As Modified _____

---

This instruction is taken in unmodified form from 5 K. O'Malley, J. Grenig & W. Lee, *Federal Jury Practice and Instructions* § 105.04 (2000).

## **LIABILITY - STATE TORT LAW CLAIMS**

PROPOSED JURY INSTRUCTION NO. 8

<u>Battery - Liability</u>: A battery is an act done with the intent to cause a harmful or offensive contact with the body of another and that directly results in the harmful or offensive contact with the body of another.

In order for <u>Mr. Schopf</u> [the defendant] to be held responsible for committing a battery against the plaintiff, you must find:

1. that <u>he</u> [the defendant] intended to cause a harmful or offensive contact with the body of the plaintiff [or that <u>he</u> [the defendant] intended to put the plaintiff in reasonable and immediate fear of a harmful or offensive contact with his body]; and

2. that <u>his</u> [the defendant's] act directly [or indirectly] resulted in a harmful or offensive contact with the plaintiff's body.

A body contact is offensive if it would offend a reasonable person's personal sense of dignity.

Approved _____    Denied _____    Approved As Modified _____

This instruction is taken in a modified form from *Pennsylvania Suggested Standard Civil Jury Instruction* No. 13.02 (Civ.).

10

PROPOSED JURY INSTRUCTION NO. 9

Intentional Infliction of Emotional Distress - Liability:  In order to sustain a claim for intentional infliction of emotional distress, the plaintiff must establish four elements:

1. the conduct of the defendant must be intentional or reckless;

2. the conduct must be extreme and outrageous;

3. the conduct must cause emotional distress; and

4. the distress must be severe.

If you determine that these elements were met, you must determine against which defendant(s) they were met.[1]

Approved _____   Denied _____   Approved As Modified _____

---

[1] *Hitchens v. County of Montgomery*, 2002 U.S. Dist. Lexis 2050, *27-28 (E.D. Pa. 2002); *Chuy v. Philadelphia Eagles Football Club*, 595 F.2d 1265, 1273 (3d Cir. 1979).

11

PROPOSED JURY INSTRUCTION NO. 10

      A person who by extreme and outrageous conduct intentionally or recklessly causes severe emotional distress to another is subject to liability for such emotional distress and for any bodily harm to the other that results from the emotional distress.

      Extreme and outrageous conduct is that which goes beyond all possible bounds of decency and would be regarded as atrocious and utterly intolerable in a civilized community.

      Emotional distress includes all highly unpleasant mental reactions such as fright, horror, grief, shame, humiliation, embarrassment, anger, chagrin, disappointment and worry. Severe means that it is that no reasonable person could be expected to endure it. In determining whether the emotional distress suffered by the plaintiff was severe, you may consider both the intensity of the distress and its duration.

      Approved _____    Denied _____    Approved As Modified _____

---

See Pa SSJI 13.03 (Civ); Restatement (Second) of Torts section 46 (1965); *Hackney v. Woodring*, 424 Pa. Super. 96, 622 A.2d 286 (1993).

12

## **STATE TORT LAW CLAIMS -PUNITIVE DAMAGES**

PROPOSED JURY INSTRUCTION NO. 11

If you find the defendants' conduct was a substantial factor in bringing about the harm the plaintiff is alleged to have suffered and if you find that the conduct of the defendants was outrageous, you may award punitive damages, as well as any compensatory damages, in order to punish the defendant for his conduct and to deter the defendant and others from the commission of like acts.

A person's conduct is outrageous when he acts with a bad motive or when he acts with reckless indifference to the interests of others.

Approved _____   Denied _____   Approved As Modified _____

---

See Pa SSJI 14.00 (Civ) Punitive Damages, Restatement of Torts, section 908(1); *Chambers v. Montgomery*, 411 Pa. 339, 192 (A.2d 355 (1963).

13

PROPOSED JURY INSTRUCTION NO. 12

If you decide that the plaintiff is entitled to an award of punitive damages, it is your job to fix the amount of such damages. In doing so, you may consider any or all of the following factors:

- the character of the defendants' act,

- the nature and extent of the harm to the plaintiff that the defendant caused or intended to cause [[; in this regard you may include the plaintiff's trouble and expense in seeking to protect [his] [her] interests in legal proceedings and in this suit]], and

- the wealth of the defendant insofar as it is relevant in fixing an amount that will punish <u>them</u> and deter <u>them</u> and others from like conduct in the future.

[The amount you assess as punitive damages need not bear any relationship to the amount you choose to award as compensatory damages, and it [It] is not necessary that you award compensatory damages to the plaintiff in order to assess punitive damages against the defendant as long as you find in favor of the plaintiff and against the defendant on the question of liability.]

You must determine whether punitive damages are to be assessed against each defendant by that defendant's conduct alone, and the amount of any punitive damages assessed must be measured by your consideration of the factors I have listed as they apply to each particular defendant. While you will return your award of compensatory damages, if any, in one lump sum amount as to all defendants, you must return a separate verdict as to punitive damages, if any, against each of the defendants.

The amount of punitive damages awarded must not be the result of passion or prejudice against the defendant on the part of the jury. The sole purpose of punitive damages is to punish the defendant's outrageous conduct and to deter the defendant and others from similar acts.

This instruction is taken in modified form from *Pennsylvania Suggested Standard Civil Jury Instruction* No. 14.02 (Civ.) (suggested deletions in brackets, suggested additions underlined).

**CERTIFICATE OF SERVICE**

      I, JOSEPH D. SHELBY, ESQUIRE, certify that on this date, I served a true and correct copy of the foregoing DEFENDANTS' AGREED TO PROPOSED JURY INSTRUCTIONS upon the Plaintiff's attorney, via first class mail at the following address:

>Nina B. Shapiro, Esquire
>53 North Duke Street
>Suite 201
>Lancaster, PA  17602

                                                       _____
                                                       Joseph D. Shelby

Dated:  October 3, 2003

SL1 386880v1/40509.001