IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CHEVELLE TINGEN, | : | |
| Plaintiff | : | |
| | : | CIVIL ACTION No. 02-4663 |
| vs. | : | |
| | : | |
| ROBERT L. ECKLIN, JR., Individually and doing business as ECKLIN DEVELOPMENT GROUP and DENNIS SCHOPF, | : : : | |
| Defendants | : | |

### DEFENDANTS' SUPPLEMENTAL PROPOSED JURY INSTRUCTIONS

Defendants, Robert L. Ecklin, Jr., individually and doing business as Ecklin Development Group ("Ecklin Group") and Dennis Schopf, hereby request that the Court instruct the jury in accordance with the proposed instructions attached as Schedule "A" hereto.

Date:  October 3, 2003

STEVENS & LEE

By_____
    Gary D. Melchionni
    Joseph D. Shelby
    Suite 602
    25 North Queen Street
    Lancaster, PA 17603

Attorneys for Defendants

**LIABILITY – SEXUAL HARASSMENT CLAIMS**

PROPOSED JURY INSTRUCTION NO. 1

      Having instructed you on the general rules that are to govern your deliberations, I will now turn to the substantive law that you are to apply to this case.  The claim before you is based upon a statute known as Title VII of the Civil Rights Act of 1964 ("Title VII") and a parallel state statute known as the Pennsylvania Human Relations Act ("PHRA").  Those laws make it unlawful for an employer to intentionally discriminate against an employee because of the person's gender.  Ms. Tingen claims that she was sexually harassed in violation of the statute. She claims she was sexually assaulted while at work two to three times a week by her Supervisor, Dennis Schopf, beginning in early 1996 until she quit her employment on July 19, 2000.  Defendant Schopf denies he sexually assaulted Ms. Tingen and claims they had a sexual affair during this four (4) year period.  Defendant Ecklin Group denies knowledge of any sexual harassment or consensual affair during the relevant time period.

      Approved _____   Denied _____   Approved As Modified _____

---

For simplicity, throughout these instructions, I will refer only to Title VII.  I instruct you that both statutes have the same elements and require the plaintiff to satisfy the same burden of proof.

2

PROPOSED JURY INSTRUCTION NO. 2

The plaintiff alleges that Ecklin Group violated Title VII, subjecting her to a sexually hostile work environment during her employment with Ecklin Group.  To prove a gender-based, hostile work environment existed, the plaintiff must prove that:  (1) she suffered intentional discrimination because of her sex; (2) the discrimination was pervasive and regular; (3) the discrimination detrimentally affected the plaintiff; and (4) the discrimination would detrimentally affect a reasonable person of the same sex in that position.  For plaintiff to prevail on this claim, she must prove each and every one of the four elements described above.  Furthermore, plaintiff must prove that the conduct was unwelcome.

Approved _____       Denied _____       Approved As Modified _____

---

*Harris v. Forklift Systems, Inc.*, 510 U.S. 17, 114 S. Ct. 367 (1993); *Knabe v. The Boury Corp.*, 114 F.3d 407 (3d Cir. 1997); *Bouton v. BMW of North America, Inc.*, 29 F.3d 103 (3d Cir. 1994); *Andrews v. City of Philadelphia*, 895 F.2d 1469 (3d Cir. 1990).

PROPOSED JURY INSTRUCTION NO. 3

For Plaintiff to be able to show a violation of the law, she must prove she was subjected to a sexually objectionable environment that is both objectively and subjectively offensive. This means it must be one that a reasonable person would find hostile or abusive, and one that Tingen in fact did perceive to be so. If the conduct was welcomed by Tingen, it was not subjectively offensive.

Approved _____   Denied _____   Approved As Modified _____

---

*Harris v. Forklift Systems, Inc.*, 510 U.S. 17, 114 S. Ct. 367 (1993); *Knabe v. The Boury Corp.*, 114 F.3d 407 (3d Cir. 1997); *Bouton v. BMW of North America, Inc.*, 29 F.3d 103 (3d Cir. 1994); *Andrews v. City of Philadelphia*, 895 F.2d 1469 (3d Cir. 1990).

4

PROPOSED JURY INSTRUCTION NO. 4

      The Plaintiff must also prove that the alleged sexually hostile conduct detrimentally affected her personally. This is a subjective analysis, which requires the plaintiff to prove that the alleged harassment was sufficiently severe or pervasive to alter the conditions of her employment and create an abusive work environment for her. In making this determination, you may examine the nature of the work environment itself and whether the plaintiff participated in the offensive conduct or similar conduct. You may also consider whether and when the plaintiff told Rob Ecklin, through realistic efforts delivered with urgency, sincerity or force, that she considered such conduct offensive and unwelcome.

      If you find that plaintiff's work environment did not detrimentally affect her personally, you must find for Ecklin Group on plaintiff's hostile work environment claim.

Approved _____    Denied _____    Approved As Modified _____

---

*Harris v. Forklift Systems, Inc.*, 510 U.S. 17, 114 S. Ct. 367 (1993); *Spain v. Gallegos*, 26 F.3d 439 (3d Cir. 1994); *Andrews v. City of Philadelphia*, 895 F.2 d 1469 (3d Cir. 1990).

5

SL1 380919v3/40509.001

## **LIABILITY - STATE TORT LAW CLAIMS**

PROPOSED JURY INSTRUCTION NO. 5

<u>Negligent Retention</u>:  The legal term "negligence," otherwise known as carelessness, is the absence of ordinary care that a reasonably prudent person would use in the circumstances presented here.  Negligent conduct may consist either of an act or a failure to act when there is a duty to do so.  In other words, negligence is the failure to do something that a reasonably careful person would do, or doing something that a reasonably careful person would not do, in light of all the surrounding circumstances established by the evidence in this case.  It is for you to determine how a reasonably careful person would act in those circumstances.

<u>In this case, plaintiff claims that Robert Ecklin and the Ecklin Group were negligent in their retention and/or supervision of Dennis Schopf as an employee.  You must determine whether the employer (i.e., Ecklin Group) knew, or in the exercise of ordinary care, should have known of the necessity for exercising control over Mr. Schopf.  In other words, the inquiry focuses on whether the harm was reasonably foreseeable to the employer</u>.[1]

Approved  _____      Denied  _____     Approved As Modified  _____

---

[1]  This instruction is taken in a modified form from *Pennsylvania Suggested Standard Civil Jury Instruction* No. 3.01 (Civ.) (suggested additions are underlined); *see also Schofield v. Trustees of the University of Pennsylvania*, 894 F. Supp. 194, 196 (E.D. Pa. 1995).

6

**DAMAGES - TITLE VII**

PROPOSED JURY INSTRUCTION NO. 6

The fact that I instruct you on the issue of damages must not be taken as an indication that you should decide for the plaintiff. It is for you to decide on the evidence presented and the rules of law I have given you whether the plaintiff is entitled to recover anything from Ecklin Group with respect to her claims of a hostile work environment. Only if you decide that the plaintiff was subjected to a sexually hostile work environment should you then consider the measure of damages.

Plaintiff is seeking compensatory damages for the harm she allegedly suffered. To recover compensatory damages, the plaintiff must prove by a preponderance of the evidence that she suffered actual injury as a result of Ecklin Group's actions. The issue is not whether the plaintiff suffered harm as a result of the actions taken by her fellow employees or supervisors. Remember the only defendant is Ecklin Group. Thus, the critical question is whether the plaintiff suffered harm as a result of Ecklin Group's actions.

Plaintiff alleges she suffered emotional harm as a result of Ecklin Group's actions. You are not to presume the plaintiff suffered emotional harm simply because she may have been a victim of discrimination. The existence, nature, and severity of emotional harm must be proved by the plaintiff. Possible or speculative harm is not enough.

To be entitled to damages for emotional harm, plaintiff must first prove, by direct and substantial evidence, that she suffered emotional harm. In other words, plaintiff must present actual evidence of mental anguish such as sleeplessness, anxiety, embarrassment or depression. If plaintiff proves she suffered such emotional harm, she must then prove the harm was caused by discrimination. Finally, a damage award for emotional harm must be limited to

7

the sum necessary to compensate the plaintiff for any actual emotional harm she may have suffered.

Approved _____    Denied _____    Approved As Modified _____

---

*Gunby v. Pennsylvania Elec. Co.*, 840 F.2d 1108, 1120-22 (3d Cir. 1988), *cert. denied*, 492 U.S. 905 (1989).

SL1 380919v3/40509.001

## **MEASURE OF DAMAGES – TITLE VII AND PHRA**

If you determine that the Defendant discriminated against the Plaintiff on the basis of her gender and you determine that she was constructively discharged, then you must determine the amount of damages that the Plaintiff has sustained as a result of the Defendants' conduct. In that event, Plaintiff is entitled to receive damages in an amount equal to the pay that she would have received from the Defendant Ecklin Group had she not been constructively discharged, measured from the date of the discharge until today. You must deduct from this sum the wages that Plaintiff earned during this time period or could have earned with reasonable diligence.

Approved _____        Denied _____        Approved As Modified _____

This instruction is taken in modified form from 5 K.O'Malley *Federal Jury Practice and Instructions*, §§ 171.91 and 171.95 (2000); *Rogers v. Exxon Research & Engineering Co.*, 550 F.2d 834, 839-41 (3d Cir. 1977), *cert. denied*, 434 U.S. 1022 (1978), *rev'd on other grounds*, 584 F.2d 1231 (3d Cir. 1978); *Rodriguez v. Taylor*, 569 F.2d 1231, 1242-43 (3d Cir. 1977), *cert. denied*, 436 U.S. 913 (1978); *Arnett v. Aspin*, 846 F. Supp. 1234, 1241-42 (E.D. Pa. 1994).

9

**Please give this instruction to the jury only if, after the presentation of the evidence, the Court deems it necessary for the jury to consider the issue of punitive damages for the Title VII claim.**

PROPOSED JURY INSTRUCTION NO. 7

In addition to actual damages, the law allows, but does not require, an award of punitive damages.

Punitive damages are awarded to punish a defendant for alleged unlawful conduct as well as to deter others from the unlawful conduct. Punitive damages are available only where the defendant acted with malice or with reckless indifference to the protected rights of the plaintiff. Remember that the defendant for purposes of punitive damages in this case is Ecklin Group, not its supervisors or employees. Even if you believe that a certain individual employee should be punished, you may not award punitive damages against Ecklin Group unless you determine that the plaintiff has shown that Ecklin Group itself acted with malice. Furthermore, a finding of liability against Ecklin Group does not, in itself, entitle the plaintiff to an award of punitive damages. A number of factors may be considered to determine whether Ecklin Group's conduct was committed with malice or reckless indifference, including:

(1) whether Ecklin Group's conduct was shocking or offends the conscience;

(2) the nature, extent, and severity of the harm to the plaintiff;

(3) the duration or frequency of Ecklin Group's conduct;

(4) Ecklin Group's indifference to the plaintiff's federally protected rights.

Any award of punitive damages should bear some relation to the character of Ecklin Group's action, or failure to act, along with the nature and extent of the harm that Ecklin Group may have caused to the plaintiff. You must not be influenced by sympathy for or dislike

of a party in the case when determining these damages.  Subject to the principles I have just described, it is within your discretion to award or withhold punitive damages in this case.

Approved _____     Denied _____     Approved As Modified _____

---

*Smith v. Wade*, 461 U.S. 30, 103 S. Ct. 1625 (1983); *Splunge v. Shoney's, Inc.*, 97 F.3d 488 (11th Cir. 1996); *Fitzgerald v. Mountain States Tel. & Tel. Co.*, 68 F.3d 1257 (10th Cir. 1995).

11

**CERTIFICATE OF SERVICE**

I, JOSEPH D. SHELBY, ESQUIRE, certify that on this date, I served a true and correct copy of the foregoing DEFENDANTS' SUPPLEMENTAL PROPOSED JURY INSTRUCTIONS upon the Plaintiff's attorney, via first class mail at the following address:

>Nina B. Shapiro, Esquire
>53 North Duke Street
>Suite 201
>Lancaster, PA  17602

>Joseph D. Shelby

Dated:  October 3, 2003