```
            IN THE UNITED STATES DISTRICT COURT
         FOR THE EASTERN DISTRICT OF PENNSYLVANIA

CHEVELLE TINGEN,                     )
                                     )  Civil Action
            Plaintiff                )  No. 02-CV-04663
                                     )
      vs.                            )
                                     )
ROBERT L. ECKLIN, JR.,               )
Individually and doing business      )
as ECKLIN DEVELOPMENT GROUP, and     )
DENNIS SCHOPF,                       )
                                     )
            Defendants               )
```

<u>AMENDED JURY TRIAL ATTACHMENT ORDER</u>

NOW, this 10th day of October, 2003, it appearing there is an outstanding motion for summary judgment filed by defendants; it further appearing there are outstanding motions in limine filed by plaintiff and defendants,

<u>IT IS ORDERED</u> that the Jury Trial Attachment Order dated April 1, 2003 and filed April 3, 2003 attaching this case for jury trial on October 20, 2003 is stricken.

<u>IT IS ORDERED</u> that a jury trial of the within case shall commence before Judge Gardner on Monday, February 23, 2004, at 9:30 o'clock a.m. in Courtroom B, Edward N. Cahn United States Courthouse, 504 West Hamilton Street, Allentown, Pennsylvania, or as soon thereafter as the schedule of the court permits, following jury selection at the United States Courthouse, 601 Market Street, Philadelphia, Pennsylvania.  This Order shall serve as a formal attachment for trial.

<u>IT IS FURTHER ORDERED</u> each party shall file not later than one week before trial, its objections to the non-agreed upon instructions proposed by the other party.  Any and all objections shall be in writing and shall set forth the objectionable proposed instruction in its entirety.  The objection shall then specifically set forth the objectionable material in the proposed instruction.  The objection shall contain citation to legal authority explaining why the instruction is improper and a concise statement of argument concerning the instruction.  Where applicable, the objecting party shall submit a correct alternative instruction covering the subject or principle of law, with citation to legal authority supporting the alternative instruction.

All proposed supplemental jury instructions shall be numbered and shall have citations of authority for each point (one instruction per page).  If a model jury instruction is submitted, for example, from <u>Pennsylvania Suggested Standard Civil Jury Instructions</u>, or from Devitt and Blackmar, <u>Federal</u>

<u>Jury Practice and Instructions</u>, (4th Edition), counsel[1] shall indicate whether the proposed jury instruction is modified or unchanged.  If counsel modifies a model jury instruction, additions shall be underlined and deletions shall be placed in brackets.  If a model jury instruction is unchanged, it shall be submitted by title and paragraph number reference only, and shall not be retyped verbatim.

<u>IT IS FURTHER ORDERED</u> that not later than three weeks prior to trial any party having an objection to:  (a) the admissibility of any exhibit based on authenticity, (b) the adequacy of the qualifications of an expert witness expected to testify, (c) the admissibility for any reason (except relevancy) of any item of evidence expected to be offered, or (d) the admissibility of any opinion testimony from lay witnesses pursuant to Federal Rule of Evidence 701, shall set forth separately in writing each such objection, clearly and concisely.  The objection shall describe, with particularity, the grounds for the objection and the authority relied upon.

<u>IT IS FURTHER ORDERED</u> that unless stipulated to by all affected parties and approved by the court, or by Order of court so as to avoid manifest injustice, only those exhibits, discovery items and expert witnesses identified in the manner set forth in this Order shall be considered by the court for admission into evidence at trial.

<u>IT IS FURTHER ORDERED</u> that the unavailability of a witness at the time of trial in the manner defined in Federal Rule of Civil Procedure 32(a)(3), will not be a ground to delay the commencement, or progress, of a trial.  In such circumstances, the court anticipates the use of oral or videotape depositions at trial of any unavailable witness whose testimony a party believes essential to the presentation of that party's case, whether that witness is a party, a non-party or an expert.

<u>IT IS FURTHER ORDERED</u> that any party offering a deposition at trial shall provide the court, prior to commencement of trial, a copy of the deposition transcript, but only after all efforts have been made to resolve objections with all counsel and unrepresented parties.  Portions of the deposition offered by plaintiff shall be marked in blue; portions offered by defendant, in red.  Where a court ruling is necessary, the basis for unresolved objections shall be written in ten words or less in the margin of the deposition, accompanied by a separate written index of such objections.

<u>IT IS FURTHER ORDERED</u> that at least five business days before commencement of trial, each party shall submit to the court a written summary, not to exceed two pages in length, in

---

[1] Whenever used in this Order, the terms "counsel" and "counsel for the parties" shall also refer to any unrepresented parties.

plain language, of its contentions regarding the facts and that party's theories concerning liability and damages.  Prior to the beginning of voir dire, all other parties may submit in writing objections or alternatives to this summary.  The summary may be used by the court in its preliminary and final instructions to the jury to familiarize the jurors with the general framework of the factual and legal issues and contentions in the case.

    <u>IT IS FURTHER ORDERED</u> that counsel shall familiarize themselves with the Local Rules of Civil Procedure of the United States District Court for the Eastern District of Pennsylvania.  Failure to comply with the within Order or the Local Rules may result in the imposition of sanctions.

    <u>IT IS FURTHER ORDERED</u> continuances will be granted only in extraordinary circumstances.  Continuance requests shall be filed by one counsel of record for each represented party and by each unrepresented party.  Continuance requests shall be submitted at least ten days prior to the commencement of trial on a form approved by Judge Gardner.

BY:

Cheryl E. Sinclair
Civil Deputy Clerk to
Hon. James Knoll Gardner
Phone:  (610) 434-3457