IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CHEVELLE TINGEN, | : | |
| Plaintiff | : | |
| vs. | : | CIVIL ACTION No. 02-4663 |
| | : | |
| ROBERT L. ECKLIN, JR., Individually and doing business as ECKLIN DEVELOPMENT GROUP and DENNIS SCHOPF, | : | |
| Defendants | : | |

## REPLY BRIEF IN SUPPORT OF DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

Pursuant to this Court's Order, Defendants file the following Reply Brief in support of their pending motion for summary judgment.

### *ARGUMENT*

In addition to Plaintiff's Brief in Opposition to Defendants' Motion for Summary Judgment and Counterstatement of Material Facts being replete within inaccuracies and brazen mischaracterizations of the record, she utterly fails to carry her burden of proof to show that this Court has subject matter jurisdiction over any of her claims. Her analysis, while predicated on facts not present in the record and on evidence which would be inadmissible at trial, fails to establish that any of the Defendants are a covered employer, as that term is defined by Title VII of the Civil Rights Act of 1964, as amended. As a result, this Court lacks subject matter jurisdiction over the lone federal claim in the complaint; therefore, that federal claim should be dismissed, as should all pendent state law claims.

This Court is free to treat the jurisdictional issue as one under Federal Rule of Civil Procedure 12(b)(1), dismissal for lack of subject matter jurisdiction. In fact, the "single employer" or "integrated-enterprise" test, as Plaintiff is requesting this Court apply, is a threshold jurisdictional issue and should be resolved under Fed. R. Civ. P. 12(b)(1), rather than under summary judgment analysis. *Calvert v. Midwest Restoration Services, Inc.*, 2002 U.S. App. LEXIS 9747, *8 (10th Cir. 2002). However, the issue may also be decided at the summary judgment stage of the proceedings. *See, e.g.,*

*Martin v. Safeguard Scientifics, Inc.*, 17 F. Supp. 2d 357 (E.D. Pa. 1998). The distinction is important because under Fed. R. Civ. P. 12(b)(1), the district court is permitted to resolve factual disputes and to reach a disposition on the ultimate issue in spite of conflicting evidence. *Calvert*, *supra*, *8 n.2.

As this Court has explained in *Podsobinski v. Israel Roizman and Roizman Development, Inc.*, 1998 U.S. Dist. LEXIS 1743, at *5-6 (E.D. Pa. 1998):

> Under Rule 12(b)(1), there are two types of challenges to subject matter jurisdiction: (1) to the complaint on its face; and (2) to the existence of subject matter jurisdiction in fact. A facial attack requires the Court to accept the truth of the allegations of the complaint. By contrast, in considering a factual attack, 'no presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims.' Moreover, a factual attack permits the Court to weigh the evidence in deciding whether there is, indeed, subject matter jurisdiction.

(Citations omitted). Like *Podsobinski*, this case involves a challenge to the factual basis of Plaintiff's Title VII claim for jurisdictional purposes. On a motion to dismiss for lack of jurisdiction, it is the plaintiff who bears the burden of showing that jurisdiction exists in fact. *Id.*; *Kehr Packages, Inc. v. Fidelcor, Inc.*, 926 F.2d 1406, 1409 (3d Cir. 1991).

A. ***Plaintiff Has Failed To Present Evidence Sufficient To Carry Her Burden That Any Of The Defendants Is A Covered Employer Under Title VII.***

Plaintiff's claims cannot survive Defendants' Summary Judgment Motion for one fundamental reason: she cannot establish that any of the Defendants is an "employer" under Title VII.

1. *The Record Evidence Establishes That the Ecklin Group Only Employed Six Individuals in 1999 and 2000.*

As is evidenced in Defendants' Motion for Summary Judgment, the Ecklin Group had six employees in 1999 and had the same six employees, and no others, in 2000. (Defendants' Brief in Support for Summary Judgment at pp. 5-6; Statement of Material Facts, ¶¶ 18-19). [1] Those employees were identified by name in Defendant Robert Ecklin's Deposition, in his Declaration and in

---

[1] Defendants filed an Appendix to their Brief in Support of Motion for Summary Judgment which contained, *inter alia*, Robert Ecklin's Declaration and cited pages of his deposition transcript. Defendants' herewith submit a Supplemental Appendix containing the pages from Ecklin's deposition cited in this Reply Brief (Ex. A), the Declaration of Melissa Obetz (Ex. B) and the pages from Ruth Ecklin's deposition cited in this Reply Brief (Ex. C).

Defendants' Motion for Summary Judgment. (*Id.*). In her response to Defendants' Motion for Summary Judgement, after identifying the six individuals, Plaintiff makes the wild claim that Ecklin Group employed a "minimum 42 employees" because one of the six employees, Charlene Kulesa, has on the Ecklin Group payroll statement the number "42" beside her name. There is no record evidence to support this unfounded misrepresentation of fact and, indeed, Plaintiff made no attempt to do so through the extensive discovery period.

    2. *Plaintiff Cannot Establish That the Ecklin Group Should Be Integrated With Any Other Employer.*

Since the record shows that the Ecklin Group had only six employees, Plaintiff claims that Stoner, Inc. and the Ecklin Group are an integrated enterprise so as to constitute a single employer for Title VII jurisdictional purposes. (Plaintiff's Brief at p. 5). A single employer relationship exists where two nominally separate entities are actually part of a single integrated enterprise so that, for all purposes, there is in fact, only a single employer. The question in the single employer situation then, is whether the two nominally independent enterprises, in reality, constitute only one integrated enterprise. *Podsobinski*, *supra* at * 7 (citations omitted).

To determine whether a single employer relationship exists, the following four factors are considered: (1) functional integration of operations; (2) centralized control of labor relations; (3) common management; and (4) common ownership. *Id.* at *8 (citations omitted). All four factors are not necessary for single-employer status. "Rather, the heart of the inquiry is whether there is an absence of an arms-length relationship among the companies." *Calvert*, 2002 U.S. App. LEXIS 9747, *7 (citations omitted); *Martin*, 17 F. Supp 2d at 362 ("Single employer characterized as an absence of arms-length relationship found among unintegrated companies.") (citations omitted). To defeat Defendants' Motion, Plaintiff must demonstrate that Stoner, Inc. and Ecklin Group should be treated as one employer for the relevant time period.

    (a) <u>Functional Integration of Operations</u>. As set forth in Defendants' Motion for Summary Judgment (i.e., Declaration of Robert Ecklin), the Ecklin Group and Stoner, Inc. are separate

and distinct entities -- they are located in different cities, have different budgets and bank accounts, have separate assets, and have different on-site staff. The only common link between the entities is that they are both owned by Robert Ecklin -- one as a sole proprietorship and the other with Ecklin being the sole shareholder. The record illustrates that the entities are located in separate cities, Ecklin Group in Lancaster, Pennsylvania and Stoner, Inc. in Quarryville, Pennsylvania (Ecklin Decl., ¶ 6-9); further, the entities have separate phone numbers, bank accounts, payroll, benefits plans and supervisors. (Ex. A at p. 106-110 and Initial Appendix Ex. G). The companies do not even have related lines of business as one would expect if the businesses were to be an integrated enterprise. Stoner, Inc. manufactures lubricants for industrial uses and sells its products nationally, while Ecklin Group operates commercial and residential real estate in Lancaster City. (Ecklin Decl., ¶¶ 5, 21-22).

(b) <u>Centralized Control of Labor Relations</u>. The labor relations of the entities are totally separate. Stoner, Inc. has approximately 50 employees and is managed by a group of five to six team leaders and a general manager. (Ex. A at 16-24). None of those team leaders, managers or employees are involved in any way in the operations of the Ecklin Group. Conversely, the Ecklin Group employs six employees which are managed by an office manager and ultimately by Robert Ecklin. (Ex. A at 30-31). Stoner, Inc. hires its own employees, performs its own management responsibilities, conducts its own advertising, hiring and firing of employees, and makes daily work assignments for its employees. (Ex. A at 17, 21-22). In addition, Stoner, Inc. and Ecklin Group have their own distinct insurance policies. (Ex A at 106-110; Initial Appendix Ex. G).

(c) <u>Common Management</u>. As discussed above, the entities do not have common management.

(d) <u>Common Ownership</u>. As previously stated, the only factor of the four part test to determine whether two companies should be considered an integrated enterprise for purposes of Title VII, is that both entities are owned by Robert Ecklin. This, certainly, is not enough to constitute an integrated enterprise. *Martin*, 17 F. Supp. 2d at 363 ("Sole ownership alone is never enough to establish…liability"); *Calvert*, *supra*.

Plaintiff provides three arguments in her attempt to persuade the Court that the entities should be integrated into a single employer. First, she claims that the Plaintiff received a health insurance booklet in 1999 labeled Stoner, Inc. Even more telling than this one insurance booklet, which was either given by mistake or because booklets labeled Ecklin Group were being reprinted, are the numerous other plan documents which show Tingen was covered during her entire employment tenure under plans specifically for the Ecklin Group, as opposed to Stoner, Inc. (Ecklin Decl., ¶ 10; Initial Appendix, Ex. G; Supplemental Appendix, Ex. A-1).

Plaintiff next claims that both entities use the same outside accountant. Use of the same outside accountant would be normal for entities that are owned by the same individual. Further, with much more record evidence of integration than exists in this case, use of the same outside accountant was not enough to integrate entities. *See Wilson v. Comtrust LLC*, 91 FEP Cases 1468 (N.D. Ill. 2003).

Finally, Plaintiff cites to a newspaper article, dated October 22, 2001, which states without attribution that Robert Ecklin had a staff of 12 to manage his downtown Lancaster properties. First of all, the news article is inadmissible evidence and clearly cannot be considered by the Court when it decides Defendants' Motion for Summary Judgment. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (where a non-movant will have the burden of proof at trial, the party moving for summary judgment may meet its burden by showing evidentiary materials of record, if *reduced to admissible evidence*, would be insufficient to carry the non-movant's burden of proof at trial). Second, the newspaper article was written 15 months after Plaintiff was terminated and over 10 months outside of the relevant time period for purposes of this lawsuit. Finally, the record establishes that Robert Ecklin's wife, Ruth, owns and operates two downtown retail businesses -- Pappagallo and Details. (Ecklin Decl., ¶¶ 15-16; Deposition of Ruth Ecklin at 7-8, contained at Supplemental Appendix Ex. C). To the extent the article claims that there are 12 employees for the downtown businesses, those could include the employees of Details and Pappagallo, both of which are mentioned in the article. Even if this Court were to count the employees of the two retail stores as part of the Ecklin Group, which clearly it should not, the threshold number of 15 employees, which is required for

Title VII coverage, is not reached. (See Declaration of Melissa Obetz contained in Defendants' Supplement Appendix, Exhibit B).

Even assuming that Plaintiff can cite to admissible record evidence establishing the above three factors, which she cannot, the facts are not enough to integrate the entities. Plaintiff cites two cases in support or her argument that Stoner, Inc. and Ecklin Group should be integrated into a single employer for Title VII jurisdictional purposes. A cursory review of the cases cited by Plaintiff illustrates that neither of them support her position. First, plaintiff cites to *Martin v. Safeguard Scientifics, Inc.*, *supra*. In *Martin*, this Court granted defendants' motion for summary judgment ruling that two entities should not be integrated into a single employer. When applying the facts of that case to the four factor test to determine single employer status, *Martin* illustrates that the factors present in the case at bar come nowhere near what is necessary to establish a single employer. In *Martin*, the two entities are referred to as IMV and SSI. Plaintiff was an employee of IMV. The IMV employees were enrolled in a benefit plan administered by SSI; the office of the CEO of IMV was located at SSI headquarters; some purchases for IMV were made through SSI's purchasing department; IMV's intra-office phone book contained entries for SSI employees; stationery with SSI letterhead was used by IMV in dealings with third parties; plaintiff's healthcare insurance and at least one payroll were handled by SSI; IMV consulted SSI attorneys regarding the legal consequences of terminating plaintiff. *Martin*, 17 F. Supp. 2d at 364-365. Despite all of these factors and more, the Court determined that IMV and SSI were not a single employer. *Id.*

The second case cited by Plaintiff, *Doe v. William Shapiro, et al.*, 852 F. Supp. 1246 (E.D. Pa. 1984), is easily distinguishable. In *Shapiro*, the following factors were instrumental in the Court's determination that the entities (one of which was the Shapiro Law Firm) should be integrated as a single employer: the official phone list for one entity listed the Shapiro Law Firm attorneys under the heading of "Legal Department"; the Shapiro Law Firm functioned as a legal arm of the entity, managing collections on unpaid leases; as many as 99% of the cases handled by Shapiro Law Firm were on behalf of the entity; employees of the entity routinely performed work in the name of Shapiro

6

Law Firm; the entity and the Shapiro Law Firm shared an office suite, fax lines, printing services and an 800 telephone number; both entities were located at the same address. As the record reveals in the case at bar, these functionally interrelated factors are not present.

Finally, it is apparent in the statute, legislative history and case law that the intent of Title VII is that there is no individual liability. The Courts have consistently agreed that Title VII does not permit the imposition of liability upon individuals unless they meet … [the] definition of "employer". *DICI v. Commonwealth of Pennsylvania*, 91 F.3d 542, 552 (3d Cir. 1996). Congress limited the liability under Title VII to employers with 15 or more employees in part to shield small businesses from having the burden of litigating discrimination claims. *Miller v. Maxwell's Intern, Inc.*, 991 F.2d 583, 587 (9th Cir. 1993). Thus, placing the burden to litigate discrimination cases on individuals would go against the intent of Congress. *Id.* Similarly, the fact that Ecklin is the sole owner of the Ecklin Group and retains control of its operations does not render him liable in his individual capacity under Title VII.

Finally, it is important to note that if Defendants' Motion for Summary Judgment is granted, Plaintiff is not without a remedy. She may bring her claim under the Pennsylvania Human Relations Act in Pennsylvania State Court inasmuch as the statute of limitations for such claim will not expire until November, 2004.

STEVENS & LEE

Dated: October 13, 2003      By:_____
        Gary D. Melchionni
        Joseph D. Shelby
        25 N. Queen Street
        Lancaster, PA 17603
        (717) 291-1031

Attorneys for Defendants

## **CERTIFICATE OF SERVICE**

I, GARY D. MELCHIONNI, ESQUIRE, certify that on this date, I served a true and correct copy of the foregoing REPLY BRIEF IN SUPPORT OF DEFENDANTS' MOTION FOR SUMMARY JUDGMENT upon the Plaintiff's attorney, via hand delivery at the following address:

>Nina B. Shapiro, Esquire
>53 North Duke Street
>Suite 201
>Lancaster, PA  17602

_____
Gary D. Melchionni

Dated:  October 13, 2003