<u>IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA</u>

```
CHEVELLE TINGEN,                    )
                                    )   Civil Action
            Plaintiff               )   No. 02-CV-04663
                                    )
      vs.                           )
                                    )
ROBERT L. ECKLIN, JR.,              )
Individually and doing business     )
as ECKLIN DEVELOPMENT GROUP, and    )
DENNIS SCHOPF,                      )
                                    )
            Defendants              )
```

<u>O R D E R</u>

NOW, this 17th day of January, 2004, upon consideration of the Motion for Enlargement of Time and for Sanctions Against Plaintiff, which motion was filed on behalf of defendants on October 1, 2003; it further appearing that defendants did not file a brief in support of their motion as required by Rule 7.1(c) of the Rules of Civil Procedure for the United States District Court for the Eastern District of Pennsylvania; it further appearing that plaintiff has not filed a response to defendants' motion, thus, we may treat the motion as uncontested; it further appearing that pursuant to the Jury Trial Attachment Order of the undersigned dated April 1, 2003 that by September 15, 2003 the parties were to each submit a Trial Memorandum to the undersigned and to opposing counsel that required, among other things, that exhibits intended to be offered at trial be listed and that those exhibits were to be provided to opposing counsel by September 20, 2003; it further

appearing that plaintiff did not file and serve her trial memorandum and exhibits until October 3, 2003; it further appearing that pursuant to the Amended Jury Trial Attachment Order of the undersigned dated October 10, 2003, the trial of the within matter was continued from October 20, 2003 to February 23, 2004,

    <u>IT IS ORDERED</u> that defendants' Motion for Enlargement of Time and for Sanctions Against Plaintiff is granted in part and denied in part.

    <u>IT IS FURTHER ORDERED</u> that defendants' request for an extension of time to file objections to plaintiff's proposed trial exhibits is granted.[1]

    <u>IT IS FURTHER ORDERED</u> that defendants shall have until January 27, 2004 to file objections to plaintiff's proposed trial exhibits.

    <u>IT IS FURTHER ORDERED</u> that plaintiff shall have until February 2, 2004 to file a response to defendants' objections to any proposed trial exhibits.

---

[1] It is the sense of this Order that defendants should not be prejudiced in the opportunity to file objections to plaintiff's proposed trial exhibits because plaintiff did not timely file her trial memorandum and exhibits in this matter. However, it appears that defendants have had the list of exhibits and the exhibits themselves since early October 2003. Accordingly, we give defendants until January 27, 2004 to file objections, if any, to plaintiff's proposed trial exhibits.

IT IS FURTHER ORDERED that defendants' request for sanctions is denied.[2]

BY THE COURT:

_____
James Knoll Gardner
United States District Judge

---

[2] Defendants did not file a brief in support of the within motion as required by Local Rule 7.1(c). When the merits of a motion are clear on its face, we may choose to disregard the failure of the movant to file a brief. See Dianese, Inc. v. Commonwealth of Pennsylvania, No. 01-2520, 2002 U.S. Dist. LEXIS 3306 at n.1, (E.D.Pa. Feb. 27, 2002). As noted above, we granted defendants request for an extension of time to file objections to plaintiff's trial exhibits. That issue was clear to the court because the docket indicates that plaintiff did not file her trial memorandum and exhibits until October 3, 2003. Accordingly, we conclude that defendants should not be prejudiced by plaintiff's untimely filing of her exhibits, thus, precluded from timely filing objections to those exhibits, if any.

However, defendants failure to brief the issue of sanctions and to just leave the court to "in its discretion, impose sanctions on Plaintiff for her habitual late filing" (Motion at page 3), is not acceptable. If defendants believe that sanctions are appropriate for plaintiff's apparent failure to comply with this court's Orders, then defendant is required to comply with the Local Rules of this court and file a brief in support of its motion which sets forth citation to legal authority and appropriate argument in support of a request for specific sanctions. Because defendants failed to do this, any response by plaintiff may have been presumably equally lacking in substantive argument as plaintiff would not have been required to respond to specific legal citation and argument. Thus, in the exercise of our discretion, we decline to grant defendants' motion as uncontested. Rather, we deny defendant's motion for failure to file a brief in support of the motion.

However, this Order should not be construed to condone plaintiff's apparent numerous late filings in this case and her failure to respond to certain motions. Both parties should endeavor to ensure that all directives of this court are complied with (including its Local Rules) and anything that must be filed or responded to, is done in a timely manner. Failure to do so may result, upon proper application to the court, appropriate sanctions or the granting of motions as uncontested.