IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CHEVELLE TINGEN, : | |
| Plaintiff : | |
| : | CIVIL ACTION No. 02-4663 |
| vs. : | |
| : | |
| ROBERT L. ECKLIN, JR., Individually and : | |
| doing business as ECKLIN DEVELOPMENT : | |
| GROUP and DENNIS SCHOPF, : | |
| Defendants : | |

**DEFENDANTS' OBJECTIONS
TO PLAINTIFF'S PROPOSED EVIDENCE AND WITNESS(ES)**

Pursuant to this Court's Order dated April 1, 2003, Defendants, Robert L. Ecklin, Jr., ("Ecklin"), Ecklin Development Group ("Ecklin Group")[1] and Dennis Schopf ("Schopf") (collectively "Defendants" or "Ecklin Group"), by their attorneys, file the following Objections to certain proposed exhibits and testimony of witness(es) identified by Plaintiff in her Pre-Trial Memorandum filed on October 3, 2003.

A.  ***Witnesses to be presented at trial by Plaintiff.***[2]

1.  *Anne Woodland.*  For the first time in her Pre-Trial Memorandum, Plaintiff identifies Ms. Woodland as Plaintiff's "treating therapist". It is anticipated that Ms. Woodland would testify in violation of Federal Rule of Evidence 701, specifically, that her testimony will be "based on scientific, technical, or other specialized knowledge within the scope

---

[1] No such entity as Ecklin Development Group exists. Ecklin Group is a sole proprietorship and Ecklin Development, LLC is a Pennsylvania limited liability company.

[2] The Court's Order provides that objections should be made as to the admissibility of any opinion testimony from lay witnesses pursuant to Federal Rule of Evidence 701 and the objections made by Defendants to witnesses are limited to that reason. Other objections to witnesses may be made at the time the witness is offered to testify. Some of those objections will be for the very first time in this case. Those witnesses were not identified in Plaintiff's pre-trial disclosures or her responses to the discovery requests proposed by Defendant.

of Rule 702". This witness has not been identified as an expert witness, but as a treating physician. Therefore, her testimony must be prohibited.

### B. *Exhibits identified by Plaintiff.[3]*

  1. *Plaintiff's journal (identified as Plaintiff's Exhibit 1).*

- Defendant has filed a Motion in Limine of which Plaintiff's Journal is a subject thereof. Said journal, in and of itself, constitutes hearsay and contains double and triple hearsay. Fed. R. Evid. 802.

  2. *Complaint to PHRC (identified as Plaintiff's Exhibit 4).*

- The Complaint contains hearsay statements. Fed. R. Evid. 802.

  3. *Harassment/Resignation Questionnaires (identified as Plaintiff's Exhibit 5).*

- The Questionnaires contain hearsay statements. Fed. R. Evid. 802.

  4. *Video Site Inspection of Griest Building 7/10/03 (identified as Plaintiff's Exhibit 22).*

- The audio portion of the Video Site Inspection contains numerous allegations, all made without proper foundation, some containing hearsay. Fed. R. Evid. 802.

---

[3] Pursuant to the Court's Order, any relevancy objections will be saved for time of trial and are not identified herein.

    5. *Deposition Transcript Zulma Cora (identified as Plaintiff's Exhibit 24).*

- Plaintiff fails to meet any of the requirements of Fed. R. Civ. P. 32, which governs when deposition transcripts may be used in court proceedings.

    6. *Record – YWCA Sexual Assault Center (identified as Plaintiff's Exhibit 25).*

- The record is hearsay. Fed. R. Evid. 802.

    7. *Newspaper Article 10/22/01 (identified as Plaintiff's Exhibit 29).*

- The newspaper article is hearsay and contains double and triple hearsay. Fed. R. Evid. 802.

    8. *Defendant's Rule 16 Memo (identified as Plaintiff's Exhibit 30).*

- The Rule 16 Memo was a summary prepared for the Court prior to the scheduling conference and preceded all discovery in this matter. Further, the summary reports on settlement discussions, which is inadmissible.

    9. *Deposition Transcript: Robert L. Ecklin, Jr. (identified as Plaintiff's Exhibit 51)*

- Plaintiff fails to meet any of the requirements of Fed. R. Civ. P. 32, which governs when deposition transcripts may be used in court proceedings.

    10. *Deposition Transcript: Charlene Kulesa (identified as Plaintiff's Exhibit 53).*

3

- Plaintiff fails to meet any of the requirements of Fed. R. Civ. P. 32, which governs when deposition transcripts may be used in court proceedings.

*11. Deposition Transcript: Ruth Ecklin (identified as Plaintiff's Exhibit 54).*

- Plaintiff fails to meet any of the requirements of Fed. R. Civ. P. 32, which governs when deposition transcripts may be used in court proceedings.

*12. Deposition Transcript: Dennis Schopf 5/27/03 (identified as Plaintiff's Exhibit 55).*

- Plaintiff fails to meet any of the requirements of Fed. R. Civ. P. 32, which governs when deposition transcripts may be used in court proceedings.

*13. Deposition Transcript: Dennis Schopf 7/21/03 (identified as Plaintiff's Exhibit 56).*

- Plaintiff fails to meet any of the requirements of Fed. R. Civ. P. 32, which governs when deposition transcripts may be used in court proceedings.

*14. Sears Record Search (identified as Plaintiff's Exhibit 57).*

- This constitutes hearsay. Fed. R. Evid. 802.

*15. Deposition Transcript: Eleanor Paulin (identified as Plaintiff's Exhibit 58).*

- Plaintiff fails to meet any of the requirements of Fed. R. Civ. P. 32, which governs when deposition transcripts may be used in court proceedings.

*16. Deposition Transcript: Maribel Valez (identified as Plaintiff's Exhibit 59).*

- Plaintiff fails to meet any of the requirements of Fed. R. Civ. P. 32, which governs when deposition transcripts may be used in court proceedings.

*17. Deposition Transcript: Elias Nieves (identified as Plaintiff's Exhibit 60).*

- Plaintiff fails to meet any of the requirements of Fed. R. Civ. P. 32, which governs when deposition transcripts may be used in court proceedings.

*18. Deposition Transcript: Mark McCardle (identified as Plaintiff's Exhibit 61).*

- Plaintiff fails to meet any of the requirements of Fed. R. Civ. P. 32, which governs when deposition transcripts may be used in court proceedings.

*19. 309.81 Post-Traumatic Stress Disorder (identified as Plaintiff's Exhibit 68).*

- There has been no foundation offered for this Exhibit, nor has it been authenticated.

*20. "Will she fit in?" (Identified as Plaintiff's Exhibit 69.)*

- Plaintiff offers into evidence a paper written by her expert in an MBA course that the expert attended in 1999. The paper was written about a hypothetical case scenario involving possible sexual harassment presented in the *Harvard Business Review*. In

5

addition to the relevancy objections that the Defendants will make at trial, the paper goes beyond the testimony and reports permitted of an expert witness under Fed. R. Evid. 702.

WHEREFORE, Defendants request that this Court order that Anne Woodland may not testify at the trial of this case and that the proposed exhibits to which Defendants have objected may not be offered as evidence in the trial of this case.

STEVENS & LEE

Dated: January 26, 2004          By:_____
                                 Gary D. Melchionni
                                 Joseph D. Shelby
                                 25 N. Queen Street
                                 Suite 602
                                 Lancaster, PA  17603
                                 (717) 291-1031

                                 Attorneys for Defendants Robert L. Ecklin, Jr.,
                                 Ecklin Group and Dennis Schopf

**CERTIFICATE OF SERVICE**

  I, GARY D. MELCHIONNI, ESQUIRE, certify that on this date, I served a true and correct copy of the foregoing DEFENDANTS' OBJECTIONS TO PLAINTIFF'S PROPOSED EVIDENCE AND WITNESS(ES) upon the Plaintiff's attorney, via hand delivery at the following address:

    Nina B. Shapiro, Esquire
    53 North Duke Street
    Suite 201
    Lancaster, PA  17602

              Gary D. Melchionni

Dated:  January 26, 2004

Case 2:02-cv-04663-JKG   Document 55   Filed 01/29/2004   Page 8 of 8

8