IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CHEVELLE TINGEN, : | |
|       Plaintiff : | |
| : | CIVIL ACTION No. 02-4663 |
| vs. : | |
| : | FILED ELECTRONICALLY |
| ROBERT L. ECKLIN, JR., Individually and : | (Judge Gardner) |
| doing business as ECKLIN DEVELOPMENT : | |
| GROUP and DENNIS SCHOPF, : | |
|       Defendants : | |

**DEFENDANTS' OBJECTIONS TO PLAINTIFF'S
SUPPLEMENTAL (I.E., " NON-AGREED-UPON" ) JURY INSTRUCTIONS**

      Defendants, Robert L. Ecklin, Jr., individually and doing business as Ecklin Development Group ("Ecklin Group") and Dennis Schopf, hereby object to the Plaintiff's Supplemental Proposed Jury Instructions.

1

   1. In this case it is admitted that the defendant Dennis Schopf was at the time of the occurrences acting as the employee of Defendant Robert L. Ecklin. Jr., known as the employer, and was engaged in furthering the interests, activities, affairs or business of his employer. An employer is liable for the negligence of his employee occurring while the latter was acting in the course and within the scope of his employment.

   Therefore, if you find the defendant Dennis Schopf to be liable then you must find the Defendant Robert L. Ecklin, Jr. also liable. (If, however, you find the Defendant Dennis Schopf not liable, then you must fine the other defendant not liable also.)

   *See* Pa. SSJI (Civ) 4.02; *Matkevich v. Robertson*, 403 Pa. 200, 169 A.2d 91 (1961); *McAleer v. Mascaro*, 403 Pa. 532, 534, 170 A.2d 583 (1961).

   Model jury instruction from <u>Pennsylvania Suggested Standard Civil Jury Instructions</u>, (4th Edition). The instruction is modified.

   **<u>OBJECTION</u>**. The instruction identifies "Robert L. Ecklin, Jr." as the employer, instead of "Ecklin Group." Furthermore, the instruction presumes that Schopf was acting in the course and scope of his employment at the times of the alleged sexual occurrences.

   Plaintiff alleges that this is a model jury instruction. However, Pa. SSJI (Civ. 4.02) is a "vicarious liability" instruction when the "employer and employee are both sued – - and the relationship and authority are not in dispute). Clearly, the authority of Schopf to engage in the alleged sexual occurrences is in dispute.

2

      2. An assault is an act done with the intent to put another in reasonable and immediate apprehension of a harmful or offensive contact with his body and which does in fact cause such apprehension.

      To commit an assault it is not necessary that the person actually intend to inflict a harmful or offensive contact with the body of another. It is enough that the person intend to cause only a fear of such contact.

      In order for the defendant to be held responsible for the commission of an assault against the plaintiff, you must find:

> (1) that the defendant Dennis Schopf intended to put the plaintiff in reasonable and immediate apprehension of a harmful or offensive contact with hi§ body and;
>
> (2) that the plaintiff, as a result of the defendant's act, was put in reasonable and immediate apprehension of such contact.

*See* Pa SSJI 13.01 (Civ) Assault; *Cucinotti v. Ortman*, 399 Pa. 26, 159 A.2d 216 (1960).

      Model jury instruction from <u>Pennsylvania Suggested Standard Civil Jury Instructions</u>, (4th Edition). The instruction is modified.

      **<u>OBJECTION</u>**: This is not an assault case, it is a battery case. The parties have an agreed to battery proposed jury instruction. Furthermore, Defendant in this instruction should be replaced with "Schopf." There is no assault or battery allegation against Robert Ecklin or the Ecklin Group.

   3. If the conduct of the agent Supervisor Dennis Schopf is outrageous, punitive damages may be awarded against the principle Robert L. Ecklin, Jr. if:

> (1) (the principal authorized the doing and the manner of the act, or) the agent Dennis Schopf was unfit and the principal Robert L. Ecklin, Jr. was reckless in employing him, or

> (2) the agent Dennis Schopf was employed in a managerial capacity and was acting in the scope of his employment.(, or the principal or another agent of the principal employed in a managerial capacity ratified or approved the act, or the agent's act was foreseeable.)

See Pa SSJI 14.01 (Civ) Punitive damages against a principal; *Ira S. Bushey & Sons, Inc. v. United States*, 398 F.2d 167 (2d Cir. 1968) (the employer should be held to expect acts which arise out of and in the course of his employment of labor); Restatement (Second) of Agency section 245 (1958); *Ash v. 627 Bar, Inc.*, 197 Pa. Super. 39, 176 A.2d 137 (1961)(master should be held liable for any intentional tort committed by the servant where its purpose, however misguided, is wholly or in part to further the master's business)

   Model jury instruction from <u>Pennsylvania Suggested Standard Civil Jury Instructions,</u> (3rd Edition). The instruction is modified.

   **<u>OBJECTION</u>**. The way that this proposed jury instruction is worded is very confusing. Furthermore, it identifies Schopf as an "agent," without explaining "agency." Defendants agree to use Pa. SSJI (Civ. 14.01), which Plaintiff alleges she modified in drafting this proposed instruction.

4

    4. If you decide that the plaintiff is entitled to an award of punitive damages, it is your job to fix the amount of such damages. In doing so you may consider any or all of the following factors: (1) the character of the defendant's act, (2) the nature and extent of the harm to the plaintiff that the defendants caused or intended to cause and (3) the wealth of the defendant insofar as it is relevant in fixing an amount that will punish him and deter him and others from like conduct in the future. The amount you assess as punitive damages need not bear any relationship to the amount you choose to award as compensatory damages. (it is not necessary that you award compensatory damages to the plaintiff in order to assess punitive damages against the defendant as along as you find in favor of the plaintiff and against the defendant on the question of liability.)

    You must determine whether punitive damages are to be assessed against each defendant by the defendant's conduct alone, and the amount of any punitive damages assessed must be measured by your consideration of the factors I have enumerated as they apply to each particular defendant. While you will return your award of compensatory damages, if any in one lump sum amount as to all defendants, you must return a separate verdict as to punitive damages, if any, against each of the defendants.

    The amount of punitive damages awarded must not be the result of passion or prejudice against the defendant on the part of the jury. The sole purpose of punitive damages is to punish the defendant's outrageous conduct and to deter the defendant and others from the commission of like acts.

    *See* Pa SSJI 14.02 (Civ) Punitive Damages - Amount of Award; Restatement of Torts section 908(2)(1939)

    Model jury instruction from <u>Pennsylvania Suggested Standard Civil Jury Instructions</u>, (4th Edition). The instruction is modified.

    **OBJECTION**. The parties have already agreed to a modified proposed jury instruction using Pa. SSJI (Civ. 14.02). See agreed-to proposed Jury Instruction No. 12. This proposed instruction purports to modify 14.02.

5

      5. Title VII of the Civil Rights Act of 1964 ("Title VII"} prohibits discrimination in employment on the basis of an individual's gender. The law is applicable to private employers. An employer is defined under Title VII "a person engaged in an industry affecting commerce who has fifteen or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year". For purposes of this litigation, Defendant Robert L. Ecklin, Jr. was Plaintiff's employer.

  *See* 42 U.S.C. section 2000e.

  **OBJECTION**. Defendants object to the identification of Plaintiff's employer as "Robert L. Ecklin, Jr." It would be agreed if the instruction were to read that the Ecklin Group was Plaintiff's employer.

SL1 444702v1/40509.001

    6. Title VII requires that a person claiming discrimination initially must file an administrative charge with the Equal Employment Opportunity Commission.  A person may file a charge with their state agency and cross-file the charge with the E.E.O.C.  Plaintiff Chevelle Tingen filed claims of sex discrimination under Title VII with the Pennsylvania Human Relations Act and cross-filed with the E.E.O.C.

    *See* 42 U.S.C. section 2000e-5.

    **OBJECTION**.  There is no need for this instruction.  It is not being contested.

The jury does not need to know that administrative agency charges were filed.

    7. Plaintiff's claim under Title VII is that she was treated differently, based on her sex, through sexual harassment by defendant Dennis Schopf her supervisor.  In order to find for Plaintiff on this claim, you must first determine that during the Plaintiff was employed by Defendant Robert L. Ecklin, Jr., the Plaintiff's supervisor subjected her to unwelcome sexual advances, requests for sexual favors, and other verbal or physical conduct of a sexual nature which altered the terms and conditions of her employment.  A cause of action for constructive discharge exists when the working conditions are so intolerable that it is foreseeable that the plaintiff would resign.

    *See:  Faragher v. City of Boca Raton*, 118 S.Ct. 2275 (1998); *Burlington Industries Inv. v. Ellerth*, 118 S.Ct. 2257 (1998)*; Nancy Drew Suders v. Eric D. Easton, William D. Baker, Eric B. Prendergast, Virginia Smith Elliott, and the Pennsylvania State Police*, Case No. 01-3512 (3rd Cir. 2003).

    **OBJECTION**.  Again, this instruction identifies "Robert L. Ecklin, Jr." individually as the employer, whereas, the Ecklin Group should be identified as the employer.  Furthermore, this proposed jury instruction sets the wrong standard for determining hostile work environment harassment.  As submitted in Defendants' Proposed Jury Instruction Nos. 2-4, the standard is "pervasive and regular," "unwelcome," and "objectively and subjectively offensive."

    Finally, constructive discharge is a whole different concept than establishing liability under Title VII and should not be included with this instruction.

    See *Harris v. Forklift Systems, Inc.*, 510 U.S. 17, 114 S. Ct. 367 (1993); *Knabe v. The Boury Corp.*, 114 F.3d 407 (3d Cir. 1997); *Bouton v. BMW of North America, Inc.*, 29 F.3d 103 (3d Cir. 1994); *Andrews v. City of Philadelphia*, 895 F.2d 1469 (3d Cir. 1990).

8. Sexual harassment is determined by looking at the totality of the circumstances in the case. This is an objective standard, and you must look at the evidence from the perspective of a reasonable person's reaction to a similar environment under similar circumstances with the same fundamental characteristics as Plaintiff.

*See*: *Crowe v. Wiltel Communications Sys.*, 103 F.3d 897 (9th Cir. 1996); *Sasaki v. Class*, 92 F.3d 232 (4th Cir. 1996); *Harris v. Forklift Systems, Inc.*, 510 U.S. 17 (1993).

**OBJECTION**. Once again, this proposed jury instruction sets the wrong standard. It says that it is an "objective" standard; whereas, the standard is that the conduct has to be "subjectively and objectively offensive." Further, the use of "totality of the circumstances" is incorrect in the context of this instruction.

See *Harris v. Forklift Systems, Inc.*, 510 U.S. 17, 114 S. Ct. 367 (1993); *Knabe v. The Boury Corp.*, 114 F.3d 407 (3d Cir. 1997); *Bouton v. BMW of North America, Inc.*, 29 F.3d 103 (3d Cir. 1994); *Andrews v. City of Philadelphia*, 895 F.2d 1469 (3d Cir. 1990).

9

        9. Conduct is "unwelcome" if Plaintiff did not solicit or invite the conduct and regarded the conduct as undesirable or offensive.

        Unwelcomed sexual harassment includes sexual advances, requests for sexual favors, sexual violence, or verbal sexual abuse. Sexual conduct is unwelcomed when it is unsolicited or uninvited by Plaintiff.

        *See: Moyland v. Marles County*, 792 F.2d 746, 749 (8th Cir. 1986); *Mallenson-Montagure v. Professional Bank*, 95-WY-2969-AJ (D. Colo. 1997).

        **OBJECTION**. This proposed jury instruction sets the wrong standard, again. This standard is "unwelcome," not "unsolicited or uninvited." Specifically, the case in which Plaintiff cites as authority for this proposed jury instruction reads:

> In order to constitute harassment, the conduct must be "unwelcome" in the sense that the employee did not solicit or invite it, *and the employee regarded the conduct as undesirable or offensive.*

*Moylan v. Maries County*, 792 F.2d 746, 749 (8th Cir. 1986) (emphasis added).

SL1 444702v1/40509.001

    10.  A tangible employment action constitutes a significant change in employment status such as reassignment with significantly different responsibilities, a decision causing a significant change in benefits and intolerable work conditions which result in 'constructive discharge'.

    *See:  Nancy Drew Suders v. Eric D. Easton, William D. Baker, Eric B. Prendergast, Virginia Smith Elliott, and the Pennsylvania State Police,* Case No. 01-3512 (3rd Cir. 2003).

    **OBJECTION**.  This instruction is objected to because it is confusing. Defendants do not understand what the Plaintiff is saying with this proposed jury instruction. Moreover, once again, the instruction deals with the concept of "constructive discharge," but does not provide the legal definition of "constructive discharge."

     11. If you find that Plaintiff was sexually harassed by Dennis Schopf, her supervisor, and that the harassment resulted in intolerable work conditions which forced Plaintiff to resign and therefore a tangible employment action, then you must find the employer, Defendant Robert L. Ecklin, Jr., liable for the harassment.  This is true regardless of the existence or nonexistence of a policy against sexual harassment, regardless of any remedial actions taken or not taken by the employer, regardless of the number or any complaints made by the employee and regardless of the severity of the harassment.

     *See:  Faragher v. City of Boca Raton,* 118 S.Ct. 2275 (1998); *Burlington Industries Inv. v. Ellerth,* 118 S.Ct. 2257 (1998); *Nancy Drew Suders v. Eric D. Easton, William D. Baker, Eric B. Prendergast, Virginia Smith Elliott, and the Pennsylvania State Police,* Case No. 01-3512 (3rd Cir. 2003).

     **OBJECTION**.  Defendants again object because "Robert L. Ecklin, Jr." is identified as the employer of Plaintiff; whereas, the Ecklin Group should be identified.  Further, Defendants object to the clause, "regardless of the severity of the harassment."  The severity of any alleged harassment is related to whether there were "intolerable work conditions."

    12.  In determining the amount of any damages, both the back and future pay damages and the emotional distress damages that you decide to award, you should be guided by dispassionate common sense.  You must use sound discretion in fixing an award of damages, drawing reasonable inferences from the facts in evidence.  You may not award damages by way of punishment or through sympathy.  You must not engage in speculation, conjecture or guess work.  On the other hand, the law does not require that Plaintiff prove the amount of her losses with mathematical precision, but only was as much definiteness and accuracy as circumstances permit.

    *See*:  *Biondo v. City of Chicago*, 2002 U.S. Dist. LEXIS 3463 (N.D. Ill. 2002)

    **OBJECTION**.  This instruction presumes that a jury will award damages.  The word "may" should be inserted in the first sentence before "decide."  Further, "back and future pay damages and the emotional distress damages" should be deleted inasmuch as the "dispassionate common sense" instruction is for all potential damages.

SL1 444702v1/40509.001

   13. The damages recoverable by the plaintiff in this case and the items that go to make them up, each of which I will discuss separately, are as follows:

    (a) any wages and fringe benefits Plaintiff would have earned in her employment with Defendant Robert L. Ecklin. Jr. if she had not been constructively discharged on July 19, 2000 through the date of your verdict.

    (b) any future wages and fringe benefits Plaintiff would reasonably have earned in her employment with Defendant Robert L. Ecklin. Jr. from the date of your verdict through the date Plaintiff would potentially retire at age 70 years.

    (c) any other damages suggested by Plaintiff, such emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, humiliation, degradation and otherwise.

   In the event that you find in favor of the plaintiff, you will add these sums of damage together and return your verdict in a single, lump sum.

   *See*: Pa SSJI 6.01.

   Model jury instruction from <u>Pennsylvania Suggested Standard Civil Jury Instructions</u>, (4th Edition). The instruction is modified.

   **OBJECTION**. Plaintiff purports that this instruction is a modified version of Pa. SSJI 6.01. 6.01 looks nothing like this instruction. Further, 6.01 is a personal injury instruction.

   Defendant further objects because this instruction assumes constructive discharge, does not discuss responsibilities of mitigation, and assume retirement at age 70. Further, Defendant objects that "inconvenience" is a reason to award damages.

14

14. If you find defendant Robert L. Ecklin discriminated against plaintiff Chevelle Tingen based on plaintiff's sex, then you must determine an amount that is fair compensation for plaintiff's damages. You may award compensatory damages only for injuries that plaintiff Chevelle Tingen proves were caused by defendant's allegedly wrongful conduct.

The damages that you award must be fair compensation - no more and no less.

You may award damages for any pain, suffering or mental anguish that plaintiff Chevelle Tingen experienced as a consequence of defendant Robert L. Ecklin's constructive discharge of plaintiff. No evidence of the monetary value of such intangible things as pain and suffering has been, or need be, introduced into evidence. There is no exact standard for fixing the compensation to be awarded for these elements of damage. Any award you make should be fair in light of the evidence presented at the trial.

In determining the amount of any damages that you decide to award, you should be guided by common sense. You must use sound judgment in fixing an award of damages, drawing reasonable inferences from the facts in evidence. You may not award damages based on sympathy, speculation, or guess work. On the other hand, the law does not require that plaintiff Chevelle Tinges prove the amount of plaintiff's losses with mathematical precision, but only with as much definiteness and accuracy as circumstance permit.

*See*: 3C O'Malley, OrenigGrenig, & Lee, *Federal Jury Practice and Instructions*, section 171.90 (5th Ed. 1987)

Model jury instruction from <u>Federal Jury Practice Instructions</u>, (5th Edition). The instruction is modified.

**OBJECTION**. Again, Plaintiff is identifying Robert L. Ecklin, Jr. individually as the Defendant instead of Ecklin Group. Once again, this instruction assumes constructive discharge. Further, there is already a dispassionate common sense instruction earlier in Plaintiff's proposed jury instructions.

15

   15. The plaintiff is entitled to be fairly and adequately compensated for such physical pain, mental anguish, discomfort, inconvenience and distress as you find (he) she has endured, from the time of the (accident) <u>harm suffered</u> until today.

   *See*: Pa SSJI 6.01E.

   Model jury instruction from <u>Pennsylvania Suggested Standard Civil Jury Instructions,</u> (4th Edition).  The instruction is modified.

   **<u>OBJECTION</u>**.  Defendant objects to Proposed Instruction No. 15 because it presumes liability.  Further, the same objections are made as were made to Proposed Instruction No. 13.

   16.  The plaintiff is entitled to be fairly and adequately compensated for such physical pain, mental anguish, discomfort, inconvenience and distress as you find (he) she has endured, from the time of the (accident) <u>harm suffered</u> until today.

   *See*:  Pa SSJI 6.01E.

   Model jury instruction from <u>Pennsylvania Suggested Standard Civil Jury Instructions,</u> (4th Edition).  The instruction is modified.

   **<u>OBJECTION</u>**.  Actually, there is no proposed Instruction No. 16, Plaintiff merely repeats her proposed instruction in 15 and numbers it 15, again.

17

      17.  The plaintiff is entitled to be fairly and adequately compensated for such embarrassment and humiliation as you believe (he) she has endured (and will continue to endure in the future as a result of his (her) injuries).

      *See*:  Pa SSJI 6.01G.

      Model jury instruction from <u>Pennsylvania Suggested Standard Civil Jury instructions</u>, (4th Edition).  The instruction is modified.

      **OBJECTION**.  Again, Plaintiff is identifying Robert L. Ecklin, Jr. individually as the Defendant instead of Ecklin Group.  Once again, this instruction assumes constructive discharge.  Further, there is already a dispassionate common sense instruction earlier in Plaintiff's proposed jury instructions.

Date:  May 17, 2004                      STEVENS & LEE

                                        By:<u>/s/ Joseph D. Shelby</u>
                                            Gary D. Melchionni
                                            Joseph D. Shelby
                                            Suite 602
                                            25 North Queen Street
                                            Lancaster, PA 17603

                                            Attorneys for Defendants

**CERTIFICATE OF SERVICE**

I, JOSEPH D. SHELBY, ESQUIRE, certify that on this date, the foregoing Defendants' Objections to Plaintiff's Supplemental (i.e., "Non-Agreed-Upon") jury instructions was filed electronically and is available for viewing on the Court's ECF system, and I served a certified true and correct copy of the foregoing Defendants' Objections to Plaintiff's Supplemental (i.e., "Non-Agreed-Upon") jury instructions upon the Plaintiff's attorney, via first class mail at the following address:

> Nina B. Shapiro, Esquire
> 53 North Duke Street
> Suite 201
> Lancaster, PA 17602

> /s/ Joseph D. Shelby
> Joseph D. Shelby

Dated: May 17, 2004

Case 2:02-cv-04663-JKG    Document 59    Filed 05/17/2004    Page 20 of 20

20