IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CHEVELLE TINGEN,<br>        Plaintiff<br><br>vs.<br><br>ROBERT L. ECKLIN, JR., Individually and<br>doing business as ECKLIN DEVELOPMENT<br>GROUP and DENNIS SCHOPF,<br>        Defendants | :<br>:<br>:  CIVIL ACTION No. 02-4663<br>:<br>:  ELECTRONICALLY FILED<br>:  (Judge Gardner)<br>:<br>:<br>:<br>: |

**DEFENDANTS' TWO-PAGE SUMMARY**

Pursuant to the Court's Orders dated March 20, 2003 and April 1, 2003, Defendants, Robert L. Ecklin, Jr., individually and doing business as Ecklin Development Group and Dennis Schopf ("collectively the Ecklin Group") hereby file this Two-Page Summary[1].

The Ecklin Group operates and maintains real estate in Lancaster, Pennsylvania. One of the properties operated by the Ecklin Group is The Griest Building. Robert Ecklin, with his wife Ruth Ecklin, are the owners of The Griest Building, acquiring the property in 1995. The Ecklin Group manages and maintains The Griest Building. Defendant Dennis Schopf is the maintenance supervisor at the Griest Building, and has been employed there even previous to the Ecklin Group's involvement. Plaintiff Chevelle Tingen was employed as a cleaning person at The Griest Building until July 2000, and was already employed there prior to the Ecklin Group's management of the building.

Prior to and during the course of Tingen's employment with the Ecklin Group, Tingen and defendant Schopf carried on a social and sexual relationship outside of employment.

---

[1] The Defendant named in the caption of Plaintiff's lawsuit is Ecklin Development Group. No such entity exists. Ecklin Group is a sole proprietorship and Ecklin Development, LLC is a Pennsylvania Limited Liability Company.

1

It began as a social relationship. In fact, Schopf developed a friendship with Tingen and they had a consensual social relationship over a period of at least seven years. Socially, he would help her with her bills when she became delinquent. He would help her balance her checkbook and he would assist her with the preparation of her income tax returns. Indeed, when Chevelle Tingen moved her residence, Defendant Schopf and one of his friends assisted in the move. Defendant Schopf even drove Plaintiff Tingen to see her sister in Virginia.

This friendship evolved into a consentual sexual relationship. Defendant Schopf and Plaintiff Tingen participated in the consensual sexual relationship for a period of years and would go dancing at night clubs in Lancaster. In addition, Defendant Schopf would visit Plaintiff Tingen at her residence wherein they would have sexual contact. In early 2000, Tingen and Schopf's relationship became strained and continued to deteriorate through July 2000.

On July 19, 2000, Tingen resigned her employment with the Ecklin Group. In her letter of resignation, for the first time, Tingen claimed sexual harassment as the cause of her resignation. This is the first time that Defendant Ecklin, or any member of management of the Ecklin Group, became aware of any claim of sexual harassment. While Defendant Ecklin attempted to investigate the charge of sexual harassment, Plaintiff has already resigned her employment.

Not until January 2001, five months after Tingen quit, was Defendant Robert Ecklin told of the consentual sexual relationship between two of his employees. Obviously, by this time, the relationship had ended.

2

05/17/04/SL1 445530v1/40509.001

                        Respectfully submitted,

                        STEVENS & LEE

                        By:/s/ Joseph D. Shelby
                            Gary D. Melchionni
                            Joseph D. Shelby
                            Suite 602
                            25 North Queen Street
                            Lancaster, PA 17603

Dated:  May 17, 2004                  Attorneys for Defendants

Case 2:02-cv-04663-JKG    Document 60    Filed 05/17/2004    Page 4 of 4

4