IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CHEVELLE TINGEN, | : |
|         Plaintiff | : |
| | : |
|   v. | : CIVIL ACTION No. 02-4663 |
| | : |
| ROBERT L. ECKLIN, JR. Individually and | : |
| Doing business as ECKLIN DEVELOPMENT | : |
| GROUP and DENNIS SCHOPF, | : |
|         Defendants | : |

**PLAINTIFF'S SUMMARY FOR TRIAL**

Defendant Robert Ecklin, Jr. owns extensive commercial and residential property in Lancaster County doing business as Ecklin Development Group. The real estate investment company includes property worth in the millions of dollars including 78 residential units, commercial property and retail businesses. Defendant Robert Ecklin, Jr. owns Stoner Inc., a commercial enterprise located in Lancaster County. Stoner Inc. was a business started by Defendant Robert Ecklin's father. From 1995 until July 19, 2000, Defendant Ecklin employed Plaintiff Chevelle Tingen to clean his properties. Plaintiff's worked a full time shift and ten hours of overtime a week. Her usual work schedule was afternoon until midnight.

Defendant Dennis Schopf was Plaintiff's direct supervisor. Defendant Schopf is the Maintenance Supervisor for Ecklin Development Group. During Plaintiff's tenure of employment at Ecklin Development, Defendant Schopf's usual work hours were 7:00 am until 4:00 pm.

Beginning 1996, Defendant Schopf demanded that Plaintiff engage in sexual acts of intercourse and oral sex. Defendant Schopf would return after his usual work hours when the Greist Building was closed to stalk Plaintiff while she worked. Defendant Schopf would

1

confront and assault Plaintiff in the empty, secluded offices and restrooms. The defendant would not accept "NO". He threatened Plaintiff's job security and conditions of employment if she refused him or reported the abuse to their employer. On many occasions he was intoxicated and would taunt Plaintiff calling her the "Bitch From Hell". Plaintiff was young, vulnerable, powerless and broken. She does not have a high school education. Plaintiff was abused as a child. Plaintiff had initially trusted Defendant as a caring supervisor. Defendant welded his power and control over Plaintiff taking full advantage of her insecurities.

Defendant Ecklin does not post a company sexual harassment policy and procedure. Plaintiff sought the help and guidance from the sexual assault unit of the Lancaster YWCA. She kept a diary of the assaults and harassment to bolster her credibility. On July 19, 2000, Plaintiff informed Defendant Robert Ecklin that she resigned from employment because of the ongoing sexual harassment from Defendant Schopf. The resignation was the only means to stop the daily assaults. Defendant Ecklin constructively discharged Plaintiff from employment.

Defendant Schopf admits that he sexually assaulted Plaintiff until the day that Plaintiff resigned. Defendant Schopf lied to his employer and otherwise refused to cooperate with a purported investigation. Defendant Ecklin continues to employ Defendant Schopf. Defendant Schopf was not disciplined. Defendant Schopf receives annual raises and bonuses. Defendant Ecklin failed to act to remedy the work place.

Plaintiff has suffered lost income and great emotional distress. Plaintiff is on medication and in therapy. Defendants jointly and separately are liable for actual losses suffered by Plaintiff as well as compensatory damages for pain and suffering, punitive damages and attorney's fees and costs.