IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CHEVELLE TINGEN,<br>　　　　　Plaintiff | :<br>:<br>: |
| v. | : CIVIL ACTION No. 02-4663<br>: |
| ROBERT L. ECKLIN, JR. Individually and<br>Doing business as ECKLIN DEVELOPMENT<br>GROUP and DENNIS SCHOPF,<br>　　　　　Defendants | :<br>:<br>:<br>: |

**PLAINTIFF'S OBJECTIONS
TO DEFENDANTS' SUPPLEMENTAL JURY INSTRUCTIONS**

　　　AND NOW comes the Plaintiff, Chevelle Tingen, by and through her counsel, Nina B. Shapiro, Esquire and files the following objections to the Defendants' supplemental proposed jury instructions.

　　　　　　　　　　　　　　　　　　　　　Respectfully submitted,


　　　　　　　　　　　　　　　　　　　　　Nina B. Shapiro, Esquire
　　　　　　　　　　　　　　　　　　　　　Attorney for Plaintiff   ID#44040
　　　　　　　　　　　　　　　　　　　　　53 N. Duke Street, Suite 201
　　　　　　　　　　　　　　　　　　　　　Lancaster, PA  17602
　　　　　　　　　　　　　　　　　　　　　717-399-8720

1

1.     Having instructed you on the general rules that you are to govern your deliberations, I will now turn to the substantive law that you are to apply to this case. The claim before you is based upon a statute known as Title VII of the Civil Rights Act of 1964 ("Title VII") and a parallel state statute known as the Pennsylvania Human Relations Act ("PHRA"). Those laws make it unlawful for an employer to intentionally discriminate against an employee because of the person's gender. Ms. Tingen claims that she was sexually harassed in violation of the statute. She claims she was sexually assaulted while at work two to three times a week by her Supervisor, Dennis Schopf, beginning in early 1996 until she quit her employment on July 19, 2000. Defendant Shopf denied he sexually assaulted Ms. Tingen and claims they had a sexual affair during this four (4) year period. Defendant Ecklin Group denied knowledge of any sexual harassment or consensual affair during the relevant time period.

**OBJECTION:** The instruction is confusing and misleading. The instruction is not a fair interpretation of the statutes. The PHRA is broader in scope than Title VII. The PHRA sets forth individual liability for unlawful discriminatory practices. See *Dici v. Com. of Pa.* Individual supervisory employees can be held liable under PHRA. See *Davis v. Levy, Angstreih, Finney, Baldante*. Furthermore, the testimony of Defendant Schopf has been contradictory. Finally, Plaintiff's employer was Robert Ecklin, Jr individually and doing business as Ecklin Development Group. The employer must be identified as Robert Ecklin, Jr. and Defendant identified as Robert Ecklin, Jr.

2. The plaintiff alleges that Ecklin Group violated Title VII, subjecting her to a sexually hostile work environment during her employment with Ecklin Group. To prove a gender-based, hostile work environment existed, the plaintiff must prove that: (1) she suffered intentional discrimination because of her sex; (2) the discrimination was pervasive and regular; (3) the discrimination detrimentally affected the plaintiff; and (4) the discrimination would detrimentally affect a reasonable person of the same sex in that position. For plaintiff to prevail on this claim, she must prove each and every one of the four elements described above.

Furthermore, plaintiff must prove that the conduct was unwelcome.

**OBJECTION**: Plaintiff's employer was Robert Ecklin, Jr individually **and** doing business as Ecklin Development Group. The employer must be identified as Robert Ecklin, Jr. Agree to modify to read Defendant Robert Ecklin, Jr.

Defendants omit the fifth requirement 5) the existence of respondeat superior liability. See *Andrews v. City of Philadelphia*, 895 F.2d 1469, 1482 (3d Cir. 1990).

3. For Plaintiff to be able to show a violation of the law, she must prove she was subjected to a sexually objectionable environment that is both objectively and subjectively offensive. This means it must be one that a reasonable person would find hostile or abusive, and one that Tingen in fact did perceive to be so. If the conduct was welcomed by Tingen, it was not subjectively offensive.

**OBJECTION**: Plaintiff objects to the sentence "If the conduct was welcomed by Tingen, it was not subjectively offensive" as misleading and confusing. Plaintiff agrees to modify the instruction to omit final sentence.

4. The Plaintiff must also prove that the alleged sexually hostile conduct detrimentally affected her personally. This is a subjective analysis, which requires the plaintiff to prove that the alleged harassment was sufficiently severe or pervasive to alter the conditions of her employment and create an abusive work environment for her. In making this determination, you may examine the nature of the work environment itself and whether the plaintiff participated in the offensive conduct or similar conduct. You may also consider whether and when the plaintiff told Rob Ecklin, through realistic efforts delivered with urgency, sincerity or force, that she considered such conduct offensive and unwelcome.

If you find that plaintiff's work environment did not detrimentally affect her personally, you must find for Ecklin Group on plaintiff's hostile work environment claim.

**OBJECTION**: Plaintiff's employer was Robert Ecklin, Jr individually **and** doing business as Ecklin Development Group. The employer must be identified as Robert Ecklin, Jr. Agree to modify to read Defendant Robert Ecklin, Jr.

Plaintiff objects that this instruction is misleading, confusing and fails to properly state the law or match the relevant facts at issue. Plaintiff was sexually assaulted at work by her supervisor. The Third Circuit has held that "discrimination is implicit in cases involving 'sexual propositions, innuendo, pornographic materials, or sexual derogatory language'…In such cases, the intent to discriminate 'should be recognized as a matter of course.'" *Suders v. Easton*, 325 F.3d 432, 441 (3d Cir. 2003), *cert. granted*, 157 L.Ed. 2d 692, 124 S.Ct. 803 (2003) (quoting *Andrews v. City of Philadelphia*, 895 F.2d 1469, 1482, n.2 (3d Cir. 1990).

5.   Negligent Retention:  The legal term "negligence," otherwise known as carelessness, is the absence of ordinary care that a reasonably prudent person would use in the circumstances presented here.  Negligent conduct may consist either of an act or a failure to act when there is a duty to do so.  In other words, negligence is the failure to do something that a reasonably careful person would do, or doing something that a reasonably careful person would not do, in light of all the surrounding circumstance established by the evidence in this case.  It is for you to determine how a reasonably careful person would act in those circumstances.

<u>In this case, plaintiff claims that Robert Ecklin and the Ecklin Group were negligent in their retention and/or supervision of Dennis Schopf as an employee.  You must determine whether the employer (i.e., Ecklin Group) knew, or in the exercise of ordinary care, should have known of the necessity for exercising control over Mr. Schopf.  In other words, the inquiry focuses on whether the harm was reasonably foreseeable to the employer.</u>

**OBJECTION:**   Plaintiff's employer was Robert Ecklin, Jr individually **and** doing business as Ecklin Development Group.  The employer must be identified as Robert Ecklin, Jr.

Plaintiff objects to that portion of the proposed instruction which defendants added to the model instruction.  Defendant Robert Ecklin retains Dennis Schopf as an employee to the present and rewards the derelict employee with annual raises and yearly bonuses.  Defendant Robert Ecklin acted or failed to act knowing that Dennis Schopf was insubordinate, untruthful, deceitful, and abusive.  Supervisor Dennis Schopf tormented Plaintiff until she was forced to quit.  Employee Zulma Cora executed a statement that Supervisor Dennis Schopf re-entered the Greist Building after hours in an intoxicated state and stalked Plaintiff while she attempted to perform her housekeeping duties.  Supervisor Schopf refused to cooperate with his

6

employer's investigation. Six months after the investigation, Supervisor Dennis Schopf admits to his employer Robert Ecklin Jr. that he had sex with Plaintiff BUT Schopf states that the sexual activity ceased two years before Plaintiff resigned. Dennis Schopf now admits that he performed sexual acts on Plaintiff until she was forced to resign on July 19, 2000.

6.   The fact that I instruct you on the issue of damages must not be taken as an indication that you should decide for the plaintiff.  It is for you to decide on the evidence presented and the rules of law I have given you whether the plaintiff is entitled to recover anything from Ecklin Group with respect to her claims of a hostile work environment.  Only if you decide that the plaintiff was subjected to a sexually hostile work environment should you then consider the measure of damages.

Plaintiff is seeking compensatory damages for the harm she allegedly suffered.  To recover compensatory damages, the plaintiff must prove by a preponderance of the evidence that she suffered actual injury as a result of Ecklin Group's actions.  The issue is not whether the plaintiff suffered harm as a result of the actions taken by her fellow employees or supervisors.  Remember the only defendant is Ecklin Group.  Thus, the critical question is whether the plaintiff suffered harm as a result of Ecklin Group's actions.

Plaintiff alleges she suffered emotional harm as a result of Ecklin Group's actions.  You are not to presume the plaintiff suffered emotional harm simply because she may have been a victim of discrimination.  The existence, nature, and severity of emotional harm must be proved by the plaintiff.  Possible or speculative harm is not enough.

To be entitled to damages for emotional harm, plaintiff must first prove, by direct and substantial evidence, that she suffered emotional harm.  In other words, plaintiff must present actual evidence of mental anguish such as sleeplessness, anxiety, embarrassment or depression.  If plaintiff proves she suffered such emotional harm, she must then prove the harm was caused by discrimination.  Finally, a damage award for emotional harm must be limited to the sum necessary to compensate the plaintiff for any actual emotional harm she may have suffered.

**OBJECTION**: Plaintiff's employer was Robert Ecklin, Jr individually **and** doing business as Ecklin Development Group. The employer must be identified as Robert Ecklin, Jr.

The instruction is confusing, misleading and fails to correctly state the law. Plaintiff was constructively discharged from employment. Plaintiff suffered quid pro quo harassment that culminated in the loss of employment. This case is not merely a sexually hostile work environment but unrelenting sexual assaults by Plaintiff's supervisor.

Defendant Robert Ecklin is in fact liable for the acts of his supervisor pursuit to respondeat superior liability. Defendant Robert Ecklin did not publish a company sexual harassment policy. Defendant Robert Ecklin cannot avail himself of the Ellerth/Faragher defense. The defense is not available if the alleged harasser is the plaintiff-employee's "supervisor" and the harassment culminates in a "tangible employment action". See *Faragher v. City of Boca Raton*, 524 U.S. 775, 141 L.Ed. 2d 662, 118 S.Ct. 2275 (1998); *Burlington Industries, Inc. v. Ellerth*, 524 U.S. 742, 765, 118 S.Ct. 2257 (1998). Pursuant to Third Circuit precedent, a constructive discharge constitutes a tangible employment action. See *Suders v. Easton*, 325 F.3d 432 (3d Cir. 2003).

7.  If you determine that the Defendant discriminated against the Plaintiff on the basis of her gender and you determine that she was constructively discharged, then you must determine the amount of damages that the Plaintiff has sustained as a result of the Defendants' conduct.  In that event, Plaintiff is entitled to receive damages in an amount equal to the pay that she should have received from the Defendant Ecklin Group had she not been constructively discharged, measured from the date of the discharge until today.  You must deduct from this sum the wages that Plaintiff earned during this time period or could have earned with reasonable diligence.

**OBJECTION**:  This instruction improperly recites the relevant law.  Plaintiff was subjected to sex harassment.  This case is not limited to gender discrimination as recited in defendants' proposed instruction.

Plaintiff's damages under Title VII and the PHRA are not limited to lost pay as recited in defendants' proposed instruction.  Plaintiff is entitled to punitive damages under Title VII.  Plaintiff is entitled to compensatory damages under the PHRA.

8. (Proposed Jury Instruction No. 7)

In addition to actual damages, the law allows, but does not require, an award of punitive damages.

Punitive damages are awarded to punish a defendant for alleged unlawful conduct as well as to deter others from the unlawful conduct. Punitive damages are available only where the defendant acted with malice or with reckless indifference to the protected rights of the plaintiff. Remember that the defendant for purposes of punitive damages in this case is Ecklin Group, not its supervisors or employees. Even if you believe that a certain individual employee should be punished, you may not award punitive damages against Ecklin Group unless you determine that the plaintiff has shown that Ecklin Group itself acted with malice. Furthermore, a finding of liability against Ecklin Group does not, in itself, entitle the plaintiff to an award of punitive damages. A number of factors may be considered to determine whether Ecklin Group's conduct was committed with malice or reckless indifference, including:

(1) whether Ecklin Group's conduct was shocking or offends the conscience;

(2) the nature, extent, and severity of the harm to the plaintiff;

(3) the duration or frequency of Ecklin Group's conduct;

(4) Ecklin Group's indifference to the plaintiff's federally protected rights.

Any award of punitive damages should bear some relation to the character of Ecklin Group's action, or failure to act, along with the nature and extent of the harm that Ecklin Group may have caused to the plaintiff. You must not be influenced by sympathy for or dislike of a party in the case when determining these damages. Subject to the principles I have just described, it is within your discretion to award or withhold punitive damages in this case.

**OBJECTION**:  Plaintiff's employer was Robert Ecklin, Jr individually **and** doing business as Ecklin Development Group.  The employer must be identified as Robert Ecklin, Jr.

The instruction improperly states the relevant law.  Employer Robert Ecklin, Jr. is liable for the acts of his supervisor pursuit to respondeat superior liability.  Defendant Robert Ecklin did not publish a company sexual harassment policy.  Defendant Robert Ecklin cannot avail himself of the Ellerth/Faragher defense.  The defense is not available if the alleged harasser is the plaintiff-employee's "supervisor" and the harassment culminates in a "tangible employment action".  See *Faragher v. City of Boca Raton*, 524 U.S. 775, 141 L.Ed. 2d 662, 118 S.Ct. 2275 (1998); *Burlington Industries, Inc. v. Ellerth*, 524 U.S. 742, 765, 118 S.Ct. 2257 (1998).  Pursuant to Third Circuit precedent, a constructive discharge constitutes a tangible employment action.  See *Suders v. Easton*, 325 F.3d 432 (3d Cir. 2003).